THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEOPLECONNECT, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:21-cv-01222-MJP<br><br>**FIRST AMENDED COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## I.  NATURE OF ACTION

1.  Plaintiff John Boshears ("Plaintiff") and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant Peopleconnect.com ("Defendant" or "Classmates") or the website it owns and operates, Classmates.com. Plaintiff and the Class have never used Classmates.com, nor did they provide their names, photographs, or any other personal information to Classmates.

2.  Plaintiff was seriously distressed to discover that Classmates is using decades-old photographs of Plaintiff and the Class as minor children to advertise paid subscriptions to Classmates.com.

FIRST AMENDED COMPLAINT—CLASS ACTION - 1
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

3. Plaintiff and the Class did not consent to Classmates using their photographs to promote Classmates.com subscriptions and products, nor did they consent to Classmates sharing their photographs as minors to a worldwide audience on the Internet.

4. Classmates uses the Plaintiff's and Class members' personalities in multiple advertising techniques, all of which involve displaying the Plaintiff's and Class members' photographs in low-resolution and volume-limited formats for free. Classmates promises the viewer that purchasing a paid subscription to Classmates.com will reveal the full versions of Plaintiff's and Class members' photographs and personal information. A paid subscription will also deliver many additional services.

5. Classmates provides a publicly accessible landing page on which a visitor may search by name and location for any person. In response to searches for the Plaintiff's and Class members' names, Classmates delivers a list of photographs in its possession showing the Plaintiff's and Class members' faces.

6. In the first of its advertising techniques, Classmates initially displays low-resolution versions of Plaintiff's and the Class members' photographs. Users who click on photograph looking for a higher-resolution photograph are shown two pop-up messages asking them to register for a Classmates.com membership at a cost of $3 per month.

7. In the second of Classmates' advertising techniques, users who attempt to view more than two of Plaintiff's and the Class members' photographs are shown a pop-up message asking them to purchase a yearbook reprint for $99.95.

8. In the third of its advertising techniques, Classmates displays messages adjacent to the Plaintiff's and Class members' photographs soliciting the purchase of a Classmates subscription for "as low as $1.23 a month."

9. By using Plaintiff's and Class members' photographs as minor children in its advertising, Classmates misleads the public into believing Plaintiff and Class members are Classmates.com users, willingly shared their personal information with Classmates.com, and

FIRST AMENDED COMPLAINT—CLASS ACTION - 2
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

endorse Classmates' subscriptions and products. In fact, Plaintiff and the Class have no relationship with Classmates, had no knowledge their photographs as minors were being used, and do not approve of Classmates' use of their personalities to advertise Classmates subscriptions and products. Classmates' website and advertisements fail to disclose that Plaintiff and the Class are unaffiliated with Classmates.

10.   Classmates does not present Plaintiff's and Class members' photographs as "samples" advertising the purchase of the photographs themselves. Classmates uses Plaintiff's and Class members' names and photographs to advertise subscriptions to Classmates.com and yearbook reprints. A Classmates.com subscription includes far more than access to the photograph Classmates used to advertise the subscription. At a cost of $3 per month, a subscription to Classmates.com delivers a wide range of services, including: access to full-resolution student photographs from hundreds of thousands of yearbooks; visibility into who has visited the subscriber's profile; and the ability to read and reply to messages sent by other subscribers. Similarly, users who purchase yearbook reprints receive many pages of content, most of which does not contain the Plaintiff's and Class members' photographs.

11.   Classmates is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. Classmates does not host user-generated content on any part of the website relevant to this lawsuit. Classmates is the sole curator, designer, and creator of the content described in this Complaint.

12.   Plaintiff does not know how Classmates obtained his photographs as a child. Classmates' website states the photographs were originally printed in school yearbooks but does not disclose how Classmates obtained copies of Plaintiff's and Class members' school yearbooks.

13.   Classmates misappropriated Plaintiff's and Class members' photographs without permission from the Plaintiff or the Class, the photographers who took the pictures, the authors who created the school yearbooks, or the publishers of the school yearbooks.

