The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN BOSHEARS, on behalf of himself and all others similarly situated,

                          Plaintiff,

        v.

PEOPLECONNECT, INC., a Delaware Corporation,

                          Defendant.

Case No. 2:21-cv-01222-MJP

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 AND MEMORANDUM IN SUPPORT

NOTE ON MOTION CALENDAR: January 21, 2022

ORAL ARGUMENT REQUESTED

DEFENDANT'S MOTION TO DISMISS
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................1

ARGUMENT .........................................................................................................2

I.    Plaintiff Has Failed To State A Claim Under IRPA. ..............................2

    A.    Plaintiff Fails To Plead A *Prima Facie* IRPA Claim. ...............2

        1.    Plaintiff Fails To Plead A Violation Occurring Within Indiana. ................3

        2.    Plaintiff Fails To Plead Use For A "Commercial Purpose." ......................4

    B.    Plaintiff's Claim Falls Within IRPA's Exemptions...................6

        1.    The "Newsworthy Value" And "Public Interest" Exemptions Bar Plaintiff's Claim.................................6

        2.    The "Literary Works" Exemption Bars Plaintiff's Claim...........................8

II.   Plaintiff Has Failed To State A Claim For Common-Law Misappropriation. ...................9

III.  Plaintiff's Complaint Is Barred By The Washington Anti-SLAPP Statute. ...................9

    A.    Plaintiff's Suit Attacks PeopleConnect's Exercise Of Its Free Speech Rights. ...................10

    B.    Plaintiff's Suit Attacks Speech "On A Matter of Public Concern." ...................12

    C.    Plaintiff's Suit Is Barred Even If Indiana's Anti-SLAPP Applies.........................13

IV.   Plaintiff Is Bound To Arbitrate His Claims. ........................................14

    A.    Plaintiff's Counsel Agreed To The Classmates.com TOS.....................14

    B.    Mr. Osborn's Agreement To Arbitrate Is Enforceable. ...........14

    C.    Plaintiff Ratified Mr. Osborn's Agreement To Arbitrate And Is Equally Bound. ...................15

    D.    PeopleConnect Should Be Granted Leave To Engage In Limited Discovery, If There Are Open Factual Issues Regarding Plaintiff's Ratification.................................17

V.    Plaintiff's Claims Are Barred By Federal Law..................................17

DEFENDANT'S MOTION TO DISMISS - i
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

A.      The Copyright Act Preempts Plaintiff's Claims. ....................................................17

B.      The First Amendment Bars Plaintiff's Claims......................................................18

C.      The Communications Decency Act Bars Plaintiff's Claims..................................19

CONCLUSION....................................................................................................................20

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA  98101
CORDELL | 206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adsit Co. v. Gustin*,
   874 N.E. 2d 1018 (Ind. Ct. App. 2007)....................................................................14

*Bartnicki v. Vopper*,
   532 U.S. 514 (2001).......................................................................................................18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................3

*Blairex Lab'ys, Inc. v. Clobes*,
   599 N.E.2d 233 (Ind. Ct. App. 1992).........................................................................16

*Bolger v. Youngs Drug Prods. Corp.*,
   463 U.S. 60 (1983)..........................................................................................................18

*Callahan v. Ancestry.com*,
   No. 20-cv-08437, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) ...........................19

*Callahan v. PeopleConnect, Inc.*,
   No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) ...........................17

*CanaRx Servs., Inc. v. LIN Television Corp.*,
   No. 07-cv-1482, 2008 WL 2266348 (S.D. Ind. May 29, 2008)............................13

*CBS Interactive Inc. v. Nat'l Football League Players Ass'n*,
   259 F.R.D. 398 (D. Minn. 2009)................................................................................4, 5

*Cher v. Forum Int'l, Ltd.*,
   692 F.2d 634 (9th Cir. 1982) ...............................................................................18, 19

*Daly v. Nexstar Broad., Inc.*,
   No. 19-cv-00976, ---F.Supp.3d ---, 2021 WL 2410982 (S.D. Ind. June 1,
   2021) ...............................................................................................................................13

*Damon v. Ocean Hills Journalism Club*,
   85 Cal. App. 4th 468 (Cal. Ct. App. 2000) ...........................................................12

*Daniels v. FanDuel, Inc.*,
   109 N.E.3d 390 (Ind. 2018) ........................................................................ *passim*

DEFENDANT'S MOTION TO DISMISS - iii
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Daniels v. Fanduel, Inc.*,
    909 F.3d 876 (7th Cir. 2018) .................................................................5, 8

*Daniels v. FanDuel, Inc.*,
    No. 16-cv-01230, 2017 WL 4340329 (S.D. Ind. Sept. 29, 2017)...................7, 8, 12

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985).................................................................................14

*Del Webb Cmtys., Inc. v. Partington*,
    652 F.3d 1145 (9th Cir. 2011) ....................................................................9

*Dex Media W., Inc. v. City of Seattle*,
    696 F.3d 952 (9th Cir. 2012) ....................................................................10

*Dillinger, LLC v. Elec. Arts Inc.*,
    795 F. Supp. 2d 829 (S.D. Ind. 2011) ..........................................................8

*Dobrowolski v. Intelius, Inc.*,
    No. 17 CV 1406, 2018 WL 11185289 (N.D. Ill. May, 21 2018).........................6

*Doe v. Roe*,
    No. M2020-01277, 2021 WL 2588394 (Tenn. Ct. App. June 24, 2021)...............12

*Goldman v. Reddington*,
    No. 18-CV-3662, 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021) ..........................12

*Gonzalez v. Google LLC*,
    2 F.4th 871 (9th Cir. 2021) ......................................................................20

*Grenier v. Taylor*,
    234 Cal. App. 4th 471 (Cal. Ct. App. 2015) ..................................................12

*Groden v. Random House, Inc.*,
    61 F.3d 1045 (2d Cir. 1995)......................................................................18

*Guideone Ins. Co. v. U.S. Water Sys., Inc.*,
    950 N.E.2d 1236 (Ind. Ct. App. 2011).........................................................16

*Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*,
    773 N.E.2d 881 (Ind. Ct. App. 2002)......................................................15, 17

*Hesse v. Sprint Spectrum, L.P.*,
    No. C06-0592, 2012 WL 37399 (W.D. Wash. Jan. 9, 2012)...............................17

*IMDb.com Inc. v. Becerra*,
    962 F.3d 1111 (9th Cir. 2020) .............................................................11, 12, 18

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Indep. Living Res. Ctr. San Francisco v. Uber Techs., Inc.*,
No. 18-cv-06503, 2019 WL 3430656 (N.D. Cal. July 30, 2019) ...........................................16

*Kimzey v. Yelp! Inc.*,
836 F.3d 1263 (9th Cir. 2016) ...............................................................................19, 20

*Kincaid v. Gibson*,
236 F.3d 342 (6th Cir. 2001) ...............................................................................10, 18, 19

*Knapke v. PeopleConnect Inc.*,
No. C21-262, --- F. Supp. 3d. ---, 2021 WL 3510350 (W.D. Wash. Aug. 10,
2021) ...................................................................................................................17

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ...............................................................................2

*Konrath v. Vance*,
No. 16-cv-02784, 2017 WL 1382778 (S.D. Ind. Apr. 18, 2017)..............................13

