The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JOHN BOSHEARS, on behalf of himself and
all others similarly situated,

                 Plaintiff,

      v.

PEOPLECONNECT, INC.,

                 Defendant.

NO.  2:21-cv-01222-MJP

JOINT STATUS REPORT AND
DISCOVERY PLAN

     Pursuant to the Court's Order (ECF No. 16), Plaintiff John Boshears and Defendant PeopleConnect, Inc. ("PeopleConnect" or "Classmates") submit the following joint status report and discovery plan:

     **1.**     **Nature of the Case.**

          **A.**     **Plaintiff:** Plaintiff alleges that Defendant PeopleConnect, Inc., which owns and operates the website www.classmates.com, uses yearbook photographs depicting Plaintiffs and Class members as minors to advertise paid subscriptions to the website www.classmates.com without Plaintiff's and Class Members' consent. Plaintiff does not know how or when Classmates obtained his yearbook photos, and Classmates does not disclose this information. Among other techniques, Classmates advertises by publicly displaying Plaintiff's and Class Members' photographs on its website. Users who click on Plaintiff's and Class Members' photographs to

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

view higher-resolution versions, or who scroll to view multiple photographs, receive on-site pop-ups prompting them to purchase a subscription to Classmates.com. Additional facts supporting Plaintiff's causes of action are in the Complaint. Plaintiff alleges that PeopleConnect has violated the Indiana Right of Publicity Statute, Ind. Code. § 32-36-1-8 and Indiana common law misappropriation of name and likeness.

       **B.**     **Defendant:** Plaintiff brings a claim under the Indiana Right of Publicity Statute alleging that Defendant used Plaintiff's identity in search results that identify whether certain yearbooks were included on Classmates.com, which Plaintiff alleges to be advertisements for Defendant's yearbook subscription service. Plaintiff also alleges that Defendant misappropriated Plaintiff's name and likeness in violation of the Indiana common law tort of appropriation of a name or likeness. Defendant filed a motion to dismiss Plaintiff's claims on December 20, 2021 (Dkt. No. 25). On the same day, Defendant also filed a motion to stay discovery pending a ruling on its motion to dismiss (Dkt. No. 28). At this point, there are no counterclaims.

       **2.**     **Deadline for Joining Additional Parties.**

       **A.**     **Plaintiff:** June 30, 2022.

       **B.**     **Defendant**: Defendant proposes a deadline of January 30, 2022, which is one month after the filing of this joint report. In another Classmates.com website matter, the parties jointly agreed upon such timing in a joint report filed earlier this year. *See Knapke v. PeopleConnect, Inc.*, Case No. 2:21-cv-00262 (W.D. Wash.) ECF No. 44 (jointly proposing a deadline of December 1, 2021 in the joint status report filed before this Court on October 28, 2021). Defendant's position is that one month is more than sufficient for Plaintiff to determine whether to join additional parties, and any longer would prejudice Defendant who would need to investigate newly-added parties and take additional discovery of them. The prejudice to Defendant in the event Plaintiff adds new parties over the next six months (as Plaintiff proposes) is pronounced given Plaintiff's proposed discovery cut-off deadline of October 14, 2022. Plaintiff

---

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

proposes to be able to add parties through June 2022 while allowing Defendant less than four months to take all fact discovery of such new parties.

As Defendant has conveyed to Plaintiff, Defendant is willing to agree to an interval longer than 30 days for adding parties provided that: (1) Defendant has sufficient time to take discovery of any Plaintiffs following the planned motion for class certification; and (2) discovery closes a period of time after the Court rules on class certification to allow both parties to take any additional discovery necessary in light of that ruling. Thus far, Plaintiff has refused to compromise on any of its discovery positions.

**3.** **Consent to assignment to United States Magistrate Judge:** No.

**4.** **Proposed Discovery Plan.**

**A.** **Initial Disclosures:** The parties exchanged Initial Disclosures on or before December 23, 2021, pursuant to Dkt. No. 16.

