The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-01222-MJP<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INTRODUCTION**

Plaintiff, citing no authority, urges the Court to deny the Motion to Stay Discovery ("Mot.", ECF No. 28) because he believes his claims are "[]likely to move forward." Opp., ECF No. 33, at 4. He is wrong for reasons explained in the Motion to Dismiss, *see* ECF No. 25, and the Reply in Support filed contemporaneously with this Reply ("MTD Reply"), but the critical point here is that he is not applying the correct standard for staying discovery. As explained in the Motion, courts in this District consider two factors, whether: "(1) the pending motion would be ***potentially dispositive*** of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potentially dispositive motion can be decided ***without additional discovery***." Mot. 4 (citing *Bosh v. United States*, No. C19-5616, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019)) (emphasis added). Because PeopleConnect has satisfied both elements, discovery should be stayed. *See* Mot. 4–7. In response, Plaintiff resorts to generic language that pending motions to dismiss do not "generally" or "automatic[ally]" warrant a stay of discovery. Opp. 3, 8. Unlike the cases Plaintiff cites (Opp. 3), PeopleConnect's Motion to Stay is not premised solely on the fact that it filed a motion to dismiss. It is based on the ***content*** of its Motion to Dismiss, which contains a Motion to Compel Arbitration and an anti-SLAPP defense as well as substantive arguments that are "potentially dispositive" of the entire case.

**ARGUMENT**

I.    **Discovery Should Be Stayed Because The Motion To Dismiss Raises Significant, Potentially Case-Dispositive Issues.**

PeopleConnect meets the well-established standard in this District for determining whether discovery should be stayed pending resolution of a motion to dismiss.[1] *See* Mot. 4.

---

[1] Plaintiff cites *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434. *1 (W.D. Wash. Oct. 14, 2020) extensively, suggesting that it applies a different standard. Not so. The *Wilmington* court applied the same standard that PeopleConnect sets forth above to decide if a stay of discovery should be granted. *Id.* at *2. Ultimately, the court there denied the motion to stay all discovery because the defendant did not move to dismiss all counts of the complaint so its motion did not meet the first factor of being potentially dispositive of the entire case. *Id.* Nonetheless, the court sequenced the discovery, permitting only discovery on the claim that was not the subject of the motion to dismiss. *Id.* at *3.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY- 1
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

*First*, the Motion to Dismiss demonstrates that Plaintiff's claims are barred by *Daniels v. FanDuel, Inc.*, 109 N.E.3d 390, 397 (Ind. 2018). Plaintiff's sole response is that the fatal deficiencies to his claim "are predicated on a single case," Opp. 4, but that "single case" is binding precedent of the Indiana Supreme Court. That precedent renders irrelevant the non-Indiana decisions regarding other states' statutes on which Plaintiff relies. Moreover, contrary to Plaintiff's claims, Opp. 4, and as explained in the Reply in Support of the Motion to Dismiss, MTD Reply at 10, the Court is not deciding this Motion to Dismiss on the same set of facts. The Court now has the complete context of the website, which rebuts Plaintiff's conclusory allegations that his name and photo are used in advertisements for a Classmates.com subscription. The screenshots showing the actual operation of the website were not available to any prior court. MTD Reply at 1.

That is not all. The Motion to Dismiss also demonstrates that Plaintiff is contractually bound to arbitrate his claims, having ratified his attorney's assent to the agreement to arbitrate. Although Plaintiff maintains this motion "will certainly be denied, as it has been by other courts in parallel circumstances," Opp. 5, Plaintiff admits this case presents "different arbitration facts" involving a different state's law. Opp. 8. Indeed, PeopleConnect's ratification argument is an issue of first impression under the applicable Indiana law so the cases Plaintiff cites—*Knapke v. PeopleConnect, Inc.*, Case No. C21-262 MJP, 2021 WL 3510350, at *2–3 (W.D. Wash. Aug. 10, 2021) (Ohio law) and *Callahan v. PeopleConnect, Inc.*, Case No. 20-cv-09203-EMC, 2021 WL 1979161, at *6–7 (N.D. Cal. May 18, 2021) (California law)—have no bearing here.

