The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | NO. 2:21-cv-01222-MJP<br><br>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT |

Local Civil Rule 7(n) allows a party to bring to the Court's attention relevant authority issued after the date of the party's last brief.  The defendant's last brief in support of its motion to dismiss was filed with this Court on January 21, 2022.  Dkt. No. 36.  On February 15, 2022, the U.S. District Court for the Northern District of Illinois issued a decision in *Azuz v. Accucom Corp.*, Case No. 21-cv-1182.  The opinion authorizes limited fact discovery regarding the arbitrability of the plaintiff's claim, specifically whether the plaintiff or her attorney, acting as her agent, entered into an arbitration agreement, is attached hereto as Exhibit A.

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY - 1
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Local Rule 7(n) instructs parties not to submit argument with the notice of supplemental authority. If this Court requests further argument regarding the decision in *Azuz*, however, defendant will happily supplement its briefing to address this new relevant authority.

DATED this 15th day of February, 2022.

| | |
|---|---|
| JENNER & BLOCK LLP<br>Attorneys for Defendant PeopleConnect, Inc.<br><br>By    s/ *Brent Caslin*<br>      Brent Caslin, WSBA #36145<br>      JENNER & BLOCK LLP<br>      515 S. Flower Street, Suite 3300<br>      Los Angeles, California 90071-2246<br>      Telephone: 213-239-5100<br>      bcaslin@jenner.com<br><br>      Debbie L. Berman*<br>      Wade A. Thomson*<br>      Jenner & Block LLP<br>      353 North Clark Street<br>      Chicago, IL 60654-3456<br>      dberman@jenner.com<br>      wthomson@jenner.com<br>      *Admitted *Pro Hac Vice* | GORDON TILDEN THOMAS & CORDELL<br>Attorneys for Defendant PeopleConnect, Inc.<br><br>By    s/ *Michael Rosenberger*<br>      Michael Rosenberger, WSBA #17730<br>      Mark Wilner, WSBA #31550<br>      Samantha K. Pitsch, WSBA #54190<br>      600 University Street, Suite 2915<br>      Seattle, Washington 98101<br>      206.467.6477<br>      mrosenberger@gordontilden.com<br>      mwilner@gordontilden.com<br>      spitsch@gordontilden.com |

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY - 2
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARILYN AZUZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-1182 |
| v. | ) ) | Hon. Steven C. Seeger |
| ACCUCOM CORPORATION, d/b/a INFOTRACER, | ) ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Defendant Infotracer's motion to dismiss (Dckt. No. 15) is hereby denied without prejudice. Infotracer moved to dismiss on multiple grounds, including lack of personal jurisdiction, improper venue, and failure to state a claim. In particular, Infotracer argues that Plaintiff Marilyn Azuz is bound by an arbitration agreement. Basically, Infotracer argues that Azuz agreed to arbitration when she (allegedly) visited Infotracer's website and conducted a search for her name.

Taking a step back, Infotracer's website allows users to search for names and see free previews of background reports matching those names. *See* Def.'s 12(b)(3) Mem., at 1 (Dckt. No. 17). When a user wants to search for a name, they go to the homepage. *Id.* The homepage has boxes where a user can enter a particular first name, last name, and/or more identifying information. *Id.* at 2. And next to those boxes is a "Search" button. *Id.*

Under the "Search" button is a notice that states "[c]onducting a search on InfoTracer.com is subject to our Terms of Service and Privacy Notice." *Id.* That notice hyperlinks to Infotracer's terms and privacy notice. *Id.* One of Infotracer's terms of service is

an arbitration clause.  *Id.* at 6.  The arbitration provision provides that "[a]ny dispute concerning Accucom Corporation [or] any Infotracer services . . . will be settled by binding arbitration in Boston, Massachusetts."  *Id.*

So, Infotracer argues that Azuz is bound by that arbitration provision, because she agreed to arbitrate when she conducted a search on Infotracer's website.

In response, Azuz argues that *she* never accessed, browsed, or otherwise used the Infotracer website.  *See* Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 8–11 (Dckt. No. 23).  She says that one of her *attorneys* generated the Infotracer search of her name without Azuz's direction while investigating her claim.  *Id.* at 9 ("Plaintiff's counsel generated these screenshots – not at the direction of or as agents of Plaintiff, but in their investigation of Plaintiff's claims required under Fed. R. Civ. P. 11(b) . . . ."[1]).  And Azuz says that her counsel's actions do not bind her.  *Id.*  In her view, she is not bound to any arbitration agreement, because her attorney visited the website – not her.  Azuz supported her position with a declaration.  *See* Azuz Dec. (Dckt. No. 23-1).

