The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | NO. 2:21-cv-01222-MJP<br><br>**LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE**<br><br>NOTE ON MOTION CALENDAR:<br>November 27, 2023 |

Counsel for Plaintiff John Boshears ("Plaintiff") and Defendant PeopleConnect, Inc. ("PeopleConnect"), by and through their attorneys, respectfully submit the following LCR 37 Joint Submission Regarding PeopleConnect's motion compelling Plaintiff to (1) produce a communication withheld from production on the grounds that Plaintiff waived any applicable privilege to that communication; and (2) appear for his deposition in person in Seattle, Washington, where he filed this lawsuit.

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 1 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**I. PeopleConnect's Argument for Order Compelling Plaintiff to Produce Improperly Withheld Document and to Appear for In-Person Deposition in Seattle, Washington**

Pursuant to LCR 37 and Fed. R. Civ. P. 37(a)(1), PeopleConnect respectfully requests that this Court enter an Order compelling Plaintiff to (1) produce a communication withheld from production on the grounds that Plaintiff waived any applicable privilege to that communication; and (2) appear for his deposition in Seattle, Washington, where he filed this lawsuit.

**A. Relevant Factual Background**

Plaintiff filed his complaint against PeopleConnect in this Court on October 29, 2021. (Dkt. 17, hereinafter "Complaint" or "Compl.") Plaintiff's Complaint included several screenshots taken from the Classmates.com website (the "Website"), including screenshots of Plaintiff. (Compl. ¶¶ 28–30, 32–35.) Plaintiff alleged those screenshots "were obtained by [his] counsel using accounts for which counsel opted out of the [Website] 'Terms of Service,'" and which were "created . . . solely for the investigation of this and similar lawsuits." (Compl. ¶ 28 n.1.)

PeopleConnect subsequently moved to compel arbitration on the basis that Plaintiff's counsel—who are Plaintiff's agents—created an account on the Website, and in so doing agreed to the Website's Terms of Service, including its arbitration agreement, and then gathered information from the website, including screenshots, to support Plaintiff's claims, all for Plaintiff's benefit. (Dkt. 25 at 14–17.)

In opposition, Plaintiff asserted he was not required to arbitrate his claims because (1) there was no "evidence" that Plaintiff "gave any authority to counsel to create an account for him," (Dkt. 30 at 27) and (2) his counsel purportedly gathered information about Plaintiff by "'creat[ing] accounts solely for the investigation,' for which [counsel] then 'opted out of the arbitration provision.'" (*Id.* at 23 (citing Compl. ¶ 28 n.1).) The Court denied PeopleConnect's motion because there were no facts suggesting Plaintiff knew "his counsel ever agreed to arbitrate claims related to his use of the [Website]." (Dkt. 46 at 18.) The Court also credited Plaintiff's allegations regarding his counsel's purported opt-out of the arbitration agreement while simultaneously

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 2 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

denying PeopleConnect the opportunity to take any discovery to test the bases of those allegations. (*Id.* at 16–17.)

On August 3, 2023, the Ninth Circuit vacated the Court's order denying PeopleConnect's motion to compel arbitration and remanded with instructions for arbitration-related discovery to proceed and for this Court to apply the holding of *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824 (9th Cir. 2022) on remand. (Dkt. 56 at 2, 5.) As it did in *Knapke*, the Ninth Circuit directed that the Parties engage in arbitration-related discovery to resolve whether Plaintiff's attorneys agreed to arbitrate all claims against PeopleConnect while acting on Plaintiff's behalf and for his benefit by accessing and extracting materials from the Classmates.com website. (*Id.* at 5; *see also Knapke*, 38 F.4th at 833–35.)

On September 5, 2023, the Court ordered that arbitration-related discovery must be completed by December 4, 2023. (Dkt. 63 at 1).[1] Accordingly, on September 7, 2023, PeopleConnect issued Requests for Production, Requests for Admission, and Interrogatories to Plaintiff (collectively, the "Arbitration Requests"). Declaration of Benjamin T. Halbig ("Halbig Decl.") at ¶ 2. Plaintiff responded to the Arbitration Requests on October 9, 2023. Halbig Decl. at ¶ 3. Despite the fact that Plaintiff asserted privilege objections in response to most of the Arbitration Requests, Plaintiff initially refused to produce a privilege log. Halbig Decl. at ¶ 4. After the Parties met and conferred, Plaintiff eventually produced a privilege log on October 18, 2023. Halbig Decl. at ¶ 5; Halbig Decl. Ex. 1.

