UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BOSHEARS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>PEOPLECONNECT, INC.,<br><br>                Defendant. | CASE NO. C21-1222 MJP<br><br>FURTHER ORDER ON LCR 37 SUBMISSION |

This matter comes before the Court on the LCR 37 Joint Submission re: Defendant's Motion to Compel, on which the Court held oral argument on December 6, 2023. (Dkt. No. 69.) The Court previously ordered Plaintiff to submit a copy of a disputed email chain for in camera review to enable the Court to assess the assertion of attorney-client privilege. (Dkt. No. 74.) Having reviewed the email chain in camera, the Court ORDERS Plaintiff to produce the email and, on this issue, GRANTS the Submission.

FURTHER ORDER ON LCR 37 SUBMISSION - 1

On the question of arbitrability, the Ninth Circuit "direct[ed] the district court to apply its holding [in Knapke v. PeopleConnect, 38 F.4th 824, 832–33 (9th Cir. 2022)] on remand." (Dkt. No. 56 at 2.) In Knapke, the Court explained resolving arbitrability in similar circumstances turns on determining whether the client was bound by her counsel's assent to Defendant's terms of service. Assent may be shown through implied authority, which the Court described as:

> [] "actual authority, circumstantially proved, which the principal is deemed to have actually intended the agent to possess." King, 886 P.2d at 165. And "actual authority to perform certain services on a principal's behalf results in implied authority to perform the usual and necessary acts associated with the authorized services." Hoglund, 170 P.3d at 44. Such usual and necessary acts can include agreeing to contracts. See, e.g., Chi. Title Ins. Co. v. Wash. State Off. of Ins. Comm'r, 178 Wash.2d 120, 309 P.3d 372, 382 (2013).

Knapke, 38 F.4th at 834. Similarly, assent may be shown through ratification. Id. at 835. A client may ratify her attorney's agreement to Defendant's terms of service: "(1) by receiving, accepting, and retaining benefits from the contract; (2) by remaining silent, acquiescing, or failing to repudiate the contract; or (3) by otherwise exhibiting conduct demonstrating adoption and recognition of the contract." Knapke, 38 F.4th at 835. The Ninth Circuit further noted "ratification by silence or acquiescence requires knowledge and either 'acceptance of the benefits from the contract or prejudicial reliance by the other party.'" Id. (quoting Lockwood v. Wolf Corp., 629 F.2d 603, 609 (9th Cir. 1980)).

The Court in Knapke also provided guidance on determining the scope of the attorney-client privilege in the context of arbitration-related discovery:

> [T]he district court should determine the contours of the attorney-client privilege and any potential waiver of that privilege. The district court should also determine the consequences, if any, of Knapke simultaneously denying an agency relationship regarding the arbitration agreement and asserting a privilege for communications that would bear directly on that issue. See 5A Karl B. Tegland, Wash. Prac., Evidence Law and Practice § 501.26 (6th ed. Aug. 2021 Update) ("A party waives the privilege by placing confidential communications at issue, i.e., by raising an issue as to whether confidential communications did or did not occur. Waivers have occasionally been found when the intent of a contract or other document was placed in issue." (footnote omitted));

1 Paul R. Rice et al., Attorney-Client Privilege: State Law Wash. § 9:30 (July 2020 Update) ("Consistent with federal law, Washington courts will not allow the attorney-client privilege to be used as both a sword and a shield" and "will not permit selective disclosure of parts of privileged communications that are favorable to the client's position and then raise the privilege to prevent disclosure of the remaining portions that give context and meaning to what the client has disclosed.").

Knapke, 38 F.4th at 834–35.

Having reviewed the email chain in camera, the Court finds that it must be produced. The email chain bears squarely on the question of whether Plaintiff gave implied authority or ratified his attorney's use of Classmates.com. The Court agrees with Plaintiff that an express "authorization to use the website [Classmates.com] is not included" in the email chain. (Dkt. No. 69 at 10.) But the email itself concerns the issue of implied authority and ratification and it is relevant to the arbitrability inquiry. The Court finds that Plaintiff has waived the privilege as to this email. See Knapke, 38 F.3d at 834-35. The Court GRANTS the Submission as to the email and ORDERS Plaintiff to produce the email to Defendant within 2 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2023.

Marsha J. Pechman
United States Senior District Judge

FURTHER ORDER ON LCR 37 SUBMISSION - 3