The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-01222-MJP<br><br>DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION<br><br>NOTE ON MOTION CALENDAR: May 28, 2024<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................2

    A.    Procedural History. ................................................................................................2

        1.    Proceedings Before This Court. .......................................................................2

        2.    Proceedings On Appeal To The Ninth Circuit. ...............................................3

        3.    On Remand From The Ninth Circuit. .............................................................3

    B.    Discovery Demonstrates Plaintiff's Authorization and Knowledge of His Attorney's Use Of Classmates.com..........................................................................3

        1.    Classmates.com's Terms of Service Require Arbitration of Disputes............................................................................................................3

        2.    Plaintiff Responded To A Letter From Plaintiff's Counsel Mr. Strauss And Directed His Counsel to Investigate A Potential Claim Against Classmates.com. ......................................................................4

        3.    Plaintiff's Counsel Followed Plaintiff's Direction And Investigated A Potential Claim Against Classmates.com................6

        4.    Plaintiff Signed An Engagement Letter With His Attorneys, Including Mr. Osborn........................................................................6

        5.    Mr. Osborn Created A New Account To Take New Screenshots Of Plaintiff On Classmates.com. ................................7

        6.    Plaintiff Reaffirmed Mr. Osborn's Conduct. .................................7

ARGUMENT ........................................................................................................................8

I.    Plaintiff Gave Mr. Osborn Actual Implied Authority To Bind Him To The Classmates.com TOS. ...............................................................................................10

    A.    The Ninth Circuit Has Held That Attorneys May Bind Their Clients To Arbitration Agreements. .........................................................................10

    B.    Plaintiff Directed His Attorneys, Including Mr. Osborn, To Do Whatever Was Necessary To Investigate And Bolster His Claim..............10

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - i
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

  C. Mr. Osborn's Agreement To The TOS Was Necessary To Comply With Plaintiff's Direction To Determine Whether He Had A Claim. ....... 11

II. Plaintiff Ratified Mr. Osborn's Conduct By Accepting The Benefits And Not Repudiating Mr. Osborn's Investigation ................................................................. 12

  A. Plaintiff Received, Accepted and Retained The Benefit Of Mr. Osborn's Use Of Classmates.com In Order To Bolster His Claim ............ 12

  B. Plaintiff Has Never Repudiated Mr. Osborn's Actions, Even After He Learned Of The Consequences For His Claim. ......................................... 13

III. Dismissal Is Appropriate In This Case Because Plaintiff Must Arbitrate His Only Claim. .................................................................................................................. 14

CONCLUSION ......................................................................................................................... 15

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - ii
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boshears v. PeopleConnect, Inc.*,
    No. 22-35262, 2023 WL 4946630 (9th Cir. Aug. 3, 2023) ............................................ *passim*

*Forrest v. Spizzirri*,
    62 F.4th 1201 (9th Cir. 2023), *cert. granted sub nom.* (Jan 12, 2024) ....................................15

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*,
    581 U.S. 246 (2017) ......................................................................................................15

*Knapke v. PeopleConnect, Inc.*,
    38 F.4th 824 (9th Cir. 2022) ............................................................................. *passim*

**Statutes**

9 U.S.C. § 2................................................................................................................................15

9 U.S.C. § 3................................................................................................................................15

9 U.S.C. § 4.........................................................................................................................8, 15

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - iii
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

1-45 in left margin

**INTRODUCTION**

The Ninth Circuit has twice confirmed—including in this case—that if a client authorizes or ratifies counsel's agreement to a contract that requires arbitration, the client is bound to arbitrate. *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 828–29 (9th Cir. 2022); *Boshears v. PeopleConnect, Inc.*, No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023). So, "[i]f PeopleConnect can prove that Osborn became Boshears's agent *before* Osborn created one or more of the member accounts, … Boshears may be bound by Osborn's agreement to arbitrate." *Id.* (citations omitted).

With the arbitration-related discovery ordered by the Ninth Circuit now complete, the record is clear: Plaintiff authorized his attorneys, which included Benjamin Osborn, to investigate his claim and gave his attorneys authorization to do whatever steps that were necessary to determine he had a claim against PeopleConnect and bolster his allegations before Mr. Osborn created a member account.