FIRST AMENDED COMPLAINT—CLASS ACTION - 3
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Classmates does not hold copyright in Plaintiff's or Class members' yearbooks, nor does it have permission from the copyright holder to republish or distribute Plaintiff's or Class members' yearbooks.

14. Consent is not all or nothing. As minors, Plaintiff and the Class had their photographs taken for school yearbooks intended solely for print distribution among a narrow circle of friends, family, and schoolmates. Plaintiff's yearbooks were originally produced decades ago when the Internet was in its infancy. Plaintiff and the Class did not consent to the commercial use of their photographs to promote a website, nor to the worldwide distribution of their photographs on the Internet.

15. Classmates fails to provide any mechanism by which Plaintiff or the Class may request that their photographs and personal information be removed from Classmates' website. Nor does Classmates allow Plaintiff or the Class to opt out of the use of their photographs as minors in advertisements for subscriptions and yearbook reprints.

16. Indiana law recognizes the intellectual property and privacy rights of Indiana citizens in controlling the use of their names, voices, photographs, images, likenesses, and personalities for commercial purposes.

17. By using Plaintiff's and Class members' photographs, names, and personal information in advertisements for website subscriptions and yearbook reprints without consent, Classmates has violated their intellectual property and privacy rights. Plaintiff and the Class have the right not to have their personalities exploited to promote a product with which they have no relationship and no interest in supporting. Plaintiff and the Class have an economic interest in their personalities, which Classmates has stolen, and a privacy interest in their personalities, which Classmates has violated.

18. By these actions, Classmates has violated the Indiana Right of Publicity, codified in Ind. Code § 32-36-1 and Indiana common law prohibiting misappropriation of a name or likeness. Plaintiff and the Class have suffered injury through the unlawful taking of

FIRST AMENDED COMPLAINT—CLASS ACTION - 4
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through Classmates' unlawful profiting through its exploitation of their personal information; and through harm to peace of mind. Plaintiff and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personalities, restitution of the value of their personalities, an injunction prohibiting Classmates' unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## II. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA"), because: (A) members of the putative class are citizens of a state different from at least one defendant. Defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The Plaintiff and Class members are residents of Indiana; (B) the proposed Class consists of at least 100 members. Classmates advertises that its yearbook collection includes "over 400,000 yearbooks," photographs from all of which are used in the advertising techniques described in this Complaint. While Classmates does not publish statistics breaking down the number of photographs by state, a conservative estimate places the number of photographs of Indiana residents in the millions; and (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Ind. Code § 32-36-1-10 provides for damages equal to the greater of $1,000 per violation or "actual damages, including profits derived from the unauthorized use," plus treble and/or punitive damages if the use is "knowing, willful, or intentional." Because Classmates is using millions of photographs of Indiana residents to advertise its website, the amount in controversy is well over the jurisdictional limit.

20. This Court has general personal jurisdiction over Classmates because its headquarters and principal place of business is in this state and district.

FIRST AMENDED COMPLAINT—CLASS ACTION - 5
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

21.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

### III.  PARTIES

22.     Plaintiff John Boshears is a citizen of Indiana. Mr. Boshears resides in Bloomington, Indiana. Mr. Boshears has never visited, used, or subscribed to the website Classmates.com. Mr. Boshears attended high school at Bedford-North Lawrence High School in Bedford, Indiana. Classmates is in possession of at least four photographs of Mr. Boshears, which it appears to have acquired from his high school yearbooks, and which it uses to advertise subscriptions to Classmates.com without his consent.

23.     Defendant PeopleConnect, Inc. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," "InstantCheckmate," "Intelius," and other brand names associated with websites and services it owns and operates. Defendant owns and operates the website www.classmates.com. Plaintiff refers to the Defendant and the website www.classmates.com collectively as "Classmates."

### IV.  FACTUAL ALLEGATIONS

24.     Plaintiff John Boshears has no relationship with Classmates. He has never used Classmates.com.

25.     Mr. Boshears did not give consent to Classmates to use his photographs, likeness, name, or personality in any way. Had Classmates requested his consent, Mr. Boshears would not have provided it.