*Lazy Y Ranch Ltd. v. Behrens*,
546 F.3d 580 (9th Cir. 2008) .................................................................................5

*McGoveran v. Amazon Web Servs., Inc.*,
C.A. No. 20-1399, 2021 WL 4502089 (D. Del. Sept. 30, 2021) .............................4

*McQuistan v. Marsh*,
790 F.2d 798 (9th Cir. 1986) .................................................................................18

*Montana v. San Jose Mercury News, Inc.*,
34 Cal. App. 4th 790 (Cal. Ct. App. 1995) ...........................................................19

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ...............................................................................14

*Namath v. Sports Illustrated*,
363 N.Y.S.2d 276 (N.Y. Sup. Ct. 1975) .................................................................19

*Nexus Grp., Inc. v. Heritage Appraisal Serv.*,
942 N.E.2d 119 (Ind. Ct. App. 2011).....................................................................13, 14

*Obado v. Magedson*,
Civil No. 13-2382, 2014 WL 3778261 (D.N.J. July 31, 2014) ...............................6

*Pack v. Truth Publ'g Co.*,
122 N.E.3d 958 (Ind. Ct. App. 2019).....................................................................13

*Reed v. Town of Gilbert*,
576 U.S. 155 (2015).................................................................................................18

DEFENDANT'S MOTION TO DISMISS - v
2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Rojas v. GoSmith, Inc.*,
   No. 17-CV-281, 2020 WL 831585 (N.D. Ind. Feb. 20, 2020) ...............................17

*Ruiz v. Harbor View Cmty. Ass'n*,
   134 Cal. App. 4th 1456 (Cal. Ct. App. 2005) ........................................................12

*Sarver v. Chartier*,
   813 F.3d 891 (9th Cir. 2016) .................................................................................18

*SelectSun GmbH v. Porter, Inc.*,
   338 F. Supp. 3d 905 (N.D. Ind. 2018) .......................................................15, 16, 17

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ...................................................................................3

*Sorrell v. IMS Health Inc.*,
   564 U.S. 552 (2011) ...............................................................................................18

*United States v. United Foods, Inc.*,
   533 U.S. 405 (2001) ...............................................................................................11

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
   425 U.S. 748 (1976) ...............................................................................................11

*Valesh v. Bajco Int'l, LLC*,
   No. 20-CV-28, 2021 WL 4876202 (N.D. Ind. Oct. 19, 2021) ...............................14

*Vrdolyak v. Avvo, Inc.*,
   206 F. Supp. 3d 1384 (N.D. Ill. 2016) ...................................................................10

*William O'Neil & Co. v. Validea.com Inc.*,
   202 F. Supp. 2d 1113 (C.D. Cal. 2002) ............................................................18, 19

*Woodward v. Taylor*,
   184 Wash. 2d 911 (2016) .......................................................................................10

**Rules and Statutes**

17 U.S.C. § 101 .............................................................................................................9

47 U.S.C. § 230 ...........................................................................................................19

Fed. R. Civ. P. 12 .......................................................................................................14

Ind. Code § 32-36-1-1 ......................................................................................... *passim*

Ind. Code § 34-7-7-4 ...................................................................................................13

Ind. Code § 34-7-7-5 ...................................................................................................13

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Ind. Code § 34-7-7-9 .................................................................................................13

Wash. Rev. Code Ann. § 4.105.010................................................................10, 11, 12

Wash. Rev. Code Ann. § 4.105.030.......................................................................9, 10

Wash. Rev. Code Ann. § 4.105.060.............................................................................10

**Other Authorities**

*Endorse*, Merriam Webster Dictionary (2021), https://www.merriam-
    webster.com/dictionary/endorse .............................................................................5

Library of Congress, https://www.loc.gov/resource/mss85590.041/?sp=1&r=-
    0.649,0.265,2.298,0.978,0......................................................................................8

*Restatement (Second) of Contracts* § 9, Westlaw (1981) ...........................................15

*Restatement (Second) of Conflict of Laws* § 145 (1971)............................................10

1 Williston on Contracts § 1:1, Westlaw (4th ed.) ......................................................14

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

## INTRODUCTION

Plaintiff sued claiming that PeopleConnect, Inc. ("PeopleConnect") has violated the Indiana Right of Publicity Act ("IRPA") because a user on Classmates.com can search for his name and yearbook photos, which are then displayed. But Plaintiff's claim is barred by clear Indiana Supreme Court precedent, specifically *Daniels v. FanDuel, Inc.*, 109 N.E.3d 390, 397 (Ind. 2018) ("*Daniels II*") (rejecting right of publicity suit against fantasy sports websites for use of college athletes' names and photos, including in advertisements). Plaintiff's suit should be dismissed because he cannot plead the elements of a *prima facie* IRPA claim, including a commercial use in Indiana. Further, in *Daniels II*, the Indiana Supreme Court held that IRPA forbids liability for the use of "factual, educational and historical data, or even entertainment and amusement, concerning interesting phases of human activity in general," an exception that encompasses PeopleConnect's publication and use of yearbooks. *Id.* at 396 (quotation marks and citation omitted). That is exactly what PeopleConnect's online library of yearbooks provides. As such, Plaintiff's claim also should be dismissed because it falls squarely under multiple statutory exemptions to IRPA, including the "newsworthiness" exemption which is broad and far reaching. Plaintiff's Complaint also fails for a host of other, independent reasons addressed in detail below.

## BACKGROUND

PeopleConnect, Inc. ("PeopleConnect") owns and operates Classmates.com, which includes an online library of over 400,000 school yearbooks. Plaintiff alleges that the Classmates.com library includes at least four photographs from his Bedford-North Lawrence High School yearbooks, which Classmates.com purportedly uses to "advertise" its products and services—reprinted high school yearbooks and subscriptions to its website, through which users can access digital versions of those yearbooks. First Amended Complaint, Dkt. 17 ("FAC") ¶¶ 2, 10, 22, 27.

An individual's name and photograph do not appear on Classmates.com unless someone specifically searches for that person or the person's yearbook. FAC ¶¶ 29–30, 34, 35. So a visitor to the Bedford-North Lawrence High School page does not see Plaintiff's name or photographs

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

unless the user searches for him.[1] *Id.* If a user conducts a search for a person, only then does the website return "search results"—which are excerpts of the searched-for person's yearbook—that may show the person's name and photo printed in their yearbook. *Id.*

Although the FAC selectively incorporates screenshots of Classmates.com, even those excerpts show that the webpages or windows where a user can upgrade to a paid account or purchase a reprinted yearbook are separate and apart from any pages containing a person's name or yearbook photograph. A more complete review of the website demonstrates even more clearly that Classmates.com does not use yearbook excerpts containing people's names and yearbook photos in any ads or pay screens.[2] Declaration of Tara McGuane ("Decl."), Ex. 1 ("McGuane Decl. Ex. 1") at 11–13, 20, 22–25.

Plaintiff asserts causes of action under IRPA and the Indiana common law tort for misappropriation of name and likeness. FAC ¶¶ 50–61. Although Plaintiff alleges that the way his name and photos are displayed on Classmates.com are advertisements for PeopleConnect's products and services, it is clear from Classmates.com that they are not. Moreover, Plaintiff does not allege that anyone ever viewed his name or photos on Classmates.com, other than his lawyer for purposes of this litigation. FAC at 7 n.1.