**B.** **Subjects, Timing and Phasing of Discovery:** Discovery should include production of all non-privileged relevant documents located in a reasonable search.

**i.** **Plaintiff:** Plaintiff disagrees that a stay of discovery pending a ruling on Defendant's motion to dismiss is appropriate. As Plaintiff will argue in its opposition to Defendant's motion to stay, a stay of discovery during the pendency of a motion to dismiss is the exception, not the rule, and Defendant has not met the heavy burden required to show why discovery should be denied. Defendant's motion presupposes that Plaintiff's claims will be dismissed in their entirety, and mere "speculation does not satisfy Rule 26(c)'s good cause requirement" such that a stay is proper. *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020). Additionally, contrary to Defendant's motion, the mere filing of a motion to compel arbitration or a motion to strike under the Washington anti-SLAPP statute do not mandate a stay of discovery. Plaintiff will be prejudiced if he is not able to begin discovery on the categories of information identified below. Each day that Plaintiff's yearbook photograph is being displayed on Defendant's website without Plaintiff's consent (and

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

solely for the monetary benefit of Defendant) is additional injury to the Plaintiff. He is entitled to litigate these claims in a timely manner, which requires discovery.

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support her anticipated motion for class certification as well as on the merits of Plaintiff's legal claims and will include documents and information concerning: 1) Classmates' use of Plaintiff and Class members' names and likenesses in and to advertise its subscription products; 2) Classmates' subscription models and advertising strategies; 3) The value of Plaintiff's and Class members' names and likenesses in attracting and retaining subscribers; 4) Classmates' collection of Plaintiff's and Class members' names and likenesses from yearbooks; 5) Any purported consent by Plaintiff and the Class to Classmates' use of their names and likenesses; 6) Classmates' revenue from its use of Plaintiff's and Class members' names and photographs; 7) Any licensing agreements under which Classmates either earns or pays a fee to license Plaintiff's and Class members' names and photographs; 8) Classmates' insurance coverage for legal claims; 9) Internal or external communications expressing or addressing privacy and/or intellectual property concerns regarding Classmates' use of names and photographs; 10) The size of the class and the names of class members; 11) Any affirmative defenses Classmates intends to assert.

Plaintiff does not presently anticipate a need for expert testimony. In the event expert testimony is needed, Plaintiff proposes that the deadline for expert disclosures be on the date he files for class certification, on or before November 18, 2022. Plaintiff proposes that the Parties agree on a schedule for class certification opposition and reply briefing as well as opposition and/or rebuttal expert report disclosures, to be approved by the Court, after the close of fact discovery.

Plaintiff believes that bifurcation of discovery is not appropriate here. Rather, Plaintiff proposes that discovery begin immediately and be completed in its entirety on or before October 14, 2022. Plaintiff believes that fact discovery, including all discovery of the named Plaintiff, must be completed prior to when Plaintiff moves for class certification. On a motion to certify a class, the Court is required to engage in a "rigorous analysis" to determine whether the Rule 23

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

requirements have been met, which involves some overlap with the merits of plaintiff's claims. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Although PeopleConnect does not characterize its schedule proposal as a bifurcation of discovery, that is what the effect of its proposed schedule would be. Specifically, Defendant proposes conducting all discovery of the Plaintiff in a three-month time period between the class certification motion and its opposition to that motion and then leaving an additional four months to conduct discovery after the class certification motion is ruled on. This schedule would unnecessarily extend the timeline of this case.

Additionally, Plaintiff is concerned that Defendant will not produce all relevant discovery in a timely manner such that it can be used in his class certification motion. The schedule Plaintiff seeks is standard in class cases, and Defendant is free to seek discovery from the named Plaintiff on all merits issues and topics that bear specifically on class certification during the fact discovery period. Moreover, under Plaintiff's proposal, if Plaintiff discloses expert testimony to support his motion for class certification, Defendant will have time to review that report and prepare a rebuttal expert report prior to filing its opposition to the class certification motion. The unconventional schedule that Defendant seeks is simply not necessary in this straightforward class action.