Furthermore, the Motion to Dismiss also shows that Plaintiff's suit is barred by Washington's new anti-SLAPP statute. While Plaintiff insists that other courts already have denied anti-SLAPP motions in similar cases, Opp. 5–6, this is incorrect. First, no court has analyzed or applied the brand-new Washington Uniform Public Expression Protection Act ("UPEPA"). Second, as explained above, unlike other cases, the Motion to Dismiss presents the Court with a complete depiction of the full Classmates.com website, something no other court has yet considered in the context of an anti-SLAPP motion. When Plaintiff's conclusory allegations are

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

viewed in context of the Classmates.com website as a whole, it is clear Plaintiff's name and photo are not used for a commercial purpose, and thus the UPEPA bars Plaintiff's claims. *See* Dkt. 26, Ex. 1.

*Second*, the Motion to Dismiss may be resolved without further discovery. Mot. 6. Plaintiff seeks to rebut this by contending that he is "entitled" to discovery under UPEPA. Opp. 7. Not so. Under UPEPA, "the court *may* allow limited discovery if a party shows that specific information is *necessary* to establish whether a party has satisfied or failed to satisfy a burden under RCW 4.105.060(1) and the information is not reasonably available unless discovery is allowed." Wash. Rev. Code Ann. § 4.105.030 (West) (emphasis added). The case upon which Plaintiff relies embodies the very principle that PeopleConnect asks this Court to apply here: "Plaintiff fails to identify specific factual challenges to Plaintiff's claims and the information in Defendant[]'s possession essential to opposing those factual challenges." *Cristo v. Cayabyab*, No. 18-cv-00561, 2019 WL 1117529, *3 (N.D. Ca. Mar. 11, 2019).

While Plaintiff identifies broad discovery he wants, he fails to explain the relevance of that discovery to any factual issues and why such information is essential to oppose those challenges. And, even if he were correct that he needs some discovery, PeopleConnect already has provided screenshots from the website that show whether yearbook names or photographs are used in the alleged advertisements and the content of those alleged advertisements (which ironically he did not even reference in his response to the anti-SLAPP motion). Dkt. 26, Ex. 1. No further discovery is needed.

Finally, the discovery requests Plaintiff already has served further belie Plaintiff's purported need for discovery solely to oppose the anti-SLAPP motion. Plaintiff has sought broad, class related discovery, *see* Strauss Decl., Dkt. 34, Ex. 1, none of which has any bearing on the legal issues raised by the UPEPA motion.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY - 3
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

In sum, the Court should use its discretion to issue a stay in this case because PeopleConnect's Motion is potentially dispositive of this case, and the Court has sufficient information to resolve this dispute.

## II.     Plaintiff's Remaining Arguments Are Irrelevant And Meritless.

The rest of Plaintiff's arguments are unrelated to the standard for a stay and thus are without merit.

*First*, Plaintiff asserts the Court should deny Defendant's Motion as it "is likely moot" because PeopleConnect filed it at the same time it filed its motion to dismiss. Opp. 3. If the motion is moot because the Court addresses the Motion to Dismiss before this Motion, so be it, but that has not occurred. And the Court can decide these motions in whatever order it chooses.

*Second*, Plaintiff objects that PeopleConnect has created a "hypothetical" scenario that will lead to him ultimately agreeing to stay this matter because, he argues, any appeal of the denial of PeopleConnect's motion to compel arbitration would be "frivolous." Opp. 8. Initially, there is nothing hypothetical in Plaintiff's counsel agreeing to a stay after significant, needless motion practice in this Court, the Ninth Circuit and the Supreme Court because that is exactly what Plaintiff's counsel did in in *Callahan*. *See Callahan v. PeopleConnect*, No. 3:20-cv-09203-EMC (N.D. Cal. Dec. 19, 2021), ECF No. 86. And as explained in the MTD Reply, any appeal of PeopleConnect's Motion to Compel Arbitration would not be frivolous as this is an issue of first impression under Indiana law. MTD Reply 10.

*Third*, Plaintiff asserts he will be prejudiced by a stay because delaying his ability to obtain discovery while the Motion to Dismiss is pending will "impact [his] ability to resolve his claims against PeopleConnect." Opp. 7. Yet Plaintiff offers little more than a conclusory assertion of prejudice. That is because there is none. In *Sessa,* the court found that a plaintiff in a similar lawsuit would not be prejudiced by a stay pending an interlocutory appeal, rejecting the plaintiff's argument that a stay would "delay monetary recovery and harm Plaintiffs' intellectual property and privacy rights." *Sessa et al. v. Ancestry.com Operations Inc. et al.*, No. 2:20-cv-02292-GMN-

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY - 4
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

BNW, (D. Nev. Jan. 18, 2022), ECF No. 50 at 8 n.2. The same is true here. PeopleConnect has a litigation hold in place so there "is no appreciable risk of evidence spoilation," and PeopleConnect has suppressed Plaintiff's name and photos so there can be no conceivable ongoing harm.[2] Mot. 9. Moreover, Plaintiff's counsel agreed to postpone discovery in *Callahan* until after the court ruled on the motion to dismiss, which he would not have done if it would have prejudiced his client.