In reply, Infotracer argues that Azuz is "purposefully vague" about who searched her name.  *See* Infotracer Reply, at 1 (Dckt. No. 24).  Infotracer contends that there is "no evidence as to her contention that she has no involvement in generating the free preview."  *Id.* at 4.

As the Court understands the record, there appears to be an issue of fact about whether Azuz agreed to arbitrate any claims.  Specifically, there is a fact question about who conducted the search for Azuz's name (*i.e.*, Azuz, or her attorney), and if it was her attorney, whether that attorney consented to the arbitration provision on Azuz's behalf by conducting the search.[2]

---

[1] That sentence seems internally inconsistent.  One wonders how counsel could be "investigat[ing] Plaintiff's claims" without acting "as agents of Plaintiff."

[2] As an aside, if Azuz's attorney conducted the search, then the Court assumes that the attorney did so in his or her capacity as Azuz's agent, after entering into an attorney-client relationship with Azuz.  It seems

2

This Court needs to resolve that question of fact before deciding anything else. That is, the Court must decide whether the parties agreed to arbitrate, because if they did, this case does not belong here, and this Court cannot do anything else. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (holding that as long as the party opposing arbitration identifies "specific evidence in the record demonstrating a material factual dispute for trial," the issue of whether the parties entered into an arbitration agreement proceeds to trial); *Lukis v. Whitepages Inc.*, 2021 WL 1600194, at *8 (N.D. Ill. 2021) (noting that when there are "factual disputes about whether the parties agreed to arbitration, the FAA requires the court to 'proceed summarily to the trial thereof'") (quoting 9 U.S.C. § 4); *see also Deputy v. Lehman Bros.*, 345 F.3d 494, 509–10 (7th Cir. 2003) ("Section 4 . . . required the court to hold a trial if the making of the arbitration agreement was in issue."); *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705 (7th Cir. 2019).

So, the Court needs to determine whether Azuz entered into an agreement to arbitrate with Infotracer. To that end, the Court will authorize discovery. The Court hereby authorizes the parties to engage in limited fact discovery until March 31, 2022.

Fact discovery is limited to whether the parties entered into an arbitration agreement (and thus covers whether Azuz submitted the search, and if someone else did, whether that person did so in his or her capacity as Azuz's agent). Discovery also can address related issues necessary to

---

unlikely that a lawyer would conduct a search about a person who was not his or her client, and then would enter into an attorney-client relationship with that person after the fact. But the Court does not know for certain. If that assumption is correct, then Plaintiff should consider the potential implications if counsel allegedly conducted the search but did *not* do so as Azuz's agent. If that's the case, then any communications between the lawyer and Azuz on that issue presumably would not be privileged. But this Court does not know for certain, and does not know the facts, so the Court keeps an open mind in the meantime. The act of submitting the search was either within the scope of the representation, or it wasn't. If it was, then presumably counsel acted on Azuz's behalf. If it wasn't, then presumably communications between the lawyer and the client about any such website search are not privileged.

3

resolve the motion about arbitration, such as whether the website provided reasonable notice about the terms and conditions of the agreement before the consumer or her agent clicked on it and accepted the terms. Any discovery requests must be tailored to the needs of the case as it currently stands. If Infotracer elects to take Azuz's deposition, that deposition will not foreclose a later deposition on the merits (if need be). *See* Fed. R. Civ. P. 30(a)(2)(A)(ii).

After gathering the facts, the parties must file a status report by April 8, 2022, and propose a path forward. The Court assumes that the parties may want to supplement the record with any new facts learned from discovery. The Court assumes that there will not be a need for an evidentiary hearing, but if any party believes otherwise, they can file a motion when the time comes.

In the meantime, the motions are denied without prejudice. If, after discovery, Infotracer wants to renew the motion to compel arbitration, Defendant can do so. The motion to dismiss for lack of personal jurisdiction and for failure to state a claim is denied as moot (for the time being, anyway).

Date: February 15, 2022

Steven C. Seeger
United States District Judge