On October 20, 2023, PeopleConnect challenged Plaintiff's assertion of the attorney-client privilege as to the first communication on the log on the basis that Plaintiff waived any applicable privilege to that communication. Halbig Decl. at ¶ 6. That log entry identified the withheld document as an October 18–21, 2021 email chain between Plaintiff and his counsel Samuel Strauss discussing, among other things, "screenshots published on Classmates.com that potentially depict [Plaintiff's] high school yearbook photos for purposes of investigating [Plaintiff's] legal claims."

---

[1] The Court subsequently extended the deadline to February 2, 2024. (Dkt. 68.)

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 3 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Halbig Decl. Ex. 1 at Identifier No. 1 (hereinafter the "Withheld Communication").

Also on October 20, 2023, PeopleConnect served a deposition notice on Plaintiff calling on Plaintiff to appear for his deposition in Seattle, Washington. Halbig Decl. at ¶ 7; Halbig Decl. Ex. 2.[2] On October 23, Plaintiff informed counsel for PeopleConnect that Plaintiff was unwilling to appear for his deposition in Seattle. Halbig Decl. at ¶ 8.

Counsel for the Parties subsequently met and conferred by telephone and by email about Plaintiff's refusal to (1) produce the Withheld Communication and (2) appear for his deposition in Seattle where Plaintiff filed his lawsuit. Halbig Decl. at ¶ 9. During those discussions, Plaintiff's counsel stated that Plaintiff was willing to appear for his deposition in-person in Bloomington, Indiana, or Chicago, Illinois, but would not appear in Seattle. Halbig Decl. at ¶ 10. The only reasons provided for Plaintiff's refusal to appear for his deposition in person in Seattle was the convenience of Plaintiff and Plaintiff's counsel. Halbig Decl. at ¶ 11. At no point did Plaintiff's counsel state that Plaintiff was unable to travel to Seattle. *Id.*

Despite efforts to confer in good faith, the Parties reached an impasse on both of these issues. Halbig Decl. at ¶ 12. Accordingly, for the reasons set forth below, PeopleConnect respectfully requests that the Court enter an order compelling Plaintiff to (1) produce the Withheld Communication, and (2) appear for his deposition in Seattle.

---

[2] PeopleConnect also simultaneously served document and deposition subpoenas on Plaintiff's counsel. PeopleConnect has agreed to hold compliance with those subpoenas in abeyance pending the completion of the discovery it has served on Plaintiff, including the completion of Plaintiff's deposition.

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 4 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**B. The Court Should Order Plaintiff to Produce the Withheld Communication**.

Plaintiff waived any applicable privilege to the Withheld Communication by putting at issue what he knew about and authorized his attorneys to do on the Website. *See Knapke*, 38 F. 4th at 834–35. In *Knapke*, the Ninth Circuit held that where, as here, the plaintiff simultaneously "den[ies] an agency relationship regarding the arbitration agreement and assert[s] a privilege for communications that would bear directly on that issue," any applicable privilege to those communications may be waived. *Knapke*, 38 F.4th at 834. This is because "[a] party waives the privilege by placing confidential communications at issue, i.e., by raising an issue as to whether confidential communications did or did not occur." *Id.* (citing 5A Karl B. Tegland, Wash. Prac., Evidence Law and Practice § 501.26 (6th ed. Aug. 2021 Update)). Privilege cannot "be used as both a sword and a shield," in that Plaintiff cannot "selective[ly] disclos[e] parts of privileged communications that are favorable to [his] position and then raise the privilege to prevent disclosure of the remaining portions that give context and meaning to what [he] has disclosed." *Id.* at 835 (citing 1 Paul R. Rice et al. Attorney-Client Privilege: State Law Wash § 9:30 (July 2020 Update)).