Mr. Osborn did as instructed: He created a new account on Classmates.com specifically for Plaintiff's benefit—so Mr. Osborn could assess the merit of Plaintiff's potential claims against PeopleConnect and acquire screenshots of Classmates.com for Plaintiff to include in his Complaint. In so doing, Mr. Osborn agreed to the website's Terms of Service, which included an agreement to arbitrate. Further, Mr. Osborn failed to properly opt out of the agreement to arbitrate on Plaintiff's behalf, as the Ninth Circuit already has held. Moreover, in addition to Plaintiff's authorization of Mr. Osborn's conduct, Plaintiff later ratified, as he did not ask his lawyers to stop using any information or the screenshots from Classmates.com even after learning of their actions once PeopleConnect moved to dismiss. Thus, because Plaintiff authorized and ratified his attorney's actions, this Court should dismiss Plaintiff's claim and order Plaintiff to arbitrate it, as PeopleConnect has argued all along.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 1
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**BACKGROUND**

A.  **Procedural History.**

1.  **Proceedings Before This Court.**

Plaintiff John Boshears ("Plaintiff") filed a putative class action complaint against PeopleConnect, Inc. ("PeopleConnect"), alleging that the presence of his name and likeness on Classmates.com, a website that PeopleConnect owns and operates, was a violation of Indiana's statutory and common law misappropriation laws.[1] First Amended Complaint, Dkt. 17 ("FAC") ¶¶58–61. To bolster his claims, Plaintiff included seven screenshots of the Classmates.com website in his Complaint, including (1) a screenshot of his yearbook photograph as it appeared on Classmates.com; (2) a screenshot of a page with a search bar; (3) a screenshot of a page with search results of Plaintiff's name in the search bar; (4) a screenshot of a page for the 1998 Bedford North Lawrence High School with an account registration pop-up; (5) a screenshot of a page after a Visitor becomes a Registered Member; (6) a screenshot of a page to allow a Free Member to purchase the 1997 Bedford North Lawrence High School yearbook; and (7) a screenshot of a second page with search results of Plaintiff's name in the search bar. FAC ¶¶28–30, 32–35. At least four of these screenshots could have been obtained only through an account of a Classmates.com registered member. Declaration of Tara McGuane ("Decl.") ¶¶26–27.[2]

PeopleConnect moved to dismiss Plaintiff's complaint, arguing, *inter alia*, that Plaintiff was bound to arbitrate because his attorneys had agreed to arbitrate on his behalf in order to obtain the screenshots that were then used in the complaint. Dkt. 26 at 14–17. In response, Plaintiff continued to rely on the same screenshots to try to defeat PeopleConnect's dismissal arguments.

---

[1] Plaintiff's complaint replaced the original complaint in this case brought by former plaintiff Jason Fry who dismissed his claims after PeopleConnect demonstrated that he was a registered member of Classmates.com.

[2] In deciding a motion to compel arbitration, the Court should apply the Rule 56, including considering facts outside the pleadings to determine whether an arbitration agreement existed between the parties. *See Knapke*, 38 F.4th at 831. Moreover, "a court is not authorized to dispose of a motion to compel arbitration until after [material] factual disputes have been resolved." *Id.* (quoting *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021)).

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 2
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*See id.* at 7, 9, 11. As relevant here, this Court denied PeopleConnect's motion to compel arbitration. Dkt. 46. PeopleConnect appealed the decision under 9 U.S.C. § 16. Dkt. 47.

### 2. Proceedings On Appeal To The Ninth Circuit.

On appeal, the Ninth Circuit vacated this Court's Order and remanded with instructions to allow arbitration-related discovery. *Boshears*, 2023 WL 4946630, at *2. The Ninth Circuit also provided "guidance for proceedings on remand," citing its prior decision in *Knapke*. *Id.* at *1–2. Specifically, it held that "Washington contract and agency law" applies and under that law:

> If PeopleConnect can prove that Osborn became Boshears's agent *before* Osborn created one or more of the member accounts, and if it can prove that Boshears knowingly accepted a benefit from, failed to repudiate, or exhibited conduct[] adopting that or those member account(s), Boshears may be bound by Osborn's agreement to arbitrate.

*Id.* (citations omitted). The Ninth Circuit further held that Mr. Osborn's "opt-out notice was plainly ineffective as to Boshears because it did not include Boshears's signature, name, address, e-mail address, or phone number." *Id.*

### 3. On Remand From The Ninth Circuit.

Pursuant to the Ninth Circuit's remand and this Court's order, the parties conducted arbitration-related discovery. That discovery has confirmed that Plaintiff in fact authorized Mr. Osborn to use Clasmates.com on his behalf so Plaintiff is bound to arbitrate given that there was no effective opt out. In the alternative, Plaintiff ratified Mr. Osborn's actions by continuing to use the screenshots Mr. Osborn was able to obtain only after he agreed to arbitrate.