26.     Mr. Boshears highly values his personal privacy, and his ability to control and prevent the commercial use and distribution of his likeness without his consent.

27.     Classmates uses Mr. Boshears's photographs as a minor child in advertisements promoting its website and yearbook reprints. Classmates possesses at least four photographs of

FIRST AMENDED COMPLAINT—CLASS ACTION - 6
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  Mr. Boshears it uses for this purpose. The photographs clearly identify Mr. Boshears. His face is plainly visible and identifiable. The photographs are subtitled with his name and accompanied by information identifying Mr. Boshears's city of residence and high school. Mr. Boshears's age at the time of the photographs ranges from fifteen to eighteen years old.

28.   One of the photographs of Mr. Boshears on Classmates' website is shown below. Throughout this Complaint, Plaintiff's counsel used image-editing software to obscure Plaintiff's face and the faces of other students at his high school to protect their privacy. In the originals, the faces are plainly visible and identifiable.[1]



---

[1] All of the screenshots displayed in this Complaint were obtained by Plaintiff's counsel using accounts for which counsel opted out of the arbitration provision contained in the Classmates.com "Terms of Service." Plaintiff's counsel created these accounts solely for the investigation of this and similar lawsuits. Plaintiff's counsel received no instructions from Plaintiff to create these accounts. Plaintiff's counsel received no instructions from Plaintiff to agree to arbitration, nor to otherwise sacrifice Plaintiff's right to pursue relief in court.

FIRST AMENDED COMPLAINT—CLASS ACTION - 7
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

29.     Classmates.com provides a publicly accessible page on which users may search by name and location for Mr. Boshears.



FIRST AMENDED COMPLAINT—CLASS ACTION - 8
NO. 2:21-cv-01222-MJP

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

30. Users who search for Mr. Boshears receive in response a list of results, which include the photographs depicting Mr. Boshears as a minor.

[Screenshot of classmates.com Yearbooks search results page showing "19 results" for "john bosheasrs" filtered by Indiana, Bedford, School, 1990s, Year. Results include:
- 1997 Yearbook: page 26, Bedford-North Lawrence High School | Bedford, IN, ...John Boshears... More results from: this school | this yearbook
- 1998 Yearbook: page 9, Bedford-North Lawrence High School | Bedford, IN, ...John Boshears... More results from: this school | this yearbook]

FIRST AMENDED COMPLAINT—CLASS ACTION - 9
NO. 2:21-cv-01222-MJP

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

31. Classmates uses Mr. Boshears's photographs in three advertising techniques designed to sell website subscriptions and yearbook reprints.

32. In the first of Classmates' advertising techniques, users who click on any of the photographs of Mr. Boshears seeking higher-resolution versions receive a pop-up message asking the user to register with the site "to view full-size yearbooks." The user must interact with the pop-up to continue viewing Mr. Boshears's photographs.



FIRST AMENDED COMPLAINT—CLASS ACTION - 10
NO. 2:21-cv-01222-MJP

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

33. Once users have clicked "Submit," Classmates displays a screen soliciting the purchase of a paid subscription to Classmates.com for $3 per month.



FIRST AMENDED COMPLAINT—CLASS ACTION - 11
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

34. In the second of Classmates' advertising techniques, users who attempt to view more than two of Mr. Boshears's photographs receive a pop-up message soliciting the purchase of a yearbook reprint for $99.95. The user must interact with the pop-up to continue viewing Mr. Boshears's photographs.



FIRST AMENDED COMPLAINT—CLASS ACTION - 12
NO. 2:21-cv-01222-MJP

**Turke & Strauss LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

35. In the third of Classmates' advertising techniques, Classmates displays banner ads adjacent to the search results containing Mr. Boshears's photographs. The banner ads solicit the purchase of a subscription to Classmates, stating "It's time to Upgrade!" and prompting the user to click a button marked "Start here." Users who click this button are brought to a page soliciting a subscription to Classmates.com for $3 per month.