## ARGUMENT

## I.   Plaintiff Has Failed To State A Claim Under IRPA.

Under the Indiana Supreme Court's binding precedent in *Daniels II*, Plaintiff's IRPA claim fails. First, Plaintiff cannot plead the required elements of an IRPA claim. Second, IRPA bars Plaintiff's suit because the alleged conduct falls under multiple statutory exemptions which the Indiana Supreme Court has held must be broadly applied.

### A.    Plaintiff Fails To Plead A *Prima Facie* IRPA Claim.

---

[1] Registered members of Classmates.com also can navigate through the yearbooks and see individual pages that may include a person's name or photograph.

[2] The Court can consider the additional Classmates.com website screenshots attached as McGuane Decl., Ex. 1 because the website is referenced in and central to Plaintiff's Complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) ("tak[ing] into account the web pages attached to [defendant]'s motion to dismiss under the 'incorporation by reference' doctrine" where the plaintiffs attached to their complaint only certain parts of defendant's website and defendant's motion attached "the surrounding web pages" that "one must first view" "in order to access" the allegedly unlawful page); *see also* FAC ¶¶ 28–30, 32–35.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

Plaintiff's IRPA claim fails because the Complaint fails to plead the requisite elements of a prima facie claim. Under IRPA, a plaintiff must allege: (1) the "use" of (2) "an aspect of a personality's right of publicity" for (3) "a commercial purpose" (4) that "occur[red] within Indiana" (5) without his written consent. Ind. Code § 32-36-1-8(a); *id.* § 32-36-1-1(a). Plaintiff, however, fails to plead that his personality was used within Indiana for a commercial purpose.

> **1.      Plaintiff Fails To Plead A Violation Occurring Within Indiana.**

IRPA expressly states that it applies only "to an act or event that *occurs within Indiana*, regardless of a personality's domicile, residence, or citizenship." Ind. Code § 32-36-1-1(a) (emphasis added); *see also id.* § 32-36-1-9 (limiting Indiana courts' jurisdiction over IRPA claims to "conduct within Indiana that is prohibited under [IRPA]," including knowingly causing "advertising or promotional material . . . in violation of [IRPA] to be published, distributed, exhibited, or disseminated within Indiana"). To state a claim, therefore, Plaintiff must plead that the "act or event" that allegedly violates the statute "occur[red] within Indiana." *Id.* § 32-36-1-1(a).

Plaintiff has not done so. As explained above, Plaintiff's name and photos are not displayed on the website unless a user searches for him. Here, the Complaint admits the screenshots used in the Complaint "were obtained by Plaintiff's counsel," who is not located in Indiana. FAC at 7 n.1; *see also* Dkt. 18. Although the Complaint nonetheless asserts that the supposed "advertisements" were "displayed on Classmates' website to users in Indiana," FAC ¶ 54, the Complaint contains no allegations to support this bald conclusion.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Plaintiff does not identify a single person in Indiana to whom Plaintiff's name or photo was displayed. Nor does he identify a single location in Indiana where this supposedly occurred. There simply are no facts alleged to support a plausible inference that the purported "advertisements" were displayed to a Classmates.com user located in Indiana. *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013) ("Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must

DEFENDANT'S MOTION TO DISMISS - 3
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." (citations and quotation marks omitted)).

The Complaint mentions three other "events" that allegedly "occurred within Indiana," FAC ¶ 54, but none suffice to plead this statutory element. *First*, Plaintiff asserts that PeopleConnect "misappropriat[ed]" his photographs from Indiana yearbooks. *Id.* But, merely *obtaining* pictures from a yearbook is not a violation of IRPA, which governs *"use"* of a "personality's right of publicity." Further, Plaintiff does not even allege that the collection of the photos occurred in Indiana because, as the Complaint admits, he "does not know how Classmates obtained his photographs." FAC ¶¶ 12, 37. *Second*, Plaintiff asserts that PeopleConnect "fail[ed] to obtain the required consent from Plaintiff … in Indiana." *Id.* ¶ 54. But again, IRPA governs unauthorized use for commercial purposes; the location of *consent* (or, here, the lack thereof) is irrelevant. Further, Plaintiff cannot tie an event that did not occur to a particular place, the state of Indiana. *McGoveran v. Amazon Web Servs., Inc.*, C.A. No. 20-1399, 2021 WL 4502089, at *4 (D. Del. Sept. 30, 2021) (rejecting similar argument, noting "it really makes no sense to assign a location for an act that did not occur.") (citation omitted). *Third*, Plaintiff asserts that his injury was "felt in Indiana." FAC ¶ 54. But under IRPA, the fact that a plaintiff's "domicile, residence, or citizenship" is in Indiana does not satisfy § 32-36-1-1(a).

## 2.    Plaintiff Fails To Plead Use For A "Commercial Purpose."

The Indiana Supreme Court has made clear that an IRPA violation occurs only where the defendant has used the plaintiff's personality to depict an "unauthorized endorsement." *Daniels II*, 109 N.E.3d at 392, 396, 397. In *Daniels II*, the Indiana Supreme Court, in addressing a certified question from the Seventh Circuit, clarified that the plaintiff-athletes were not "endorsing any particular product such that there has been a violation of the right of publicity." *Id.* at 397. In doing so, the Indiana Supreme Court relied on another case rejecting right of publicity claims against fantasy sports websites, *CBS Interactive Inc. v. Nat'l Football League Players Ass'n*, 259 F.R.D. 398 (D. Minn. 2009). *See Daniels II*, 109 N.E.3d at 397. Of note, the *CBS* court found that athletes' information was not used to endorse the products on the website because "[t]he manner in which the [plaintiffs'] information appears does not demonstrate or imply any connection between the

DEFENDANT'S MOTION TO DISMISS - 4
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

[plaintiffs] and the advertisement such that one could mistakenly believe that an endorsement is being made." *CBS*, 259 F.R.D. at 419. Based upon the Indiana Supreme Court's opinion, the Seventh Circuit affirmed dismissal of the case. *Daniels v. Fanduel, Inc.*, 909 F.3d 876, 877–78 (7th Cir. 2018).

Plaintiff's claim fails for the same reason. Although the Complaint asserts in passing that PeopleConnect "misleads the public into believing Plaintiff . . . endorse[s] Classmates' subscriptions and products," FAC ¶ 9, this assertion is refuted by the Complaint's screenshots, which make clear that, just as there was no endorsement in *Daniels II*, there is no endorsement here. This Court "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

The Complaint's screenshots show—and the additional screenshots in Exhibit 1 confirm—that no one "could mistakenly believe" the people whose names and photos appear in yearbook excerpts are endorsing the sale of the yearbook, much less a Classmates.com membership. No web page or photograph shows Plaintiff (or any other person shown in a yearbook) "approv[ing]" or "recommend[ing]" any product or service. *See Endorse*, Merriam Webster Dictionary (2021), https://www.merriam-webster.com/dictionary/endorse. Rather, "the manner in which [Plaintiff's] information is presented is akin to [online] newspapers and magazines, which routinely display pictures and information about celebrities"—where the risk of false endorsement is far *higher* than it is here, with non-celebrities—yet "no one seriously believes that the subjects of news reports are endorsing the company that provides the report." *CBS*, 259 F.R.D. at 419 (citations omitted).