        **ii.**      **Defendant:**  As reflected in Defendant's motion to stay discovery (Dkt. 28), Defendant's position is that discovery in this case should be stayed until this Court rules on Defendant's motion to dismiss (Dkt. 25). This Court has recognized that a stay is justified pending a ruling on a motion to dismiss where the motion raises non-frivolous arguments that could dispose of the entire case and no discovery is needed to resolve the motion.

Despite Plaintiff's contention above, Defendant does not argue that a discovery stay is automatic. Rather, Defendant respectfully contends that Defendant's motion to dismiss raises several meritorious arguments (and are not frivolous as Plaintiff speculated before even seeing the motion): (1) Plaintiff's claims under the Indiana Right of Publicity Act related to yearbooks containing his name and photos on Classmates.com are without merit because, in part, Plaintiff's photograph is not used in conjunction with any endorsement of or advertisement for a product or

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

service and because no violation is alleged to have occurred in Indiana, as required by that statute; (2) the presentation on a website of excerpts of school yearbooks is protected by the First Amendment and Plaintiff's claims are barred by the recently enacted Washington Uniform Public Expression Protection Act ("UPEPA" or "Washington anti-SLAPP statute"); and (3) the recent history of litigation against PeopleConnect demonstrates that requiring PeopleConnect to litigate motions to stay at every level of the judiciary until the stay issue reaches the Supreme Court (at which point multiple plaintiffs have agreed to stay discovery despite prior opposition, including plaintiffs represented by the same counsel as in this case) is a wasteful use of resources for both the parties and the courts. Moreover, Defendant has put forth an additional threshold argument to compel Plaintiff to arbitrate his claims (Dkt. 25). While Plaintiff may claim Defendant's motion to compel arbitration is somehow frivolous, Defendant's motion, which is well supported by Indiana law, proves otherwise.

Plaintiff's reason for opposing a discovery stay is based on an alleged harm to Plaintiff because his photograph is being displayed on Classmates.com, but as indicated in Defendant's motion to stay, Plaintiff's name and photos are suppressed on Classmates.com and Defendant will agree to make the continued suppression a condition of a stay order (Dkt. 28 at 9). Accordingly, Plaintiff's alleged harm does not exist and is no basis for denying a stay.

To the extent the Court denies Defendant's motion to dismiss, Defendant agrees with plaintiff that bifurcation of discovery is not appropriate here (and has never asserted a contrary position). Plaintiff cites *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), for the proposition that the Rule 23 analysis involves "some overlap with the merits of plaintiff's claims." Defendant agrees, which is exactly why it proposes a single discovery period, during which both parties can take both class and merits discovery. Defendant anticipates discovery will be needed on Plaintiff's typicality and adequacy as a class representative, including, but not limited to, discovery related to Plaintiff's relationship with Classmates.com and the potential arbitrability of Plaintiff's claims.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Defendant also anticipates discovery will be sought regarding the merits of Plaintiff's claims and the elements of Defendant's defenses to be asserted in its answer.

As to the overall discovery cadence, Defendant believes it is essential that the discovery cutoff be set for a period of time *after* the Court rules on Plaintiff's planned motion for class certification. Defendant proposes that discovery end four months after the Court rules on that motion. Plaintiff persists with an unfounded concern that Defendant will not produce timely discovery, yet Defendant agrees Plaintiff should have as much time as he desires to take discovery and prepare his motion for class certification and would not expect Plaintiff to file his motion until he has taken the necessary discovery. In turn, Defendant should have time to conduct additional discovery after Plaintiff files his motion in order to support its opposition motion. There is certain discovery Defendant cannot conduct until after it reviews Plaintiff's motion, in which Plaintiff will define the class and claim to meet certain class-related elements. Defendant's experience proves that a class plaintiff will often change the class definition to avoid issues that become evident through discovery. Moreover, until Plaintiff files his motion, Defendant will have no insight into how Plaintiff claims he can meet the elements of class certification, including typicality. Additionally, whether Defendant requires an expert to oppose class certification will hinge on how the class ultimately is defined in the class certification motion and also on Plaintiff's potential use of experts. For these reasons, Plaintiff's proposal to set the discovery cutoff prior to filing the class certification motion may deprive Defendant of essential discovery. Defendant thus proposes three months to conduct discovery, including Plaintiff's deposition, discovery of any expert Plaintiff uses to support his class certification motion, and designation of any necessary experts and preparation of expert reports, and to prepare its opposition motion after the filing of Plaintiff's planned motion for class certification.