Indeed, if there is a risk of prejudice to any party, it is to PeopleConnect. PeopleConnect certainly would be harmed if the Court compels arbitration after discovery already has begun, as PeopleConnect would have been forced to litigate on a class basis when Plaintiff's claim belongs in an individual arbitration. *Wilson v. Huuuge, Inc.*, No. 3:18-CV-05276-RBL, 2019 WL 998319, at *4 (W.D. Wash. Mar. 1, 2019); *see Lowden v. T-Mobile USA, Inc.*, No. C05-1482P, 2006 WL 1896678, at *2 (W.D. Wash. July 10, 2006) ("[L]itigation expenses . . . would defeat the cost-limiting purpose of their arbitration agreements" and "would constitute a significant hardship."). The risk of that harm is real. During the recent Rule 26(f) conference, PeopleConnect repeatedly made clear it was participating only because of the court-ordered deadlines, which were set before the deadline for responding to the Complaint was extended, and that it believed discovery should be stayed. PeopleConnect reiterated that position in the Joint Status Report and Discovery Plan. Dkt. 29 at 5. Yet despite the fact that: (1) the Court has set no discovery schedule in this case; (2) this Motion was pending; and (3) Plaintiff's same counsel had recently agreed to a stay of litigation in *Callahan*, Plaintiff served aggressive and extensive discovery on PeopleConnect four days before Christmas, before the parties even had time to discuss a protective order or ESI protocol. *See* Dkt. 34. It is clear that this was done in furtherance of a litigation contrivance—Plaintiff hopes to obtain discovery now so that if the Court denies the motion to compel arbitration, he can argue later that any motion to stay pending appeal is moot because there is no harm to PeopleConnect from not getting the benefits of the bargain to arbitrate.

---

[2] The Court can order PeopleConnect not to unsuppress that information as part of any stay order.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY - 5
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The whole point of this Motion is that PeopleConnect should not bear these burdens while its Motion to Dismiss is pending. The Court has "broad discretionary powers to control discovery" and "may relieve a party of the burdens of discovery while a dispositive motion is pending." *Lloyd v. Buzell*, No. 3:18-cv-06038, 2019 WL 2646243, at \*1 (W.D. Wash. June 27, 2019) (collecting cases). It should exercise that discretion here.

If the Court does not stay discovery, there also is a real risk that judicial resources will be wasted. The court in *Sessa* recently gave significant weight to that risk in granting a motion to stay based on the fact that there currently is pending on appeal to the Ninth Circuit against a similar website, Ancestry.com, that like Classmates.com sells access to republished yearbooks, raising similar defenses. *Sessa*, No. 2:20-cv-02292-GMN-BNW at 2, 7 (citing *Callahan v. Ancestry.com Inc.,* Ninth Circ. Case No. 21-16161)). Specifically, the *Sessa* court noted that because of the potentially "instructive" ruling on Ancestry's Section 230 defense in *Callahan v. Ancestry.com,* a stay was appropriate to "promote efficient use of the parties' and the Court's limited resources by not wasting them in a case that may not survive." *Id.* at 7–8 n.1. The same is true here, especially because the Motion to Dismiss involves CDA 230 claims pending in the same circuit. *Id.* at 7.

<u>**CONCLUSION**</u>

For the foregoing reasons, PeopleConnect respectfully this Court stay discovery pending resolution of PeopleConnect's Motion to Dismiss.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY - 6
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

DATED this 21st day of January, 2022.

GORDON TILDEN THOMAS & CORDELL LLP

By: *s/ Michael Rosenberger*

Michael Rosenberger, WSBA #17730
Mark Wilner, WSBA #31550
Samantha K. Pitsch, WSBA #54190
600 University Street, 2915
Seattle, Washington 98101
Telephone:  206-467-6477
mrosenberger@gordontilden.com
mwilner@gordontilden.com
spitsch@gordontilden.com

Brent Caslin, Washington State Bar No. 36145
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone:  213 239-5100
bcaslin@jenner.com

Debbie L. Berman (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Telephone:  312-222-9350
dberman@jenner.com
wthomson@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
STAY DISCOVERY - 7
2:21-CV-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477