The circumstances contemplated by the Ninth Circuit in *Knapke* are present here because Plaintiff is attempting to use privilege as both a sword and a shield by making selective and self-serving disclosures about what he authorized his counsel to do on the Website while simultaneously asserting the attorney-client privilege over, and refusing to produce, his communications on the same topic with counsel. 38 F.4th at 834–35. Under *Knapke*, Plaintiff waived privilege over the Withheld Communication. *Id.* Plaintiff put this topic and the related communication at issue in his Complaint when he made affirmative allegations about how his counsel investigated his claims and captured the screenshots and what he knew about that investigation. For example, Plaintiff alleged that the screenshots taken from the Website "were obtained by [his] counsel" using accounts "created . . . solely for the investigation of this and similar lawsuits." (Dkt. 17 ¶ 28 n.1.) Plaintiff further alleged he never instructed his counsel to

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 5 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

create any accounts or to agree to arbitrate. *Id.* Plaintiff also put this topic and communication at issue in his opposition to PeopleConnect's Motion to Compel Arbitration, where he asserted (1) there was no "evidence" that he gave his counsel "authority" to bind him to the Website Terms of Service (Dkt. 30 at 25); and (2) his counsel purportedly gathered information about Plaintiff from the Website by "'creat[ing] accounts solely for the investigation'" (*Id.* at 23 (quoting Dkt. 17 ¶ 28 n.1).)

These allegations amount to specific assertions of fact about Plaintiff's discussions with his counsel about their activities on the Website, including how the screenshots were captured, and the extent to which he authorized those activities. The Ninth Circuit has already unequivocally held that PeopleConnect is entitled to test and "need not accept at face value" Plaintiff's self-serving allegations about what he knew about and authorized his counsel to do on the Website. *See Knapke*, 38 F.4th at 834; *see also* Dkt. 56 at 3 (authorizing PeopleConnect to take discovery into whether Plaintiff "knowingly accepted a benefit from, failed to repudiate, or exhibited conduct adopting" his counsel's activities on the Website). Because Plaintiff made selective disclosures about what his counsel did to investigate his claims and what he knew about and authorized in that investigation, he waived the right to assert privilege over his communications that bear on that topic. *Knapke*, 38 F.4th at 834–35.

That waiver includes the Withheld Communication, which Plaintiff describes as an email discussion with his counsel about "screenshots published on [the Website] that potentially depict [Plaintiff] for purposes of investigating [Plaintiff's] legal claims." Halbig Decl. Ex. 1 at Identifier No. 1. This description indicates that Plaintiff had a discussion with his counsel about their investigation of the Website, including about specific screenshots that were captured. The Withheld Communication could support Plaintiff's self-serving and selective allegations that he did not authorize his counsel's investigation on the Website, or it could contradict those allegations. Without the full context of that discussion in the Withheld Communication, PeopleConnect has no way of knowing. *Knapke* prohibits Plaintiff's exercise in "selective

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 6 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

disclosure" of discussions with his counsel that are favorable to his position while simultaneously asserting "privilege to prevent disclosure of the remaining portions that give context and meaning" to those discussions. *Knapke*, 38 F.4th at 835 (citations omitted). The Court should order Plaintiff to produce the Withheld Communication.

**C. The Court Should Order Plaintiff to Appear for His Deposition in Seattle, Washington.**

The Court also should enter an Order requiring Plaintiff to appear for his deposition in Seattle, Washington, where he filed this lawsuit. Absent undue hardship or exceptional or compelling circumstances, "a plaintiff is required to submit to a deposition in the forum in which he brought suit." *See Smartwings, A.S. v. Boeing Co.*, 2023 WL 3075698, at *2 (W.D. Wash. Apr. 25, 2023); *McNutt v. Swift Transp. Co. of Ariz., LLC*, 2020 WL 419487, at *1 (W.D. Wash. Jan. 27, 2020). It is the plaintiff's burden of proving "undue hardship or exceptional or compelling circumstances [to] justify his refusal to travel to his chosen forum." *McNutt*, 2020 WL 419487, at *1. Courts have required plaintiffs to travel to the forum where they brought their lawsuit when they only provide "reasons regarding the inconvenience of travel," and provide no "evidence that [they] do not have the ability and means to travel" to that forum. *Smartwings*, 2023 WL 3075698, at *2.

In this case, Plaintiff must appear for his deposition in Seattle. He has repeatedly refused to identify (as he must) any "undue hardship" or "exceptional circumstances" to justify his refusal to appear in this forum where he filed his lawsuit. *McNutt*, 2020 WL 419487, at *1. At no point has Plaintiff stated that he does not have the ability or means to travel to Seattle. Instead, he has alluded to the inconvenience of travel for his counsel, but that is insufficient to justify his refusal to appear in the forum where he filed this suit. *Smartwings*, 2023 WL 3075698, at *2. The Court should order Plaintiff to appear for his deposition in Seattle.