### B. Discovery Demonstrates Plaintiff's Authorization and Knowledge of His Attorney's Use Of Classmates.com.

### 1. Classmates.com's Terms of Service Require Arbitration of Disputes.

PeopleConnect owns and operates Classmates.com, which includes an online library of over 450,000 school yearbooks. *See* FAC ¶19; McGuane Decl. ¶4. There are three different types of users of Classmates.com: (1) Visitors, who are individuals that use the website without supplying any information or registering; (2) Free Members, who are users that registered for a

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION - 3
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

free Classmates.com account by filling out a form and agreeing to the Terms of Service ("TOS"); and (3) Paid Members (with Free Members, "Registered Members"), who are people that after becoming a Free Member have purchased a subscription. *Id.* ¶5.

While some portions of Classmates.com are available to any users including Visitors, other portions are available only to Registered Members. *Id.* ¶15. Registered Members may access in full resolution every page of every yearbook. *Id.* ¶16.

When a person registers as a Free Member of Classmates.com, the registration page alerts the individual that "[b]y clicking 'Submit,' you agree to the Classmates Terms of Service," with a hyperlink to its TOS. *Id.* ¶8. The TOS in turn include an arbitration provision that requires all disputes with PeopleConnect regarding Classmates.com to be resolved through binding arbitration. *Id.* ¶¶9–11.[3] Each access of Classmates.com reaffirms assent to the latest TOS. *See id.* ¶9.

In addition, the TOS allows Registered Members to opt out of arbitration by sending a signed written notice of the decision to opt-out within 30 days of their first use of Classmates.com. *Id*. ¶¶12–13. The Ninth Circuit found that Mr. Osborn did not effectively opt Plaintiff out of the arbitration provision. *Boshears*, 2023 WL 4946630, at *1.

> **2.    Plaintiff Responded To A Letter From Plaintiff's Counsel Mr. Strauss And Directed His Counsel to Investigate A Potential Claim Against Classmates.com.**

On October 11, 2021, Plaintiff received an unsolicited letter, akin to a "cold call," from Sam Strauss at Turke & Strauss LLP (Mr. Osborn's co-counsel) informing him that Classmates.com may "contain[] information related to former students of Bedford North Lawrence High School who were in attendance in the years 1995-1998." Declaration of Benjamin Halbig ("Decl."), Ex. 1 ("Oct. 11, 2021 Letter"). Plaintiff testified that "[p]rior to receiving the letter from Mr. Strauss, [Plaintiff] had [never] heard of" or "visited Classmates.com"; in fact, "this letter was the first instance in which [he] became aware of Classmates.com," and he "had no idea what that

---

[3] These TOS are the TOS that were before the Ninth Circuit.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 4
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

website was or that that website existed." Halbig Decl., Ex. 2 ("Boshears Dep.") at 12:14–18, 44:12–18; Halbig Decl., Ex. 3 ("Boshears Am. Answers to PeopleConnect's Interrogatories") at 7–8 ("Plaintiff has never registered for a Classmates Account, has never used a Classmates Account to access the Classmates Website, and has never searched for information about himself on the Classmates Website."). Moreover, Plaintiff "didn't know whether [his] personal information was actually being used" on Classmates.com. Boshears Dep. at 45:1–10, 46:13–16.

After reading the letter, Plaintiff contacted Mr. Strauss on October 18, 2021, through a phone call and an email. *See id.* at 45:12–46:1, 47:19–50:12; Halbig Decl., Ex. 4 ("Oct. 18, 2021 Email"). During their initial phone call, Mr. Strauss did not confirm at that point whether Plaintiff "actually appeared on the Classmates[.com] website"; he only gave Plaintiff some "broad information" about the website. Boshears Dep. at 53:2–23, 55:6–12. Plaintiff understood that he "would not have [had] a valid claim if [his] information was not on the website at all." *See id.* at 54:16–21, 56:1–7.

After this phone conversation, Plaintiff informed Mr. Strauss that he wished to proceed with potentially bringing a claim, and he intended Mr. Strauss and his colleagues to determine if he could appear on a Classmates.com search. *See id.* at 56:1–57:8. Plaintiff never told his attorneys to file a claim in court, let alone federal court; he only told them that he wanted to pursue a claim regarding Classmates.com. *Id.* at 66:19–22. Plaintiff "rel[ied] on [his] counsel to do what was necessary to [conduct an] investigation in order to bring [his] claim[]." *Id.* at 48:22–49:3, 65:10–15, 56:1–7. Plaintiff also testified that "[h]ow they [his attorneys] manage to review the case was up to them," and that he "didn't provide any input on how they should conduct their investigation." *Id.* at 12:3–9, 65:3–8. Plaintiff therefore "assumed that [his] attorneys captured [] screenshots" from Classmates.com website. *Id.* at 88:21–89:8.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 5
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