FIRST AMENDED COMPLAINT—CLASS ACTION - 13
NO. 2:21-cv-01222-MJP

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

36. Classmates' sole purpose in using Mr. Boshears's photograph, name, and personal information on its website is to solicit the purchase of paid subscriptions and yearbook reprints.

37. Mr. Boshears does not know how Classmates obtained his photographs as a minor child between the ages of fifteen and eighteen. The photographs appear to have been stolen from the yearbooks Mr. Boshears's high school produced for students and family in the years 1995, 1996, 1997, and 1998.

38. Classmates misappropriated Mr. Boshears's photographs without permission from Mr. Boshears, the photographer who took his pictures, the authors who created his high school yearbooks, or the publishers of his high school yearbooks. Classmates does not hold a copyright in yearbooks from Mr. Boshears's high school (Bedford-North Lawrence High School in Bedford, Indiana), nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs contained therein.

39. Mr. Boshears has intellectual property and privacy interests in his photograph, name, likeness, and personality recognized by Indiana statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without his permission.

40. Classmates has injured Mr. Boshears by taking his intellectual property without compensation; by invading his privacy rights protected by statute and by common law; and by unlawfully profiting from its exploitation of his personal information.

41. Classmates' illegal actions caused Mr. Boshears mental injury and disturbed his peace of mind. Upon learning about Classmates' actions, Mr. Boshears was upset and disturbed by Classmates' use of his name and photograph without his consent. Mr. Boshears believes his likeness is rightly his to control. Classmates' illegal use has left him worried and uncertain about his inability to control how his name and personality is used. Mr. Boshears feels that Classmates' use of his photograph and name is an alarming invasion of his privacy. Mr. Boshears is deeply uncomfortable in the knowledge that Classmates is distributing his

FIRST AMENDED COMPLAINT—CLASS ACTION - 14
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

name and photographs as a minor child publicly on the Internet for a commercial purpose to a worldwide audience.

## V.  CLASS ACTION ALLEGATIONS

42. Plaintiff asserts claims on behalf of himself and a class of Indiana residents who are not subscribers of Classmates.com and whose names, photographs, and/or personal information Classmates extracted from yearbooks and incorporated into the yearbook database Classmates uses to promote its products. Excluded from the proposed class are: Plaintiff's counsel; Classmates, its officers and directors, counsel, successors, and assigns; any entity in which Classmates has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

43. The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds of individuals. Even accounting for the fact that only a portion of the photographs depict Indiana residents, and that the class excludes current Classmates subscribers, the class likely numbers in the millions.

44. There are significant questions of fact and law common to the members of the class. These issues include:

   a. Whether Classmates' extraction and aggregation of personal information about Plaintiff and the Class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this Complaint, constitutes the use of individuals' personalities for commercial purposes without previous written consent within the meaning of Ind. Code § 32-36-1-8;

   b. Whether Plaintiff and the Class gave written consent to the use of their names, photographs, images, likenesses, and personalities to promote Classmates'

FIRST AMENDED COMPLAINT—CLASS ACTION - 15
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

products as required by Ind. Code § 32-36-1-8;

  c. Whether Classmates is a news reporting or entertainment medium, *see* Ind. Code § 32-36-1-4;

  d. Whether Classmates' commercial use of the names, photographs, images, likenesses, and personalities of Plaintiff and the Class was knowing, willful, or intentional such that Plaintiff and the Class are entitled to treble and punitive damages under Ind. Code § 32-36-1-10;

  e. Whether Classmates' conduct as described in this Complaint violates Indiana common law prohibiting misappropriation of a name or likeness; and

  f. Whether Plaintiff and Class members are entitled to the injunctive, declaratory monetary, and other relief requested in this Complaint.

45. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by Classmates' misappropriation and misuse of their identifies, names, photographs, images, likenesses, personalities, and other personal information.

46. The proposed class representative will fairly and adequately represent the proposed Class. The class representative's claims are co-extensive with those of the rest of the Class. Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

47. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a

FIRST AMENDED COMPLAINT—CLASS ACTION - 16
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

dispute concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

48. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

49. The proposed class action may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
**Violation of Indiana's Right of Publicity Statute**
**(Ind. Code. § 32-36-1-8)**

50. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Indiana's right of publicity statute prohibits the use of any "aspect of a personality's right of publicity for a commercial purpose . . . without having obtained previous written consent." Ind. Code. § 32-36-1-8.