Furthermore, and independent of the endorsement requirement, Plaintiff's assertion that his name and photos are used "in advertisements for website subscriptions and yearbook reprints," FAC ¶ 17, is similarly belied by the Complaint's other allegations and screenshots. The yearbook excerpts containing Plaintiff's name and photos contain no advertising. Rather, as the Complaint admits, the excerpts are "search results," which a user only "receive[s] in response" to a user's "search for Mr. Boshears." *Id.* ¶¶ 30, 35. As Plaintiff's screenshots show, PeopleConnect's "yearbook searching" function does not solicit or promote the sale of a Classmates.com membership or yearbook reprint—rather, it allows users "to find friends, family, coworkers or []

DEFENDANT'S MOTION TO DISMISS - 5
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

celebrities," serving as a free searchable online informational directory of people's "names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies." *Id.* ¶¶ 4, 29, 44(a). A website does not use a person's name or likeness for a "commercial purpose" by identifying the person as the subject of a work or online record in response to a user query. *E.g.*, *Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2018 WL 11185289, at *3 (N.D. Ill. May, 21 2018) (dismissing Illinois right of publicity claim against website that displayed plaintiff's information in search results for sale of background reports because "plaintiffs' identities are not used to promote a separate product"); *Obado v. Magedson*, Civil No. 13-2382, 2014 WL 3778261, at *7 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90, 93–94 (3d Cir. 2015) (dismissing New Jersey right of publicity claim against websites that display plaintiff's information in search results for sale of access to "publicly available materials connected to plaintiff's name") (citation omitted).

**B.      Plaintiff's Claim Falls Within IRPA's Exemptions.**

Regardless of whether Plaintiff can plead the requisite elements for his IRPA claim, it still must be dismissed. "The [Indiana] legislature has codified several key exceptions" to IRPA. *Daniels II*, 109 N.E.3d at 393. As the Indiana Court has explained, "[i]f the use of a personality's right of publicity falls into [any] of these categories, the statute does not apply and no consent is needed for its use." *Id.* Here, PeopleConnect's alleged use of Plaintiff's personality falls into the "newsworthiness," "public interest" and "literary works" exemptions.

**1.      The "Newsworthy Value" And "Public Interest" Exemptions Bar Plaintiff's Claim.**

IRPA's "newsworthy value" and "public interest" exemptions are to be liberally construed. *Daniels II*, 109 N.E.3d at 394–96 (citation omitted). These exceptions apply to far more than news or current events. Ind. Code §§ 32-36-1-1(c)(1)(B), (c)(3). Any "advertisement or commercial announcement" for material with "political or newsworthy value" is exempted. *Id.* §§ 32-36-1-1(c)(1)(E), (c)(1)(B).

In *Daniels II*, the Indiana Supreme Court considered the applicability of the newsworthy value exemption. 109 N.E.3d at 393–94. As the court explained: "The 'newsworthy value' exception provides that the right of publicity does not apply to '[t]he use of a personality's name,

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

voice, signature, photograph, image, likeness, distinctive appearance, gestures, or mannerisms in ... [m]aterial that has political or newsworthy value.'" *Id.* at 393.

The websites in *Daniels II* used the plaintiffs' names and photos both in their alleged "advertising" and in their product (fantasy sports contests) that is "placed behind a paywall." *Id.* at 392, 396. The court held that the websites' use of the athletes' "names, pictures, and statistics" in pay-to-play fantasy sports contests falls within the newsworthiness exemption and thus "do[es] not violate the right of publicity in Indiana." *Id.* at 392–93. In doing so, the Indiana Supreme Court held that the exception must "be construed broadly," using the "most liberal and far reaching terms." *Id.* at 395–96. "The privilege of enlightening the public is by no means limited to dissemination of news in the sense of current events but extends far beyond to include *all types of factual, educational and historical data*, or *even entertainment and amusement*, concerning interesting phases of *human activity in general*." *Id.* at 396 (quotation marks and citation omitted) (emphases added).

As set forth above, Plaintiff's characterization of the Classmates.com website is inaccurate: Defendant's website does not use Plaintiff's—or any other student's—photograph on web pages used to advertise products or services. But, even if Plaintiff's allegation were accurate, *Daniels II's* broad interpretation of the scope of the "newsworthy value" exemption requires dismissal of Plaintiff's Complaint. Just as fantasy sports websites' "use [of] factual data" pertaining to student athletes' "names, pictures, and statistics" in advertising falls under the "far reaching" newsworthiness exemption as a "type[] of factual, educational and historical data," *Daniels II*, 109 N.E.3d at 395–96, so too does PeopleConnect's use of photos and information from over 400,000 yearbooks.

The *Daniels* cases confirm the broad reach of the "public interest" exemption, which excludes the "use of a personality…in connection with the broadcast or reporting of an event or a topic of general or public interest." § 32-36-1-1(c)(1)(E). In particular, in the district court decision (that ultimately was affirmed on certification from the Seventh Circuit by the Supreme Court of Indiana), the District Court for the Southern District of Indiana held that both the newsworthiness exemption *and* the "public interest" exemptions are "to be construed broadly." *Daniels v. FanDuel,*

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*Inc.*, No. 16-cv-01230, 2017 WL 4340329, at *7–9 (S.D. Ind. Sept. 29, 2017), *aff'd* 909 F.3d 876 (7th Cir. 2018) ("*Daniels I*"). It then went on to hold that "content falling within those two definitions often will overlap." *Daniels I*, 2017 WL 4340329, at *7. Applying these principles, the court concluded that fantasy sports websites fall within IRPA's "public interest" exemption because they "provide factual data, and their websites could be used as 'reference sources,' either for purposes of playing the associated game, or for information about the collegiate sports and athletes represented on the websites." *Id.* at *9.

If fantasy sports contests are "reference sources" falling within the public interest exemption, *Daniels I*, 2017 WL 4340329, at *9, so too are PeopleConnect's free, "publicly accessible" database of biographical information—which allows users "to find friends, family, coworkers or [] celebrities." FAC ¶ 29. Yearbooks serve an important function as primary-source documents memorializing a community's activity in a given year and inform the work of historians, archivists, journalists, genealogists and other scholars. As a result, even the Library of Congress maintains a collection of yearbooks. *See* Library of Congress, https://www.loc.gov/resource/mss85590.041/?sp=1&r=-0.649,0.265,2.298,0.978,0 (last accessed Dec. 15, 2021). Furthermore, because IRPA exempts any "advertisement or commercial announcement" for any material covered by the newsworthiness exemption, Ind. Code § 32-36-1-1(c)(1)(E), PeopleConnect's use of names and photos is shielded from liability even if one accepts the Complaint's characterization that they are "advertisements."