Plaintiff mischaracterizes Defendant's discovery proposal, which is *not* for Defendant to conduct "all discovery of the Plaintiff in a three-month time period between the class certification motion and its opposition to that motion," as put forth above. To the contrary, as Defendant has

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

explained to Plaintiff, Defendant intends to take written and other discovery prior to Plaintiff's motion for class certification and proposes a three-month time period after that motion is filed to take *additional* discovery that it cannot obtain prior to the motion being filed. Plaintiff has made it abundantly clear that its sole reason for opposing Defendant's proposed schedule is to prejudice defendant from taking discovery of Plaintiff after Defendant sees Plaintiff's class certification position. This is unfair and contrary to the discovery schedules typically used in similar class cases. Other plaintiffs in Classmates.com cases have recognized the reasonableness of Defendant's proposed discovery cadence and jointly agreed to much fairer discovery plans. *See e.g.*, *Knapke v. PeopleConnect, Inc.*, Case No. 2:21-cv-00262 (W.D. Wash.) ECF No. 44 (jointly proposing a discovery cut-off six months after a ruling on class certification).

C.   **Electronically Stored Information:** The Parties do not anticipate any special issues relating to electronically stored information ("ESI"). The Parties anticipate following the Model Protocol for Discovery of ESI, tailored as appropriate for purposes of this case, which they intend to submit for approval by the Court.

D.   **Privilege Issues:** The Parties do not anticipate any unusual or unique privilege issues. The Parties agree that a Protective Order addressing privilege issues, and governing the use of confidential business information, personal information, and other confidential material, is appropriate and likely will jointly submit a proposed order for the Court's consideration that is based on the Western District's model form, modified as necessary to account for the particular confidentiality concerns in this case.

E.   **Limitations on Discovery:** The parties do not currently propose any changes to the limitations on discovery imposed under the Federal and Local Civil Rules and do not propose other limitations at this time.

F.   **Proposed Discovery Orders:** As reflected above, the Parties likely will jointly submit a proposed Protective Order. The Parties do not anticipate the need for additional discovery-related orders at this time.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

5.      **Local Civil Rule 26(f)(1) Issues.**

A.      **Prompt Case Resolution:** Plaintiff believes that some discovery is required prior to any productive settlement discussions but is willing to engage in settlement conversations prior to completing discovery. Defendant is aware of the benefits of early resolution and will promptly seek to resolve the dispute if the opportunity arises.

B.      **Alternative Dispute Resolution:** The Parties believe that mediation may be appropriate at a later stage of the proceedings, but do not believe mediation is appropriate at this time.

C.      **Related Cases:** The Parties disagree regarding the existence of related cases under LCR 3(g) and (h). Plaintiff's position is that two other cases pending before this Court, *Barbara Knapke v. PeopleConnect, Inc.*, Case No. 2:21-cv-00262 (W.D. Wash.), and *Martinez v. ZoomInfo Tech., Inc.* Case No. 3:21-cv-05725 (W.D. Wash.), are related to this matter under LCR 3(g) in that they arise from a website's use of individuals' personal information without consent in advertisements selling website subscription. Additionally, the following pending actions before other courts, although not related to this matter under LCR 3(g) and (h), also involve right of publicity and/or misappropriation of likeness claims based on PeopleConnect's use of yearbook photos on behalf of consumers in California (*Callahan* case) and Illinois (*Bonilla* case) under those states' right of publicity statutes and common law: *Meredith Callahan v. PeopleConnect, Inc.,* Case No. 20-cv-09203-EMC (N.D. Cal.); *Sergio Bonilla v. PeopleConnect, Inc.,* Case No. 1:21-cv-0051 (N.D. Ill.).