**II. Plaintiff's Opposition to PeopleConnect's Motion.**

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 7 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**A. Relevant Facts**

This lawsuit was initiated on September 7, 2021, when former-named plaintiff, Jason Fry, filed the initial complaint. Dkt. 1. Plaintiff John Boshears became involved in this case after he received a letter from Turke & Strauss LLP dated October 11, 2021, and then emailed and talked with Attorney Sam Strauss on October 18, 2021, and October 21, 2021, with the expectation that he was seeking legal advice and might retain the firm to represent him in bringing right of publicity claims against PeopleConnect in federal court. *See* Exs. A (Boshears's Amended Answer to Interrogatory No. 6); B (PL-BOSHEARS_000001-2). On October 18, 2021, Mr. Strauss replied to an email chain between himself and Mr. Boshears, attaching screenshots published on classmates.com that potentially depicted Mr. Boshears's high school yearbook photos, which were collected pursuant to counsel's Rule 11 investigation. *See* Halbig Ex. 1 (Privilege Log Entry #1, #3); Rule 11(b)(3) ("the factual contentions have evidentiary support"). This email is what PeopleConnect seeks to compel here (its attachments have already been produced, Resch Decl. ¶5). However, this email has no bearing on the arbitration question, and all discovery and evidence makes clear that Plaintiff did not agree to arbitrate his claims under any potential legal theory.

On October 21, 2021, Mr. Boshears signed the class representative agreement, officially retaining the law firms of Turke & Strauss LLP, Bursor & Fisher, P.A., Edelson PC, Morgan & Morgan, and the Law Office of Benjamin R. Osborn. See Exs. A (Boshears's Answer to Interrogatory No. 5); C (PL-BOSHEARS_000003-8); D (PL-BOSHEARS_000012-18). Mr. Boshears's retainer agreement states: "Client expressly directs that Attorneys do not have the authority to bind client to any arbitration agreement, Terms of Use, Terms of Service, or Privacy Policy on Client's behalf." Ex. D at PL-BOSHEARS_000014. On October 28, 2021, Mr. Osborn opted out of PeopleConnect's Terms of Service. *See Boshears v. PeopleConnect, Inc.*, Case No. 21-cv-1222-MJP, Dkt. 32-1 (W.D. Wash.). On October 29, 2021, the First Amended Complaint, naming Mr. Boshears as Plaintiff and including screenshots depicting Mr. Boshears's yearbook photos taken from classmates.com, was filed. *See* Dkt. 17 ¶¶28, 30, 35. On December 28, 2022,

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 8 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Ms. Borrelli opted out of PeopleConnect's Terms of Service. *See Loendorf v. PeopleConnect, Inc.*, Case No. 21-cv-51-VMK, Dkt. 143-1 (N.D. Ill.). And, on August 21, 2023, counsel opted-out on behalf of Mr. Boshears. *See* Ex. E (PL-BOSHEARS_000009-11).

Mr. Boshears has never accessed the Classmates Website for any purpose. Ex. A (Boshears's Answer to Interrogatory No. 2). Mr. Boshears has never registered for a Classmates Account, has never used a Classmates Account to Access the Classmates Website, and has never searched for information about himself on the Classmates Website. Ex. A (Boshears's Answer to Interrogatory No. 4).

**B. The Single Email PeopleConnect Seeks is Privileged and, If Anything, Should Be Submitted For *In Camera* Review, Not Produced**

First and foremost, "communications from prospective clients with the aim of obtaining legal services are generally covered by the attorney-client privilege." *Bolding v. Banner Bank*, No. C17-0601RSL, 2021 U.S. Dist. LEXIS 74528, at *5 (W.D. Wash. Apr. 19, 2021). The attorney-client privilege is held by the client. *Mfg. Automation & Software Sys. v. Hughes*, No. CV 16-8962-CAS (KS), 2017 U.S. Dist. LEXIS 235846, at *32-33 (C.D. Cal. Dec. 1, 2017) (citing *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888)). The email chain PeopleConnect seeks is clearly privileged.

Second, *Knapke* does not support PeopleConnect's conclusion that privilege is waived as to this one email. "On remand, the district court should determine the contours of the attorney-client privilege and any potential waiver of that privilege. The district court should also determine the consequences, if any, of Knapke simultaneously denying an agency relationship regarding the arbitration agreement and asserting a privilege for communications ***that would bear directly on that issue***." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 834 (9th Cir. 2022) (emphasis added). PeopleConnect wants Plaintiff and counsel to prove a negative—that there was no agreement to arbitrate or ratification of such an agreement—by producing privileged communications, *in addition to* the documents that were produced that do directly bear on the issue. Moreover, Plaintiff

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 9 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

has not "plac[ed] confidential communications at issue" (*see* section I.B., *supra*)—Plaintiff has produced all documents that directly bear on the existence of the agency relationship vis-à-vis the attorney-client relationship. *See* section II.A., *supra*. Plaintiff has never denied the existence of that relationship. *Knapke* does not entitle PeopleConnect to all communications that are privileged just because Plaintiff argues the agency relationship did not include an agreement to arbitrate.