### 3. Plaintiff's Counsel Followed Plaintiff's Direction And Investigated A Potential Claim Against Classmates.com.

Plaintiff's counsel commenced the investigation that Mr. Boshears authorized. On October 18, 2021, the same day Plaintiff spoke with Mr. Strauss, Benjamin Osborn—another one of Plaintiff's attorneys—searched for Plaintiff using at least one account under the name Ben Whipple that he had previously created (the "Whipple Account"). *See id.* at 24:4–16; Boshears Am. Answers to PeopleConnect's Interrogatories at 8; McGuane Decl. ¶¶21, 23. Mr. Osborn did not opt out of the Classmates.com's arbitration provision on behalf of anyone else that he agreed to in creating this account. *Id.* ¶21. When Mr. Osborn used the Whipple Account on October 18, 2021, to search for Plaintiff as he had authorized, Mr. Osborn re-assented to the Classmates.com TOS, including the agreement to arbitrate. *See id.* ¶9.

Mr. Osborn took at least four screenshots of the Classmates.com website, including screenshots of pages that contained Plaintiff's yearbook photographs. *See* Halbig Decl., Ex. 5 ("Oct. 21, 2021 Email"). Mr. Strauss then sent these screenshots to Plaintiff via email to "confirm[], if in fact, these [were his] high school photos." *Id.* Plaintiff understood that "the screenshots that Mr. Strauss sent [him] were from the Classmates.com website." Boshears Dep. at 56:23–57:2, 63:3–5. Plaintiff told Mr. Strauss that he "could use those images and use them in support of [a] claim" against PeopleConnect. *Id.* at 57:21–58:4.

### 4. Plaintiff Signed An Engagement Letter With His Attorneys, Including Mr. Osborn.

After Plaintiff confirmed that he appeared in the screenshots Mr. Strauss sent him, Mr. Strauss sent Plaintiff an engagement letter, which provided that several attorneys—including Mr. Strauss and Mr. Osborn—would represent Plaintiff for the purpose of pursuing a claim against PeopleConnect. Boshears Dep. at 38:2–7, 59:7–12, 60:6–9, 61:17–21, 63:23–64:3. Plaintiff signed the engagement letter on October 21, 2021. *Id.* at 63:11–64:13.

Plaintiff gave his attorneys "authorization to do whatever steps that were necessary to make sure that [the] information [in the complaint] was accurate." *Id.* at 71:18–24. Indeed, Plaintiff let

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 6
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

his attorneys have complete ownership over how "to review the case" and "how they should conduct their investigations." *Id.* at 65:3–8 He never instructed his attorneys not to access or search Classmates. Com. *Id.* at 88:21–89:8. Further, he never once discussed the Classmates.com TOS with his counsel and never instructed his attorney that they "couldn't agree to the Classmates.com terms of service." *Id.* at 91:11–14, 92:4–7.

### 5. Mr. Osborn Created A New Account To Take New Screenshots Of Plaintiff On Classmates.com.

On October 28, 2021, Mr. Osborn created a new, sixth Classmates.com account under his own name (the "Osborn Account"). McGuane Decl. ¶24. Mr. Osborn immediately used his new Osborn Account to search for Plaintiff more than a dozen times in a single sitting. *Id.* ¶25. Mr. Osborn captured at least four screenshots of the Clasmates.com website including of Plaintiff's yearbook and a search result for Plaintiff's name that were accessible to him only after he registered and agreed to the TOS, including agreeing to arbitrate. *Id.* ¶¶26–27; FAC ¶¶28, 33–35.

After creating the Osborn Account, Mr. Osborn sent a letter to PeopleConnect, stating that he was opting out of the arbitration requirement for this account for himself and "on behalf of anyone for whom I act as an agent, including clients I represent in my capacity as an attorney." McGuane Decl., Ex. 3 ("Osborn Account Letter"). Mr. Osborn did not identify Mr. Boshears in that letter. *Boshears*, 2023 WL 4946630, at *1. The Ninth Circuit already has held that Mr. Osborn did not effectively opt out on Plaintiff's behalf because he did not include the necessary information about Plaintiff. *Id.*

### 6. Plaintiff Reaffirmed Mr. Osborn's Conduct.

The Complaint includes at least four screenshots that Mr. Osborn obtained while using his Osborn Account that he created after he was engaged by Plaintiff. FAC ¶¶28, 33–35. Plaintiff was aware that his counsel were using these screenshots from Classmates.com in his complaint which he reviewed before and after it was filed. Boshears Dep. at 69:18–70:1, 78:19–79:4. At no point

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 7
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

did Plaintiff ever instruct his attorneys "not to use any of these screenshots." *Id.* at 69:18–70:1, 78:19–79:4.