52. By engaging in the forgoing acts and omissions, Classmates used aspects of Plaintiff's and Class members' personalities, including their names, photographs, images, likenesses, and distinctive appearances, for commercial purposes without consent. These aspects of Plaintiff's and Class members' personalities have commercial value.

53. Each use of a Class members' photograph and personality is a separate and distinct violation of Ind. Code. § 32-36-1-8.

54. The following facts and events occurred within Indiana: Classmates' misappropriation of Plaintiff's and Class members' photographs from Indiana school

FIRST AMENDED COMPLAINT—CLASS ACTION - 17
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

yearbooks; Classmates' failure to obtain the required consent from Plaintiff and Class members in Indiana; Classmates' display of Plaintiff's and Class members' photographs in advertisements displayed on Classmates' website to users in Indiana; and the injury to Plaintiff's and Class members' intellectual property and privacy rights, which are harms felt in Indiana. *See* Ind. Code § 32-36-1-1(a).

55. Ind. Code § 32-36-1-10 provides that a person who violates the statute is liable for (1) statutory damages in the amount of $1,000; (b) "actual damages, including profits derived from unauthorized use," if this amount is greater than $1,000; and (c) "[t]reble or punitive damages, as the injured party may elect, if the violation . . . is knowing, willful, or intentional."

56. As a result of Classmates' violation of Ind. Code. § 32-36-1-8, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class members have been denied the economic value of their personalities, which Classmates misappropriated without compensation to Plaintiff and the Class. Plaintiff and the Class members were denied their statutorily protected right to refuse consent and protect their privacy. Plaintiff and the Class members suffered emotional disturbance from the misappropriation and misuse of their personalities.

57. Plaintiff on behalf of the Class seeks: actual damages, including Classmates' profits from its misuse; statutory damages; compensatory damages for the royalties Classmates failed to pay; treble and punitive damages in light of Classmates' knowing, willful, and intentional misuse; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting Classmates' illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION
**Violation of Indiana Common Law Tort – Misappropriation of Name and Likeness**

58. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

FIRST AMENDED COMPLAINT—CLASS ACTION - 18
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

59. Indiana common law recognizes the tort of appropriation of a name or likeness. The tort creates a cause of action for the appropriation of a likeness by a defendant for the defendant's "own use or benefit." *See, e.g., Felsher v. University of Evansville*, 755 N.E.2d 589 (Ind. 2001).

60. By engaging in the forgoing acts and omissions, Classmates misappropriated Plaintiff's and Class members' names and likenesses for its own commercial benefit.

61. As provided for under Indiana common law, Plaintiff, on behalf of the Class, seeks monetary recovery in the amount of the commercial benefit Classmates derived from its misuse of their likeness, as well as the entry of an injunction prohibiting Classmates' tortious acts.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

B. For a declaration that Classmates' acts and omissions constitute a knowing, willful, and intentional misappropriation of names, likeness, photographs, images, and other personal information, and infringe on protected privacy rights, in violation of Indiana law;

C. For nominal damages awarded in recognition of Classmates' violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

D. For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates.com website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

E. For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

FIRST AMENDED COMPLAINT—CLASS ACTION - 19
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

F.   For restitution for Plaintiff and members the class for the value that Defendants derived from misappropriating aspects of their personalities;

G.   For an award of damages, including without limitation damages for actual harm, profits earned by Classmates in using misappropriated photographs to sell subscriptions and yearbook reprints, reasonable royalties for the infringement of Plaintiff and Class members' intellectual property rights; and statutory damages;

H.   For an award of reasonable attorneys' fees and costs incurred by Plaintiff and the Class members; and

I.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 29th day of October, 2021.

TURKE & STRAUSS LLP

By: /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

*Attorney for Plaintiff*

FIRST AMENDED COMPLAINT—CLASS ACTION - 20
NO. 2:21-cv-01222-MJP

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com