### 2.      The "Literary Works" Exemption Bars Plaintiff's Claim.

IRPA also exempts from coverage "[l]iterary works, theatrical works, musical compositions, film, radio, or television programs," or "[a]n advertisement or commercial announcement" for such a work. Ind. Code §§ 32-36-1-1(c)(1)(A), (c)(1)(E). Under Indiana law, the "literary works" exemption, like the newsworthiness and public-interest exemptions, must be interpreted "broadly" to "effectuate the General Assembly's obvious attempt to avoid potential constitutional infirmities with the statute." *Dillinger, LLC v. Elec. Arts Inc.*, 795 F. Supp. 2d 829, 836 (S.D. Ind. 2011) (holding video games exempt from IRPA as "literary works"); *see also Daniels II*, 109 N.E.3d at 396 (citing *Dillinger* approvingly). This exemption bars Plaintiff's

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

claim. First, yearbooks clearly qualify as "literary works." "Literary works" are commonly understood to include works "expressed in words, numbers, or other verbal or numerical symbols or indicia, regardless of the nature of the material objects," including "books," "periodicals," and "manuscripts." *E.g.*, 17 U.S.C. § 101. PeopleConnect's yearbooks plainly fall within the broad category of "[l]iterary works," as they are books that provide factual, biographical "information" as well as creative content to readers. FAC ¶¶ 43–44(a). As the Complaint admits, yearbooks—like any book—are "created" by "authors" and published by "publishers." *Id.* ¶¶ 13, 38. Furthermore, because IRPA exempts any "advertisement or commercial announcement" for any "literary work," Ind. Code § 32-36-1-1(c)(1)(E), Plaintiff's claim is barred by this exemption even if one accepts the Complaint's characterization that the yearbook excerpts are "advertisements" because the excerpts are allegedly "advertisements" for literary works—"yearbook reprints" and "subscriptions" to a "yearbook collection." *Id.*; FAC ¶¶ 10, 17, 19, 43.

## II.   Plaintiff Has Failed To State A Claim For Common-Law Misappropriation.

It is unclear whether a common law tort of misappropriation even exists in Indiana. The Indiana Supreme Court has noted that "no Indiana court has directly created a common law right of publicity in our state." *Daniels II*, 109 N.E.3d at 395. The Court should err on the side of not recognizing it, as the role of a federal court sitting in diversity is to "approximate state law as closely as possible" and thus "should 'hesitate prematurely to extend the law in the absence of an indication from the state courts or the state legislature that such an extension would be desirable.'" *Del Webb Cmtys., Inc. v. Partington*, 652 F.3d 1145, 1154 (9th Cir. 2011) (alterations and citations omitted) (holding that district court erred by recognizing a "common-law tort cause of action" where "there was no secure basis for the district court to predict" that the state supreme court would recognize the cause of action).

## III.   Plaintiff's Complaint Is Barred By The Washington Anti-SLAPP Statute.

In addition to all of the above-demonstrated deficiencies in Plaintiff's Complaint, the Washington Uniform Public Expression Protection Act ("UPEPA") bars his claims. Wash. Rev.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Code Ann. § 4.105.030.[3] The recently passed UPEPA prohibits lawsuits against defendants for the "[e]xercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern." Wash. Rev. Code Ann. § 4.105.010(2)(c). UPEPA requires a defendant to show (1) "that the [plaintiff] failed to state a cause of action upon which relief can be granted," and (2) that the defendant exercised one of the constitutionally protected rights "on a matter of public concern." Wash. Rev. Code Ann. §§ 4.105.060, 4.105.010(2)(c). The first element is satisfied, as Plaintiff has failed to plead his claims for all of the reasons set forth in this motion. As to the second element, there is no question that Plaintiff's suit targets PeopleConnect's exercise of its free speech rights on a matter of public concern.

### A.   Plaintiff's Suit Attacks PeopleConnect's Exercise Of Its Free Speech Rights.

The conduct at issue in Plaintiff's Complaint—the republication of factual information in yearbooks—is an exercise of the right of freedom of speech under the United States Constitution. "There can be no serious argument about the fact that, in its most basic form, the yearbook serves as a forum in which student editors present pictures, captions, and other written material, and that these materials constitute expression for purposes of the First Amendment." *Kincaid v. Gibson*, 236 F.3d 342, 351 (6th Cir. 2001). It thus is clear that the yearbook material PeopleConnect publishes in response to a user's search—the biographical "information" and "records," such as "names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies"—is core First Amendment protected speech. FAC ¶¶ 43–44(a). *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1121–22 (9th Cir. 2020) (holding "online database of information" including biographical information protected speech); *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 964–65 (9th Cir. 2012) (holding that "yellow pages directories are entitled to full First Amendment protection"); *Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384, 1388–89 (N.D. Ill. 2016)

---

[3] Washington follows the Second Restatement on Conflict of Laws. *Woodward v. Taylor*, 184 Wash. 2d 911, 915 (2016) (en banc). Because there is a conflict between the Washington and Indiana Anti-SLAPP laws, the Court should apply the most "significant" contacts analysis. *Restatement (Second) of Conflict of Laws* § 145 (1971). Washington law applies here because PeopleConnect is based in Washington, and the conduct that caused the alleged injury—the misappropriation of Plaintiff's name and photos—occurred in Washington. *Id.*

DEFENDANT'S MOTION TO DISMISS - 10
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

(holding online directory of attorneys protected by First Amendment).

Moreover, PeopleConnect's yearbook records are not "commercial speech." First, the screenshots in Plaintiff's Complaint make clear the yearbook excerpts do not constitute commercial speech. "Commercial speech is 'defined as speech that does no more than propose a commercial transaction.'" *United States v. United Foods, Inc.*, 533 U.S. 405, 409 (2001). Here, the Complaint's screenshots show that the user-generated search results and yearbook excerpts containing Plaintiff's name and photos do not "propose a commercial transaction" at all. *Id.*; *see* FAC ¶¶ 28, 30, 35. Rather, as Plaintiff's screenshots state, the yearbook "searching" function allows users "to find friends, family, coworkers or [] celebrities," serving as a free searchable online informational directory of people's "names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies." FAC ¶¶ 29, 44(a); *see supra* p. 1–2. By providing a free repository of biographical "information," *id.*, the yearbook excerpts clearly do far "more than propose a commercial transaction," and thus cannot be "commercial speech." *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 762 (1976) (citation omitted).

Second, as the attached screenshots show, and as discussed above, PeopleConnect does not use any yearbook excerpts containing people's names or yearbook photos in any ads, promotional pages, or pay screens. McGuane Decl. Ex. 1 at 11–12, 20, 22–25. Rather, Exhibit 1 confirms what the Complaint itself admits: the yearbook excerpts allow users to search and find records about people in an "online database of information"—quintessentially protected First Amendment speech. *IMDb.com*, 962 F.3d at 1121–22.

Third, even if the alleged advertisements were commercial speech, which they are not, UPEPA still would bar Plaintiff's claims. UPEPA expressly shields from liability "advertisement[s]" for "literary" or "journalist" works, just as IRPA exempts from liability advertisements for literary or newsworthy works. Wash. Rev. Code Ann. § 4.105.010; *supra* p. 6–8. As demonstrated above, PeopleConnect's publication of yearbooks constitutes both a literary and a journalistic work. *Supra* p. 6–9. Thus, even accepting Plaintiff's allegation that the yearbook excerpts are advertisements, UPEPA bars Plaintiff's lawsuit, as the alleged "advertisement[s]" are

DEFENDANT'S MOTION TO DISMISS - 11
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

for "literary" or "journalistic" works, which UPEPA expressly protects. Wash. Rev. Code Ann. § 4.105.010.