Defendant contends that there are no pending related cases under LCR 3(g)(4). Defendant agrees with Plaintiff that the *Callahan* and *Bonilla* matters, which involve different plaintiffs, different state laws, and are pending in different courts, are not related under LCR 3(g) and (h). Additionally, the *Knapke* and *Martinez* matters Plaintiff describes above are not related because they do not involve "substantially the same parties, property, transaction, or event" as this case. In fact, they both involve different plaintiffs (and in Martinez, different defendants) and different

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

state laws (*Knapke* involves an Ohio statute and *Martinez* involves a California statute, whereas this case involves Indiana law). Additionally, Plaintiff neglects to include that his counsel (who also represent the *Martinez* plaintiff) moved to relate the *Martinez* matter to the above-captioned action without providing Defendant notice. If Defendant had been provided such notice, Defendant would have objected because the *Martinez* matter involves a different plaintiff, different defendant, different website, and different state law, and does not meet the related case standard under LCR 3(g)(4). By way of analogy, when Plaintiff's counsel tried to relate *Harriet v. MyLife.com, Inc.*, No. 3:31-cv-08229 (N.D. Cal.), to the *Callahan* case, Defendant was provided with notice, objected, and successfully defeated the motion to relate because the cases similarly did not involve the same parties or websites. *See Callahan v. PeopleConnect, Inc.,* Case No. 20-cv-09203-EMC (N.D. Cal.), ECF No 79 (denying the motion as "baseless" and a "waste of the parties' time as well as the Court's").

> **D.**     **Discovery Management:** The Parties do not believe any special provisions need to be adopted for discovery management. The Parties agree to share discovery from third parties, if any discovery from third parties is taken. The Parties will confer about whether any discovery disputes may be presented to the court by informal means. The Parties do not request the use of a magistrate judge for settlement conferences. The Parties do not request an abbreviated pretrial order.

> **E.**     **Anticipated Discovery Sought:** Plaintiff anticipates seeking from the Defendant and/or relevant third parties: 1) Classmates' use of Plaintiff and Class members' names and likenesses in and to advertise its subscription products; 2) Classmates' subscription models and advertising strategies; 3) The value of Plaintiff's and Class members' names and likenesses in attracting and retaining subscribers; 4) Classmates' collection of Plaintiff's and Class members' names and likenesses from yearbooks; 5) Any purported consent by Plaintiff and the Class to Classmates' use of their names and likenesses; 6) Classmates' revenue from its use of Plaintiff's and Class members' names and photographs; 7) Any licensing agreements under which

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Classmates either earns or pays a fee to license Plaintiff's and Class members' names and photographs; 8) Classmates' insurance coverage for legal claims; 9) Internal or external communications expressing or addressing privacy and/or intellectual property concerns regarding Classmates' use of names and photographs; 10) The size of the class and the names of class members; 11) Any affirmative defenses Classmates intends to assert.

To the extent the Court denies Defendant's motion to dismiss, Defendant anticipates discovery will be needed on Plaintiff's typicality and adequacy as a class representative, including, but not limited to, discovery related to Plaintiff's relationship with Classmates.com and the potential arbitrability of Plaintiff's claims. Defendant also anticipates discovery will be sought regarding the merits of Plaintiff's claim and the elements of Defendant's defenses to be asserted in its answer. Defendant anticipates that it may need expert discovery, which will depend on Plaintiff's use of experts and Plaintiff's arguments in support of his planned motion for class certification, including how Plaintiff defines the class or classes he seeks to certify.