Importantly, the privileged email does not "bear directly" on the scope of the agency relationship with respect to the arbitration issue. PeopleConnect, in making this motion, improperly *assumes* it does: "Plaintiff is attempting to use privilege as both a sword and a shield by making selective and self-serving disclosures about what he authorized his counsel to do on the Website while simultaneously asserting the attorney-client privilege over, and **refusing to produce, his communications *on the same topic* with counsel**." Page 5:19-20, *supra*. The privilege log (Halbig Ex. 1) explains what was discussed in the email chain, and authorization to use the website is not included. Furthermore, PeopleConnect again incorrectly assumes, with no factual basis, that footnote 1 in the Complaint and Plaintiff's arguments in opposition to the motion to compel arbitration have anything to do with the email here. Page 5:21-6:1, *supra*. The plain meaning of Plaintiff's arguments in opposition to the motion to compel arbitration suggest that there is *no evidence* counsel was authorized to agree to arbitrate Plaintiff's claims—which is entirely consistent with all of the discovery responses and documents produced pursuant to this limited discovery period. PeopleConnect's imaginative reading of the description of the privileged email at page 6:18-22, *supra*, again shows how much PeopleConnect has had to assume just to make this motion: the description plainly does ***not*** indicate Plaintiff had a discussion with his counsel about their investigation of the website.[3]

---

[3] Tellingly, PeopleConnect has stated it "will not engage in any unnecessary discussions regarding an ESI protocol as that would be inappropriate given that we are just conducting limited arbitration related discovery." Ex. F at 3 (Ms. Berman Oct. 11 email). Thus, Plaintiff has produced all of his responsive documents as pdfs with limited metadata. In particular, regarding the screenshots Plaintiff produced that were attached to the email, there is presumably metadata associated with the natives that one would think PeopleConnect would want. Yet, PeopleConnect has never once asked for it, indeed expressly refused to discuss it, and instead, has taken the

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 10 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

The email is privileged, Plaintiff has not put it at issue, and it does not bear directly on the scope of the agency relationship (as required by *Knapke*), thus Plaintiff and his counsel have not waived the privilege. Plaintiff has produced all the documents that could potentially bear directly on the scope of authority. Nevertheless, because the Ninth Circuit entrusted this Court to "determine the contours of the attorney-client privilege and any potential waiver of that privilege," *Knapke*, 38 F.4th at 834, Plaintiff will produce the email *in camera* should the Court so request it.

### C. It is Unduly Burdensome and Harassing to Make Mr. Boshears Travel to Seattle During This Period of Limited Discovery

"[A] plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum. *Mullins v. Premier Nutrition Corp*, C-13-01271-RS (DMR), 2014 U.S. Dist. LEXIS 113840, 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citation omitted). Plaintiff does not deny that he chose to file this lawsuit—and expressly did not agree to arbitrate his claims—in this Court located in Washington, even though he lives in Ohio. However, two compelling and exceptional facts distinguish PeopleConnect's authority and militate against application of the general rule.

*First*, in both of PeopleConnect's cited cases, page 7:10-12, *supra*, the plaintiffs who sought protective orders had a direct relationship with the defendant and the venue, whether contractual or employment. Here, Mr. Boshears has ***no*** relationship with PeopleConnect: he has never been on the website and has never had an account. Plaintiff brought this lawsuit in Washington because PeopleConnect, which is headquartered in Washington, is using his name and photograph of him when he was a minor without his consent.

*Second*, and most importantly, the Court ordered that *limited*, arbitration-related discovery occur now, before and in addition to merits discovery, when Mr. Boshears will presumably be deposed again. *See* Ex. F at 3 (Ms. Berman's Oct. 11 email) (PeopleConnect representing that "we

---

incredulous step of seeking privileged material that does not directly bear on the pertinent inquiry. PeopleConnect's conduct during this period of limited discovery has clearly been intended to harass Plaintiff and his counsel.