Plaintiff reviewed PeopleConnect's motion to compel arbitration in which PeopleConnect argued that Plaintiff was bound to arbitrate due to his attorney's agreement to the TOS which required arbitration. *Id.* at 79:15–21, 81:2–10; *see also id.* at 82:23–83:6; 85:17–22, 86:4–8. Despite knowing that PeopleConnect had filed a motion to compel arbitration based on Mr. Osborn's agreement to obtain the screenshots in his complaint, Plaintiff continued to rely on the screenshots to try to defeat PeopleConnect's motion. *See id.* at 79:15–21, 81:2–10. At no time did Plaintiff "ask [his] lawyers to stop using any information or [the] screenshots from Classmates.com" of him. *Id.*

## **ARGUMENT**

The Ninth Circuit has held that, under Washington law, a non-signatory is bound by an arbitration agreement entered into by another when "contract and agency principles" so require.[4] *Knapke*, 38 F.4th at 833 (quoting *Romney v. Franciscan Med. Grp.*, 349 P.3d 32, 42 (Wash. App. Ct. 2015)). The Ninth Circuit further confirmed that an attorney may bind their client to an agreement to arbitrate if the attorney had actual implied authority to act on the client's behalf, or if the client ratified their attorney's agreement to arbitrate. *See id.* at 834–35.

Because that is precisely what occurred here, Plaintiff is bound to arbitrate his claim. When a party to a valid and enforceable arbitration agreement refuses to arbitrate a dispute within the scope of that agreement, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement" upon a motion from the other party. 9 U.S.C. § 4. It is undisputed that Mr. Osborn agreed to the Classmates.com TOS, which included a valid arbitration agreement, and the Ninth Circuit held that he failed to effectively opt out on Plaintiff's behalf. *Boshears*, 2023 WL 4946630, at *1. It also is undisputed that Plaintiff's claim

---

[4] Washington contract and agency law applies to this case. *Boshears*, 2023 WL 4946630, at *1 (citing *Knapke*, 38 F.4th at 832).

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 8
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

falls within the scope of that arbitration agreement. *See* McGuane Decl., Ex. 1 ("Classmates.com TOS") at § 12. And it is undisputed that Plaintiff's counsel used his Classmates.com accounts to search for Plaintiff and access images available *only* to Classmates.com members, which, so far as the complaint alleges, resulted in Plaintiff's name and likeness being displayed in the screenshots that form the basis of his claim. *See* FAC ¶¶28–30, 32–35; Dkt. 32 ¶2.

As such, the only issue left on remand is whether the facts from arbitration-related discovery demonstrate by a preponderance of this evidence that Mr. Osborn acted as Plaintiff's agent when he agreed to arbitrate or that Plaintiff subsequently ratified Mr. Osborn's agreement. *See Boshears*, 2023 WL 4646630, at *1 (citing *Knapke*, 38 F.4th at 832–33). The answer to both questions is Yes.

In his deposition, Plaintiff admitted that he engaged his counsel to investigate whether he had a claim against PeopleConnect for the inclusion of his name and photograph on Classmates.com. Discovery also revealed that Mr. Osborn agreed to the TOS, including agreeing to arbitrate, *after* he was Plaintiff's agent so that he could search for Plaintiff on Classmates.com to confirm and bolster Plaintiff's claim on the portions of Classmates.com that are accessible to Registered Members who agreed to the TOS. And the Ninth Circuit already has decided that Mr. Osborn's purported opt out "was plainly ineffective as to Boshears because it did not include Boshears's signature, name, address, e-mail address, or phone number." *Boshears*, 2023 WL 4646630, at *1.

Thus, Plaintiff is bound to arbitrate in at least two ways. **First**, Plaintiff is bound because he gave his attorneys implied actual authority to agree to the TOS through his instruction to investigate his claim, which he assumed would require them having to use Classmates.com. Boshears Dep. at 88:21–89:8. **Second**, Plaintiff later ratified Mr. Osborn's actions by retaining the benefit of the screenshots in supporting his claim or by refusing to repudiate Mr. Osborn's conduct after he learned of the consequences of Mr. Osborn's decision to use Classmates.com to investigate and bolter Plaintiff's claim.