**B.      Plaintiff's Suit Attacks Speech "On A Matter of Public Concern."**

PeopleConnect's free, searchable yearbook database constitutes speech "on a matter of public concern." Wash. Rev. Code Ann. § 4.105.010(2)(c). Because there are no Washington cases addressing the "public concern" element, the Court must look to other authority. It should look to the substantive law of Indiana, as that is the law under which Plaintiff chose to seek relief. And as detailed above, Indiana law has "broadly" defined "public interest" as well as the "overlap[ping]" concept of "newsworthiness" to "avoid a First Amendment issue" to encompass activities such as the ones at issue here and prevent a chilling effect on speech. *Daniels I*, 2017 WL 4340329, at *7; *Daniels II*, 109 N.E.3d at 396. Indiana law is in line with how other states define "public interest." *See, e.g., Goldman v. Reddington*, No. 18-CV-3662, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021) (noting that under the New York anti-SLAPP statute, "'[p]ublic interest' shall be construed broadly' to 'mean any subject other than a purely private matter.'") (citation omitted); *Doe v. Roe*, No. M2020-01277, 2021 WL 2588394, at *3 (Tenn. Ct. App. June 24, 2021) ("matters of public concern are 'broadly defined'" under the Tennessee statute) (citation omitted).

For the same reasons PeopleConnect's free, "publicly accessible" (FAC ¶ 29) database of biographical information is covered by IRPA's public-interest and newsworthiness exemptions, *supra* p. 6–8, so too is it "public concern" speech under UPEPA. Wash. Rev. Code Ann. § 4.105.010.  The fact that individual yearbooks may be of interest only to local communities (rather than a broader public) does not preclude a finding of "public concern." *See, e.g.*, *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 479–480 (Cal. Ct. App. 2000) (statements about homeowners' association manager in community newsletter were "public interest"); *Ruiz v. Harbor View Cmty. Ass'n*, 134 Cal. App. 4th 1456, 1468–69 (Cal. Ct. App. 2005) (letters from homeowners' association were of "public interest" to residents); *Grenier v. Taylor*, 234 Cal. App. 4th 471, 482–83 (Cal. Ct. App. 2015) (speech to 550 to 1,000 church members was in "public interest").

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

## C.      Plaintiff's Suit Is Barred Even If Indiana's Anti-SLAPP Applies.

Even if Indiana's Anti-SLAPP law applies, rather than UPEPA, Plaintiff's lawsuit still is barred. The Indiana Anti-SLAPP statute provides a defense when the conduct at issue is: (1) made in furtherance of the entity's right of petition or free speech under the Constitution; (2) in connection with a public issue; and (3) was taken in good faith and with a reasonable basis in law and in fact. Ind. Code §§ 34-7-7-4, 34-7-7-5; *Daly v. Nexstar Broad., Inc.*, No. 19-cv-00976, --- F.Supp.3d ---, 2021 WL 2410982, at *4 (S.D. Ind. June 1, 2021) (applying Indiana Anti-SLAPP Act in federal court). The Indiana Anti-SLAPP statute does not require the moving party to demonstrate a likelihood of success on the merits. Ind. Code § 34-7-7-9(d). As demonstrated above, PeopleConnect's publication of yearbooks and yearbooks excerpts was made in furtherance of its right to free speech in connection with a public concern. *See CanaRx Servs., Inc. v. LIN Television Corp.*, No. 07-cv-1482, 2008 WL 2266348, at *7 (S.D. Ind. May 29, 2008) ("In Indiana, the public interest is necessarily broad and . . . a panoply of topics [fall] within the scope of public interest.") (citation omitted); *Pack v. Truth Publ'g Co.*, 122 N.E.3d 958, 965 (Ind. Ct. App. 2019) ("[S]peech is in connection with a matter of public concern if it is addressed to any matter of political, social, or other concern to the community.") (citation omitted); *Nexus Grp., Inc. v. Heritage Appraisal Serv.*, 942 N.E.2d 119, 121 (Ind. Ct. App. 2011) ("[S]peech related to a single county was of public interest). Furthermore, PeopleConnect's speech was made in good faith and with a reasonable basis in law and in fact. Courts generally consider "a state of mind indicating honesty and lawfulness of purpose; belief in one's legal right; and belief that one's conduct is not unconscionable." *Konrath v. Vance*, No. 16-cv-02784, 2017 WL 1382778, at *7 (S.D. Ind. Apr. 18, 2017) (citation omitted). As discussed above, PeopleConnect publishes yearbooks it believes were tendered to it for posting online. *See supra* p. 10–11. There can be no real dispute that PeopleConnect did not act in bad faith.

GORDON   600 University Street
TILDEN   Suite 2915
THOMAS   Seattle, WA  98101
CORDELL   206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

**IV.     Plaintiff Is Bound To Arbitrate His Claims.**

The Court need not even reach the issues discussed above, however, because Plaintiff is in the wrong forum. *See* Fed. R. Civ. P. 12(b)(3).[4] The Federal Arbitration Act ("FAA") "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). That obligates Plaintiff to proceed in arbitration.

**A.     Plaintiff's Counsel Agreed To The Classmates.com TOS.**

To register for a Classmates.com account, a user must click a button, below which appears a message indicating that doing so constitutes affirmative consent to the Classmates.com Terms of Service ("TOS"). Declaration of Tara McGuane ("Decl.") ¶¶ 7–9. The TOS are hyperlinked directly from that message and provide "that any and all disputes … that have arisen or may arise between you and [PeopleConnect] entities shall be resolved exclusively through final and binding arbitration, rather than in court." Decl. ¶ 11, Ex. 2, § 12.

Benjamin Osborn is one of Plaintiff's attorneys. *See e.g.*, Dkt. No. 18 (identifying Mr. Osborn as Plaintiff's counsel). He first created a Classmates.com account in his own name in August 2019. Decl. ¶ 16. Mr. Osborn could not have created this account without first agreeing to the Classmates.com TOS. Decl. ¶ 17.

**B.     Mr. Osborn's Agreement To Arbitrate Is Enforceable.**

The TOS created a valid and enforceable agreement to arbitrate under Indiana law. *See Valesh v. Bajco Int'l, LLC*, No. 20-CV-28, 2021 WL 4876202, at *1–4 (N.D. Ind. Oct. 19, 2021) (compelling arbitration for clickwrap agreement); *see also Adsit Co. v. Gustin*, 874 N.E. 2d 1018, 1023 (Ind. Ct. App. 2007) (enforcing clickwrap agreement). Furthermore, Mr. Osborn has conceded that he did not opt-out of that agreement to arbitrate for the account he created in 2019, as he was permitted to do under the TOS. *See* Rosenberger Decl., Ex. 1 at 19:4–9. He thus remains bound. *See* 1 Williston on Contracts § 1:1, Westlaw (4th ed. database updated Nov. 2021) ("[O]nce

---

[4] Because a motion to compel arbitration is brought pursuant to Fed. R. Civ. P. 12(b)(3), the "pleadings need not be accepted as true," and this Court "may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

DEFENDANT'S MOTION TO DISMISS - 14
2:21-cv-01222-MJP

a contract is entered, the parties' rights and obligations are binding under the law, unless the contract is subject to some invalidating cause, such as fraud, mistake, duress, or the like, which would enable one of the parties to avoid its undertaking.").