> **F.   Phasing Motions.**
>
> > **i.      Plaintiff**: Plaintiff's position is that no phasing of discovery is

necessary and that discovery should not be stayed pending Defendant's motion to dismiss, as discussed above. To the extent Defendant's requested discovery stay is based on its motion to strike under Washington's anti-SLAPP statute, courts in this district have found that the discovery limiting provisions of the statute "cannot apply in federal court" because they conflict with "the discovery-allowing aspects of Rule 56." *AR Pillow Inc. v. Maxwell Payton, LLC*, No. C11-1962RAJ, 2012 WL 6024765, at *3 (W.D. Wash. Dec. 4, 2012). Additionally, under the Washington UPEPA, even if an anti-SLAPP motion is pending, Plaintiff is entitled to discovery of information that is "necessary" to oppose the anti-SLAPP motion. *See* Wash. Rev. Code Ann. § 4.105.030; *see also Cristo v. Cayabyab, No.* 18CV00561BLFSVK, 2019 WL 1117529, at *2 (N.D. Cal. Mar. 11, 2019) (discussing similar provision in the California anti-SLAPP statute and citing *Metabolize Int'l, Inc. v. Wernicke*, 264 F.3d 832, 860 (9th Cir. 2001), *Kearney v. Foley &*

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*Lardner, LLP*, 590 F.3d 638, 648 (9th Cir. 2009)). Plaintiff has issued discovery requests to PeopleConnect that bear on Defendant's anti-SLAPP motion, which contends that classmates.com does not engage in commercial speech and that the information on its website is of "public concern." Doc. 25. These are factual determinations which Plaintiff can rebut with the evidence he has sought from Defendant on topics including the revenue Defendant derives from the sale of website subscriptions, its use of on-site messages and marketing materials that use Plaintiff's yearbook photographs, and evidence Defendant relies on to support its affirmative defenses.

           **ii.**      **Defendant***:* For reasons detailed above, Defendant believes discovery (if any) should not begin until Defendant's pending motion to dismiss is resolved, and it should follow the cadence also discussed above. Plaintiff now claims that he is entitled to discovery related to Defendant's anti-SLAPP motion. First, under the Washington UPEPA the court "*may* allow limited discovery if a party shows that specific information is *necessary.*" Wash. Rev. Code Ann. § 4.105.030 (emphasis added). Limited discovery of specific information is not necessary here and the "factual determinations" Plaintiff describes above are irrelevant to Defendant's anti-SLAPP motion. Whether a defendant is paid for the speech at issue does not determine whether that speech is a matter of public concern. *Daly v. Nexstar Broad., Inc.*, No. 1:19-CV-00976-RLY-MG, 2021 WL 2410982, at *1 (S.D. Ind. June 1, 2021) (finding that a lawsuit against a broadcasting company related to a radio program violated the Indiana anti-SLAPP); *Cañar Servs., Inc. v. LIN Television Corp.*, No. 1:07-CV-1482-LJM-JMS, 2008 WL 2266348, at *1 (S.D. Ind. May 29, 2008) (finding that a lawsuit against a television station related to a news report violated the Indiana anti-SLAPP). The fact that publications like the New York Times and Wall Street Journal sell their newspapers for money does not negate that the subjects reported on within those publications are matters of public concern, and Plaintiff does not cite any authority suggesting otherwise. Additionally, the *Cristo* and *Kearney* cases Plaintiff cites above are inapposite and do not support Plaintiff's broad ranging request for discovery. First, both cases address the California anti-SLAPP statute, which is irrelevant for purposes of discovery here.

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Second, as these cases make clear, discovery is permitted with respect to an anti-SLAPP motion only if that motion is based on the factual sufficiency of the complaint. Here, Defendant's anti-SLAPP motion is not based on factual sufficiency, but instead is based on the *legal* sufficiency of Plaintiff's claims. Under such circumstances, no discovery should be permitted as it is not essential to the anti-SLAPP motion, but instead is an impermissible fishing expedition.

In the event discovery does begin, Defendant's position is that discovery should not be conducted in phases and that bifurcated discovery is not appropriate in this case. For the reasons put forth in Section 4(B) above, Defendant proposes that all briefing related to Plaintiff's planned motion for class certification be completed within the discovery period.