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 11 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

are just conducting limited arbitration related discovery"). Plaintiff has produced all responsive, non-privileged documents in his possession and provided verified, detailed written discovery responses to all of PeopleConnect's 27 Requests for Admission and 7 Interrogatories. *See* section II.A., *supra*. It is unclear what else PeopleConnect could possibly ask Mr. Boshears that will not be duplicative, asked and answered, privileged, or something unknowable by him. There is no reason Mr. Boshears should be forced to spend time and money travelling to Seattle for his first deposition in this case that will last mere minutes pursuant to this limited discovery period. At the end of October, Plaintiff offered "to have his deposition taken on November 28, 29, or 30 (1) where he resides in Bloomington, Indiana, (2) at the Chicago office of Jenner & Block [where most of PeopleConnect's counsel of record work], or (3) via zoom." *See, e.g.*, Ex. G at 1 (Ms. Resch Nov. 3 email). PeopleConnect refused and then waited two weeks to bring this motion pursuant to LCR 37.

These are certainly compelling and exceptional circumstances given the procedural posture and limited scope of discovery allowed at this juncture. PeopleConnect should not be allowed to continue harassing and fishing for privileged information.

**III. PeopleConnect's Reply.**

Plaintiff's description of the Withheld Communication makes clear that it is about his counsel's Classmates.com investigation, which directly bears on whether his counsel had the authority to bind him, and, therefore, any privilege is waived. Plaintiff asserts by fiat in his response that the Withheld Communication does not bear on the agency relationship, claiming there is "no evidence" he authorized his counsel to agree to arbitration when conducting that investigation. But *Knapke* held PeopleConnect "need not accept at face value" Plaintiff's self-serving representations. 38 F. 4th at 834. Rather, PeopleConnect is entitled to test that claim. The Withheld Communication should be produced.

Plaintiff's own case, *Mullins*, demonstrates that he has not met his burden to depart from the norm that he be deposed where he sued. He cites no case where the analysis is different for

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 12 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

arbitration discovery. While Plaintiff repeatedly relies on purported travel inconvenience, such a generic assertion without any factual support is not sufficient. Finally, PeopleConnect's authorities do *not* turn on the deponent's "contractual or employment" relationship with the defendant and venue.

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 13 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

DATED this 27th day of November, 2023.

**GORDON TILDEN THOMAS & CORDELL LLP**

 */s/ Michael Rosenberger*
Michael Rosenberger, WSBA #17730
Mark Wilner, WSBA #31550
600 University Street, 2915
Seattle, Washington 98101
Telephone: 206-467-6477
mrosenberger@gordontilden.com
mwilner@gordontilden.com

Brent Caslin, WSBA #36145
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: 213 239-5100
bcaslin@jenner.com

Debbie L. Berman (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
Clifford Berlow (*pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: 312-222-9350
dberman@jenner.com
wthomson@jenner.com
cberlow@jenner.com

Benjamin T. Halbig (*pro hac vice*)
**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: 628-267-6800
bhalbig@jenner.com

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 14 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**CERTIFICATION**

Counsel for PeopleConnect, Inc. hereby certify that they have complied with the requirements of LCR 37(a) prior to the filing of this Submission.

        *s/ Michael Rosenberger*
        Michael Rosenberger, WSBA #17730
        Mark Wilner, WSBA #31550
        **GORDON TILDEN THOMAS & CORDELL LLP**
        600 University Street, 2915
        Seattle, Washington 98101
        Telephone: 206-467-6477
        mrosenberger@gordontilden.com
        mwilner@gordontilden.com

        Debbie L. Berman (*pro hac vice*)
        Wade A. Thomson (*pro hac vice*)
        Clifford W. Berlow (*pro hac vice*)
        **JENNER & BLOCK LLP**
        353 N. Clark St.
        Chicago, IL 60654
        Telephone: 312-222-9350
        dberman@jenner.com
        wthomson@jenner.com
        cberlow@jenner.com

        Benjamin T. Halbig (*pro hac vice*)
        **JENNER & BLOCK LLP**
        455 Market Street, Suite 2100
        San Francisco, California 94105
        Telephone: 628-267-6800
        bhalbig@jenner.com

        *Attorneys for Defendant PeopleConnect, Inc.*

LCR 37 JOINT SUBMISSION ON PEOPLECONNECT, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF WITHHELD COMMUNICATION AND PLAINTIFF'S APPEARANCE FOR IN-PERSON DEPOSITION IN SEATTLE - 15 (No. 2:21-cv-01222-MJP)

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477