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION - 9
No. 2:21-cv-01222-MJP

GORDON  
TILDEN  
THOMAS  
CORDELL

600 University Street  
Suite 2915  
Seattle, WA 98101  
206.467.6477

**I.      Plaintiff Gave Mr. Osborn Actual Implied Authority To Bind Him To The Classmates.com TOS.**

     **A.      The Ninth Circuit Has Held That Attorneys May Bind Their Clients To Arbitration Agreements.**

As the Ninth Circuit resolved, under Washington law, an attorney-agent can bind his client to arbitrate an agreement that was made as part of the actual implied authority from the client. *See Knapke*, 38 F.4th at 834. Actual implied authority includes the authority to "perform the usual and necessary acts essential to carry out the authorized services" on the client-principal's behalf. *Id.* at 834 (quoting *Hoglund v. Meeks*, 139 Wn. App. 854, 170 P.3d 37, 44 (2007)). "Such usual and necessary acts can include agreeing to contracts." *Id.* (citing *Chi. Title Ins. Co. v. Wash. State Off. of Ins. Comm'r*, 178 Wn.2d 120, 309 P.3d 372, 382 (2013)).

     **B.      Plaintiff Directed His Attorneys, Including Mr. Osborn, To Do Whatever Was Necessary To Investigate And Bolster His Claim.**

At detailed above, the arbitration discovery confirms that Plaintiff expected that Mr. Osborn would access Classmates.com to investigate whether Plaintiff had a claim. *See supra* at 5–9. Plaintiff engaged his attorneys for the purpose of assessing whether he had a claim against PeopleConnect. Boshears Dep. at 64:21–65:2. As noted above, Plaintiff testified that he directed his attorneys to conduct their investigation and authorized them to do whatever was needed to confirm if he in fact had a claim against PeopleConnect. *Id.* at 12:3–9, 48:22–49:3, 57:21–58:4, 65:3–8. In fact, Plaintiff "assume[d]" that "someone [would] check the website to make sure … [his] information actually appeared on [Classmates.com]." *Id.* at 56:1–7. And "by the time this complaint had been filed, [he] had given them [his attorneys] authorization to do whatever steps that were necessary to make sure that [the] information [in the complaint] was accurate." *Id.* at 71:18–24.

By retaining his attorneys to review if he had a claim, Plaintiff authorized them to access Classmates.com and to "do what was necessary" to complete their investigation as to whether he had a valid claim. *Id.* At 48:22–49:3, 65:10–15; *see also id.* At 12:3–9. Thus, Plaintiff impliedly

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION - 10
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

authorized his attorneys to enter into agreements reasonably necessary to fulfill their obligations—including the TOS and its agreement to arbitrate. *See Knapke*, 38 F.4th at 834.

### C. Mr. Osborn's Agreement To The TOS Was Necessary To Comply With Plaintiff's Direction To Determine Whether He Had A Claim.

Plaintiff's authorization to investigate his claim gave Mr. Osborn authority to conduct his two searches for Plaintiff on Classmates.com. Because Plaintiff instructed his attorneys to do whatever was "necessary" to investigate his claim, Plaintiff, therefore, expected his attorneys would access Classmates.com to investigate whether his name and images appeared. Boshears Dep. at 56:1–7. Thus, part and parcel of the authorized investigation, Mr. Osborn searched for Plaintiff on two different occasions in order to determine whether Plaintiff had a claim and to bolster that claim. Agreeing to the TOS was therefore a "usual and necessary act[] associated with the authorized services" with which Plaintiff tasked his attorneys. *Knapke*, 38 F.4th at 834 (quoting *Hoglund,* 139 Wn. App. At 866.)).

Counsel's agreement to the TOS and the arbitration provision—either by accessing the website with the Whipple account or by creating the Osborn Account—was a usual and necessary act in furtherance of the authorized investigation because Plaintiff "didn't know whether [his] personal information was actually being used" on Classmates.com, Boshears Dep. at 45:1–10, 46:13–16, and he could only determine that by obtaining the screenshots that became available after Mr. Osborn agreed to the TOS. Plaintiff admits he lacked any basis to sue if Mr. Osborn had not agreed to the TOS, including agreeing to arbitrate, in order to obtain the screenshots used in the complaint. Boshears Dep. at 54:16–21, 56:1–7.

Tellingly, Plaintiff and his attorneys acted under the belief that Plaintiff provided them with authority to agree to the TOS, as evidenced by Mr. Osborn's ineffective attempt to opt out on behalf of Plaintiff. Again, when he created his new account and searched for Plaintiff using that account, Mr. Osborn ineffectually attempted to opt out on behalf of Plaintiff. *See* Osborn Account Letter; *Boshears*, 2023 WL 4946630, at *1. Such action was completely unnecessary unless

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 11
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Plaintiff and Mr. Osborn himself believed that Mr. Osborn had bound Plaintiff to the TOS. Further, if Plaintiff gave Mr. Osborn the ability to opt out of agreements, then the inverse is true—Mr. Osborn also had the authority to bind Plaintiff to those same contracts.