To evade the ramifications of the undisputed agreement to arbitrate between Mr. Osborn and PeopleConnect, Plaintiff suggests in his Complaint that Mr. Osborn no longer is bound to the arbitration portion of the TOS because he recently created new alternative accounts, "opted out of the arbitration provision" for those accounts, and then used those accounts, rather than the original account, to gather the information included in the Complaint. Decl. ¶¶ 18, 22, 27; FAC at 7 n.1.[5] But this changes nothing with respect to Mr. Osborn. Contracts, and the obligations they confer, are entered into and born by *parties*, not by e-mails or accounts, which are fictional entities that have no legal status. *See Restatement (Second) of Contracts* § 9, Westlaw (1981 database updated Oct. 2021) ("There must be at least two *parties* to a contract, a promisor and a promisee") (emphasis added). Mr. Osborn cannot evade his valid and enforceable agreement to arbitrate, nor can he escape his failure to opt-out of that agreement, by using different (and often false) information to register new accounts and gain access to Classmates.com for the benefit of his clients. Decl. ¶¶ 21, 23–27. Regardless of what actions he has taken in (improperly) creating and using these additional accounts, Mr. Osborn—the person—remains bound to the contractual obligation he assumed. Decl. ¶¶ 16, 17, 22, 28.

### C.     Plaintiff Ratified Mr. Osborn's Agreement To Arbitrate And Is Equally Bound.

Under Indiana law, a non-signatory is bound to an unauthorized agreement entered into by someone else if the non-signatory "subsequently ratifies the contract as one to which he is bound." *See Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc*., 773 N.E.2d 881, 889–90 (Ind. Ct. App. 2002). Ratification may be inferred from the conduct of the parties where the non-signatory accepted benefits from the agreement with knowledge, *see id.*, or was "willfully ignorant, or purposely refrained from seeking information." *See SelectSun GmbH v. Porter, Inc*., 338 F. Supp.

---

[5] Mr. Osborn has in fact created at least five Classmates.com accounts in addition to his original account. Decl. ¶¶ 16–17, 19, 23–27.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

3d 905, 921 n.20 (N.D. Ind. 2018) (citation omitted). That is just what took place here. In this case, Mr. Osborn, who is bound by the TOS, agreed to the TOS for the benefit of his clients and, when the time came, searched for Plaintiff on Classmates.com and captured the screenshots that Plaintiff in turn used in his Complaint. Decl. ¶¶ 16–19, 28; FAC ¶¶ 28–30, 32–35. By accepting that benefit of Mr. Osborn's agreement with knowledge that it was obtained by virtue of having agreed to arbitrate, Plaintiff ratified Mr. Osborn's assent to the TOS.

*First,* Plaintiff plainly benefited from Mr. Osborn's agreement to the TOS. Had Mr. Osborn not accessed Classmates.com, Plaintiff's Complaint would lack the screenshots used to support the allegations. Of course, Plaintiff could have created his own account to collect this information, but he instead relied on his counsel to do so on his behalf. Plaintiff cannot now escape the consequences of that choice where he has accepted the fruits of his counsel's labor. *See Guideone Ins. Co. v. U.S. Water Sys., Inc.,* 950 N.E.2d 1236, 1242–43 (Ind. Ct. App. 2011) (ratification may be implied where the principal accepts the contract's benefits); *Blairex Lab'ys, Inc. v. Clobes*, 599 N.E.2d 233, 236 (Ind. Ct. App. 1992) (when a principal "appropriates the fruits of an agent's unauthorized act, the principal may not complain later the agent acted without authority"); *see also Indep. Living Res. Ctr. San Francisco v. Uber Techs., Inc.,* No. 18-cv-06503, 2019 WL 3430656, at *4 (N.D. Cal. July 30, 2019) (compelling arbitration where plaintiffs' counsel agreed to Uber's terms of use to gain access to information used in plaintiffs' complaint, finding "there is nothing inequitable about binding Plaintiffs to the agreement which gained them access to the [information] in the first place").

*Second*, the Complaint confirms that Plaintiff knew of (or was willfully ignorant of) Mr. Osborn's agreement to the TOS and to arbitrate when he accepted the fruits of Mr. Osborn's access to Classmates.com. As noted above, the Complaint goes to some length to emphasize that Mr. Osborn used his alternative accounts to which he had sought to opt-out of arbitration to create the screenshots. This means either that Plaintiff was aware of his counsel's agreement to arbitrate, which as discussed above remains binding regardless of Mr. Osborn's efforts to circumvent it, or that despite having notice of the agreement's existence, Plaintiff purposely refrained from seeking

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

information about that agreement. Both circumstances bind Plaintiff. *See Heritage Dev. of Ind.*, 773 N.E.2d at 889–90; *see SelectSun,* 338 F. Supp. 3d at 921 n.20.

In short, Plaintiff's acknowledgement of his attorney-agent's attempts to use alternative Classmates.com accounts to circumvent his agreement to arbitrate supports Plaintiff's ratification of that same agreement, from which he benefited. The Court should compel Plaintiff to arbitrate his claims.

> ### D.      PeopleConnect Should Be Granted Leave To Engage In Limited Discovery, If There Are Open Factual Issues Regarding Plaintiff's Ratification.

To the extent the Court believes there are outstanding factual issues regarding Plaintiff's ratification, PeopleConnect requests leave to engage in limited discovery on that subject. *See e.g.*, *Hesse v. Sprint Spectrum, L.P.,* No. C06-0592, 2012 WL 37399, at *2 (W.D. Wash. Jan. 9, 2012) (granting limited discovery into the issue of arbitrability); *Rojas v. GoSmith, Inc.*, No. 17-CV-281, 2020 WL 831585, at *6 (N.D. Ind. Feb. 20, 2020) (ordering parties to file a joint proposed plan on limited discovery regarding arbitrability).

## V.      Plaintiff's Claims Are Barred By Federal Law.

> ### A.      The Copyright Act Preempts Plaintiff's Claims.