**G.      Preservation:** The Parties have taken steps to preserve relevant information, including ESI.

**H.      Privilege Issues:** The Parties do not anticipate any unique issues relating to privilege.

**I.      Model Protocol for Discovery of ESI:** The Parties anticipate discovery will include electronically stored information. As reflected above, the Parties anticipate agreeing to a modified version of the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation. Prior to producing responsive documents, the Parties will submit the protocol.

**J.      Alternatives to Model Protocol:** The Parties do not anticipate any issues regarding disclosure or discovery of ESI and, therefore, do not anticipate the need to adopt alternatives to the Model Protocol. Instead, the Parties will meet and confer regarding any proposed modifications to the Model Protocol, which the parties will tailor as appropriate for purposes of this case.

**6.      Date for Completion of Discovery.**

**A.      Plaintiff**: Plaintiff proposes that fact discovery be completed by October 14, 2022. Plaintiff will file his motion for class certification by November 18, 2022.

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

**B.    Defendant:** As explained above, Defendant's position is that no discovery should start until after a ruling on Defendant's motion to dismiss. To the extent the Court denies that motion, Defendant proposes that all discovery (both fact (related to class and merits discovery) and class expert, if necessary) be completed no later than four months following a ruling on Plaintiff's planned motion for class certification. Defendant proposes that the discovery period end after the Court's ruling on Plaintiff's planned motion because that ruling may necessitate additional discovery related to the merits of Plaintiff's claims, which the parties will not be aware of until after the Court rules. This additional discovery period will equally benefit both parties and will avoid the need to request future discovery extensions.

**7.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

At this point, the Parties do not believe this case should be bifurcated in any way.

**8.    Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties propose a status hearing with the Court 30 days after a ruling on Plaintiff's planned motion for class certification to discuss trial-related details.

**9.    Any other suggestions for shortening or simplifying the case.**

**A.    Plaintiff:** Plaintiff will file his motion for class certification by November 18, 2021, along with the disclosure of any affirmative expert report. Plaintiff proposes that the Parties agree on a briefing schedule and opposition and/or rebuttal expert report disclosure schedule, to be approved by the Court, after the close of fact discovery. Plaintiff strongly opposes serial depositions of the named Plaintiff and, as discussed above, disagrees that Defendant can only seek discovery of the named Plaintiff after seeing the class certification motion. Plaintiff is happy to work with Defendant and the Court to set a class certification briefing and expert disclosure/discovery schedule that allows the parties sufficient time to conduct expert depositions and draft rebuttal expert reports.

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**B.      Defendant:** Defendant agrees with Plaintiff's proposed date for filing his motion for class certification and proposes three months for Defendant to file its opposition (for the reasons described above, including so Defendant has sufficient time to take the depositions of Plaintiff and class experts, if necessary). Defendant would agree to six weeks for Plaintiff's reply, which is the amount of time Plaintiff has represented he needs. Defendant disagrees with Plaintiff's proposed class certification briefing and discovery cadence for the reasons described above, and also because it will not simplify the case because it will promote unnecessary motions practice. For example, under Plaintiff's proposal to conclude discovery before filing the class certification motion, Defendant is likely to seek leave of court to depose Plaintiff a second time after he files his planned class certification motion in order to ask Plaintiff about the allegations put forth in that motion. Defendant's proposed discovery schedule contemplates only one deposition of Plaintiff, yet Plaintiff opposes Defendant's proposal in an effort to deny Defendant the ability to ask Plaintiff about the allegations put forth in his motion for class certification after it is filed. Plaintiff has provided no other reason why Defendant should not be able to depose Plaintiff after he files his motion. Additionally, Defendant will need to conduct expert discovery of any expert Plaintiff uses in connection with his class certification motion as well as discovery of any class related expert that Defendant may need to designate in response to Plaintiff's motion.

**10.      The date the case will be ready for trial.**

The Parties propose a status hearing with the Court 30 days after a ruling on Plaintiff's planned motion for class certification to discuss scheduling for dispositive motions, if any, and trial-related scheduling details.