Because Mr. Osborn accessed the portions of the website to take the screenshots to investigate Plaintiff's claim, Mr. Osborn's re-assent to the Classmates.com TOS on October 18 and his consent to the TOS upon registering a new account on October 28 were "usual and necessary" to investigate whether Plaintiff had a claim. *See Knapke*, 38 F.4th at 834.[5]

## II. Plaintiff Ratified Mr. Osborn's Conduct By Accepting The Benefits And Not Repudiating Mr. Osborn's Investigation.

Even assuming *arguendo* that Mr. Osborn did not have implied actual authority to agree on Plaintiff's behalf to arbitrate (and he plainly did), Plaintiff nonetheless is bound because he later ratified Mr. Osborn's agreement to the TOS when he created the Osborn Account. As the Ninth Circuit held, Washington law provides that *unauthorized* acts of an attorney-agent are still binding on a client-principal if the client-principal expressly or impliedly ratifies the attorney-agent's actions. *See Knapke* at 835 (citing *Riss v. Angel*, 131 Wn. 2d 612, 934 P.2d 669, 683 (1997)). Ratification can be demonstrated in one of three ways: "(1) by receiving, accepting, and retaining benefits from the contract; (2) by remaining silent, acquiescing, or failing to repudiate the contract; or (3) by otherwise exhibiting conduct demonstrating adoption and recognition of the contract." *Id.* (citing *Hoglund,* 170 P.3d at 46 n.7 and *Barnes v. Treece*, 15 Wn. App. 437, 549 P.2d 1152, 1157 (1976)); *Boshears*, 2023 WL 4946630, at *1 (citing *Knapke*, 38 F.4th at 832–33).Here, Plaintiff ratified Mr. Osborn's actions under either of the first two bases.

### A. Plaintiff Received, Accepted and Retained The Benefit Of Mr. Osborn's Use Of Classmates.com In Order To Bolster His Claim.

Plaintiff ratified Mr. Osborn's agreement to arbitrate because he accepted the benefits of

---

[5] Plaintiff may argue, as he did in response to PeopleConnect's earlier motion, that Mr. Osborn's use of Classmates.com was necessary to satisfy his obligations under Federal Rule of Civil Procedure 11. The Ninth Circuit has resoundingly rejected this argument twice over, including in the appeal in this case. *Boshears*, 2023 WL 4946630, at *1 (citing *Knapke*, 38 F.4th at 836).

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 12
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Mr. Osborn's access to Classmates.com. On October 28, 2021, Mr. Osborn accessed screenshots and other information on Classmates.com available only after registering the Osborn Account and consenting to the TOS, including the arbitration clause. McGuane Decl. ¶¶26–27. As Plaintiff acknowledged, Mr. Osborn did so to gather information to confirm and strengthen Plaintiff's claims. Boshears Dep. at 56:1–7, 57:21–58:4, 64:21–65:2, 71:18–24. In fact, Plaintiff's complaint contain at least four screenshots from when Mr. Osborn used this account. *See* FAC ¶¶28, 33–35.

Plaintiff repeatedly has used the screenshots and attempted to benefit from such use. From when he first sued PeopleConnect through today, Plaintiff's claim has continued to rely on the screenshots collected by Mr. Osborn and available only to Registered Members who agreed to arbitrate. *See* McGuane Decl. ¶¶26–27. Indeed, these images are integral to his allegation that PeopleConnect displayed his name and likeness. Moreover, he has relied on them not merely in his complaint, FAC ¶¶ 28, 30, 33–35, but also in opposing PeopleConnect's previous motion to dismiss, Dkt. 30 at 7, 9, 11. Plaintiff's use of the images—collected only because his counsel agreed to the TOS—thus demonstrates that he "received, accepted and retained" the benefit of the TOS.

### B. Plaintiff Has Never Repudiated Mr. Osborn's Actions, Even After He Learned Of The Consequences For His Claim.

Accepting the benefit is not the sole method of ratification—a principal also ratifies an agent's agreement to a contract "by remaining silent, acquiescing, or failing to repudiate the contract." *Knapke*, 38 F.4th at 835 (citing *Hoglund*, 170 P.3d at 46 n.7 ( and *Barnes* 549 P.2d 1152. "Ratification by silence or acquiescence requires knowledge and either 'acceptance of the benefits from the contract or prejudicial reliance by the other party.'" *Id.* (quoting *Lockwood v. Wolf Corp.*, 629 F.2d 603, 609 (9th Cir. 1980)). "[I]f the circumstances are such that, according to the ordinary experience and habits of men, one would naturally be expected to speak if he did not consent," but the principal does not do so, they have ratified the agent's conduct through silence. *Id.* (quoting *Smith v. Hansen, Hansen & Johnson, Inc.*, 63 Wn. App. 355, 818 P.2d 1127, 1135 (1991)).