Plaintiff's claims are preempted by the Copyright Act. PeopleConnect acknowledges that the Court rejected a similar argument in *Knapke v. PeopleConnect Inc*., No. C21-262, --- F. Supp. 3d. ---, 2021 WL 3510350, at *5 (W.D. Wash. Aug. 10, 2021), but since the Court's decision in *Knapke,* another court found that claims involving Classmates.com sale of reprinted yearbooks and online access thereto *were* preempted by the Copyright Act. *Callahan v. PeopleConnect, Inc.*, No. 20-cv-09203, 2021 WL 5050079, at *12 (N.D. Cal. Nov. 1, 2021) (finding a right of publicity claim preempted when the plaintiffs' likenesses were used in advertising for the copyrighted work itself); *see also* FAC ¶¶ 10, 16–17 (alleging the use of Plaintiff's likeness in supposed advertisements for yearbook prints violated Plaintiff's privacy right). This Court thus should revisit its decision in light of that intervening authority.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

### B.   The First Amendment Bars Plaintiff's Claims.

Plaintiff's effort to prevent PeopleConnect from disseminating yearbook records is an attack on constitutionally protected speech. *Supra* p. 10–12. *See Bartnicki v. Vopper*, 532 U.S. 514, 527 (2001) (recognizing that "the acts of 'disclosing' and 'publishing' information" qualify as "the kind of 'speech' that the First Amendment protects") (citation omitted); *Kincaid*, 236 F.3d at 351. Plaintiff's proposed application of IRPA to protected First Amendment speech amounts to a content-based restriction, to which strict scrutiny applies. *See Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016) ("California's right of publicity law clearly restricts speech based upon its content."); *IMDb.com*, 962 F.3d at 1120 (statute restricting dissemination of age information "restricts speech because of its content"). Under strict scrutiny, laws restricting content are "presumptively unconstitutional" and must be "narrowly tailored to serve compelling state interests" to survive. *Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2015); *see Sorrell v. IMS Health Inc.*, 564 U.S. 552, 571 (2011) (holding that a law is content based is "all but dispositive"). Here, Plaintiff cannot show that forbidding the dissemination of yearbook excerpts on a free, publicly accessible database serves a compelling state interest, let alone that such a prohibition is narrowly tailored under Indiana law.

Because Plaintiff cannot overcome strict scrutiny, Plaintiff likely will argue that yearbook records are subject to the less demanding review associated with regulations of commercial speech. Plaintiff is incorrect, and the Complaint's screenshots prove that the speech is not commercial: Plaintiff's name and photos are not mentioned in any advertisements or pay screens on Classmates.com. *Supra* p. 5–6. That is confirmed by the additional screenshots attached as Exhibit 1.

Moreover, even if the yearbook excerpts were "advertisements," when an advertisement promotes speech that is "protected by the First Amendment," the advertisement receives the same protection as the underlying speech. *See Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 67 n.14 (1983); *Cher v. Forum Int'l, Ltd.*, 692 F.2d 634, 637–39 (9th Cir. 1982), *abrogated on other grounds as recognized in McQuiston v. Marsh*, 790 F.2d 798 (9th Cir. 1986); *Groden v. Random House, Inc.*, 61 F.3d 1045, 1050–51 (2d Cir. 1995); *William O'Neil & Co. v. Validea.com Inc.*,

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

202 F. Supp. 2d 1113, 1118–19 (C.D. Cal. 2002). Here, the underlying speech that is allegedly advertised is already-published high school yearbooks and the "written material" contained therein, which are plainly protected speech. *See Kincaid*, 236 F.3d at 351. Thus, the same First Amendment protection that applies to the yearbooks must apply to the excerpts because, under Plaintiff's own description, Classmates.com uses the "low-resolution" excerpts from yearbooks "to sell" access to those very yearbooks, either by selling hardcopy reprints or digital access via online subscription. FAC ¶¶ 3, 4, 6–7, 30, 31. And it is well established that advertisements for subscriptions to constitutionally protected materials are protected to the same degree as the materials themselves. *E.g. Cher*, 692 F.2d at 639; *William O'Neil & Co.,* 202 F. Supp. 2d at 1119; *Namath v. Sports Illustrated*, 363 N.Y.S.2d 276, 278–80 (N.Y. Sup. Ct. 1975), *aff'd*, 352 N.E.2d 584 (N.Y. 1976); *Montana v. San Jose Mercury News, Inc.*, 34 Cal. App. 4th 790, 796 (Cal. Ct. App. 1995).

### C.    The Communications Decency Act Bars Plaintiff's Claims.

Section 230 of the Communications Decency Act provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 bars any claim in which: "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (citation omitted). Section 230 bars Plaintiff's claims.

*First*, PeopleConnect owns a website accessible to millions and is a provider of an interactive computer service. *Id*.

*Second,* because Plaintiff's claim is premised on PeopleConnect's distribution of content, FAC ¶¶ 2, 3–4, 13, his claims treat PeopleConnect as a "publisher." *Kimzey*, 836 F.3d at 1268; *see also Callahan v. Ancestry.com,* No. 20-cv-08437, 2021 WL 783524, at *6, *6 n.13 (N.D. Cal. Mar. 1, 2021) (treating Ancestry.com as a publisher for displaying old yearbooks).

*Third,* Plaintiff's allegations confirm that PeopleConnect is engaged in the publication of "information provided by another information content provider." *Kimzey*, 836 F.3d at 1268

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48

(citation omitted).[6] In *Gonzalez v. Google LLC*, 2 F.4th 871, 881 (9th Cir. 2021), plaintiff alleged that Google was using computer algorithms to match and suggest content to users based on their viewing history, by which Google recommended ISIS videos to users and "enabled users to 'locate other videos and accounts'" related to ISIS. Because it was the "user's voluntary actions [that] inform[ed] Google about that user's preferences for the types of videos and advertisements the user would like to see," the Ninth Circuit immunized Google's use of algorithms to "select the particular content provided to a user based on that user's inputs," finding that they were no different than traditional search results. *Id.* at 894–95.

PeopleConnect does not create high school yearbooks. *See* McGuane Decl. Ex. 1 at 18, 25, 26. Rather, in responding to a user's search inquiry, it merely publishes search results and "disseminat[es] the same content in essentially the same format," which "does not change the origin of the third-party content." *Kimzey*, 836 F.3d at 1270. Thus, the alleged "advertisements" are substantively indistinguishable from the content at issue in *Gonzalez* as the alleged ads are nothing more than search results generated in response to the "user's inputs." FAC ¶¶ 5, 29–30, 35; McGuane Decl. Ex. 1.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed, and Plaintiff should be compelled to adjudicate his claims in arbitration. In the alternative, the Complaint should be dismissed for the reasons set forth above.

---

[6] Plaintiff's allegation that the photos were "stolen from [his] yearbooks" are inflammatory and clearly contradicted by the website. *See* McGuane Decl. Ex. 1 at 18 (providing instructions to users to share their yearbooks with Classmates.com).

DEFENDANT'S MOTION TO DISMISS - 20
2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Dated this 20th day of December, 2021.

                              **GORDON TILDEN THOMAS & CORDELL LLP**

                              */s/ Michael Rosenberger*

                              Michael Rosenberger, WSBA #17730
                              Mark Wilner, WSBA #31550
                              Samantha K. Pitsch, WSBA #54190
                              600 University Street, 2915
                              Seattle, Washington 98101
                              Telephone:  206-467-6477
                              mrosenberger@gordontilden.com
                              mwilner@gordontilden.com
                              spitsch@gordontilden.com

                              Brent Caslin, Washington State Bar No. 36145
                              **JENNER & BLOCK LLP**
                              515 S. Flower Street, Suite 3300
                              Los Angeles, California 90071-2246
                              Telephone:  213-239-5100
                              bcaslin@jenner.com

                              Debbie L. Berman (*pro hac vice*)
                              Wade A. Thomson (*pro hac vice*)
                              **JENNER & BLOCK LLP**
                              353 North Clark Street
                              Chicago, Illinois 60654
                              Telephone:  312-222-9350
                              dberman@jenner.com
                              wthomson@jenner.com

                              Attorneys for Defendant PeopleConnect, Inc.

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA  98101
CORDELL | 206.467.6477