**11.      Whether the trial will be jury or non-jury.**

**A.      Plaintiff:** Jury.

**B.      Defendant:** Plaintiff has requested a jury trial. Defendant reserves its right to demand a jury trial in the event this Court denies its pending motion to dismiss.

**12.      The number of trial days required.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

  **A.**  **Plaintiff:** 5 days.

  **B.**  **Defendant:** Defendant proposes a status hearing with the Court 30 days after a ruling on Plaintiff's planned motion for class certification to discuss trial-related scheduling details.

  **13.**  **The names, addresses, and telephone numbers of all trial counsel.**

  **A.**  **For the Plaintiff:**

Raina Borrelli (admitted *pro hac vice*)
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500 San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293
Email: MRam@forthepeople.com
Email: MAppel@forthepeople.com

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen Street Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: Ben@benosbornlaw.com

  **B.**  **For the Defendant:**

Michael Rosenberger
Mark Wilner
Samantha K. Pitsch
Gordon Tilden Thomas & Cordell LLP
600 University Street, Suite 2915
Seattle, WA 98101
Tel: 206-467-6477
Email: mrosenberger@gordontilden.com
Email: mwilner@gordontilden.com
Email: spitsch@gordontilden.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 16
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Debbie L. Berman (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
Jenner & Block (IL)
353 N Clark St.
Chicago, IL 60654
Tel: 312-222-9350
Email: dberman@jenner.com
Email: wthomson@jenner.com

Brent Caslin
Jenner & Block (CA)
515 S Flower St., Suite 3300
Los Angeles, CA 90071-2246
Tel: 213-239-510
Email: bcaslin@jenner.com

**14.   The dates on which trial counsel may have complications to be considered in setting a trial date.**

The Parties propose a status hearing with the Court 30 days after a ruling on Plaintiff's planned motion for class certification to discuss trial-related scheduling details.

**15.   If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All parties have been served.

**16.   Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

Defendant requests a scheduling conference before the Court enters a scheduling order so Defendant can answer any questions the Court may have regarding its proposed discovery schedule and cadence. Plaintiff takes no position on this request.

**17.   List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.**

Defendant filed its corporate disclosure statement on December 20, 2021 (Dkt. 24). No other parties were required to file corporate disclosures.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
RESPECTFULLY SUBMITTED AND DATED this 30th day of December, 2021.
3
4
5
**GORDON TILDEN THOMAS & CORDELL LLP**
6
By:  _/s/ Michael Rosenberger_
7
Michael Rosenberger, WSBA #17730
8
Mark Wilner, WSBA #31550
9
Samantha K. Pitsch, WSBA #54190
10
600 University Street, 2915
11
Seattle, Washington 98101
12
Telephone:  206-467-6477
13
mrosenberger@gordontilden.com
14
mwilner@gordontilden.com
15
spitsch@gordontilden.com
16
17
Brent Caslin, WSBA #36145
18
**JENNER & BLOCK LLP**
19
515 S. Flower Street, Suite 3300
20
Los Angeles, California 90071-2246
21
Telephone:  213 239-5100
22
bcaslin@jenner.com
23
24
Debbie L. Berman (_pro hac vice_)
25
Wade A. Thomson (_pro hac vice_)
26
**JENNER & BLOCK LLP**
27
353 North Clark Street
28
Chicago, IL 60654
29
Telephone:  213-222-9350
30
dberman@jenner.com
31
wthomson@jenner.com
32
33
_Attorneys for Defendant_
34
35
36
37
38
39
40
41
42
43
44
45

JOINT STATUS REPORT AND DISCOVERY PLAN - 18
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

**TURKE & STRAUSS LLP**

By:  /s/ *Raina Borrelli*
　　　　Raina Borrelli (admitted *pro hac vice*)
　　　　Samuel J. Strauss, WSBA #46971
　　　　Email: sam@turkestrauss.com
　　　　613 Williamson St., Suite 201
　　　　Madison, Wisconsin 53703
　　　　Telephone: (608) 237-1775
　　　　Facsimile: (608) 509-4423

　　　　*Attorneys for Plaintiff*

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477