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 13
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Plaintiff did just so by continuing to affirmatively use and rely on Mr. Osborn's use of his Classmates.com accounts for his own benefit after he learned that the TOS required Plaintiff to arbitrate his claims. When PeopleConnect filed its initial motion to compel arbitration—of which Plaintiff was aware—Plaintiff "did not ask [his] lawyers to stop using any information or [the] screenshots from Classmates.com" of him. Boshears Dep. at 79:15–21, 81:2–10. After his attorneys filed an opposition to PeopleConnect's motion, Plaintiff again "didn't make [the] explicit demand" that his counsel "stop going onto the Classmate[s.com] website." *Id.* at 82:23–83:6. Even after receiving and reviewing PeopleConnect's reply in support of its motion, he did not tell his attorneys "that they couldn't use [the screenshots of his] photographs or any information from the Classmates.com website." *Id.* at 85:17–22, 86:4–8.

After the entire briefing of this issue and the risk it posed for him, Plaintiff never spoke to his attorneys regarding the reliance on these screenshots in any way. *Id.* at 79:15–21, 81:2–10, 82:23–83:6; 85:17–22, 86:4–8. Plaintiff never disavowed his attorneys' use of information Mr. Osborn obtained by agreeing to the TOS. *See id.*

Plaintiff's acceptance of the benefits of his counsel's actions, with the full knowledge of the facts, amounts to Plaintiff's ratification by acquiescence to the arbitration agreement. *See Knapke*, 38 F.4th at 835 ("ratification by silence or acquiescence requires knowledge, and acceptance of the benefits from the contract or prejudicial reliance by the other party" (quoting *Lockwood*, 629 F.2d at 609).

**III.  Dismissal Is Appropriate In This Case Because Plaintiff Must Arbitrate His Only Claim.**

Because Mr. Osborn acted as Plaintiff's agent in using his Classmates.com accounts to confirm and bolster Plaintiff's claim, Plaintiff is bound to arbitrate his claim. The Federal Arbitration Act ("FAA") makes arbitration agreements "valid, irrevocable, and enforceable," 9 U.S.C. § 2, and "preempts any state rule discriminating on its face against arbitration" or "any rule that covertly accomplishes the same objective by disfavoring contracts that … have the defining

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 14
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

features of arbitration agreements," *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246, 251 (2017).

When a party to a valid and enforceable arbitration agreement refuses to arbitrate any dispute within the scope of that agreement, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement" upon a motion from the other party. 9 U.S.C. § 4. And while actions should generally be stayed pending arbitration, *see* 9 U.S.C. § 3, the Ninth Circuit "has long carved out an exception if all claims are subject to arbitration. Notwithstanding the language of section three, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Forrest v. Spizzirri*, 62 F.4th 1201, 1204–05 (9th Cir. 2023), *cert. granted sub nom.* (Jan 12, 2024) (quoting *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014)) (cleaned up).[6]

Here, Plaintiff's sole remaining claim is plainly subject to the arbitration agreement to which Mr. Osborn agreed on Plaintiff's behalf. Thus, the Court should not only compel Plaintiff to arbitrate his claim but also dismiss this case.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed, and Plaintiff should be compelled to adjudicate his claim in arbitration.

I certify that this memorandum contains 5,154 words, in compliance with the Local Civil Rules.

---

[6] This issue is currently before the Supreme Court.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 15
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

DATED this 8th day of April, 2024.

**GORDON TILDEN THOMAS & CORDELL LLP**

 */s/ Michael Rosenberger*
Michael Rosenberger, WSBA #17730
Mark Wilner, WSBA #31550
600 University Street, 2915
Seattle, Washington 98101
Telephone: 206-467-6477
mrosenberger@gordontilden.com
mwilner@gordontilden.com

Brent Caslin, Washington State Bar No. 36145
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: 213-239-5100
bcaslin@jenner.com

Debbie L. Berman (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
Clifford W. Berlow (*pro hac vice*)
Hope H. Tone-O'Keefe (*pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: 312-222-9350
dberman@jenner.com
wthomson@jenner.com
cberlow@jenner.com
htoneokeefe@jenner.com

Benjamin T. Halbig (*pro hac vice*)
**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: 628 267-6800
bhalbig@jenner.com

Attorneys for Defendant PeopleConnect, Inc.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 16
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477