The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>　　　　　　　　　Defendant. | Case No. 2:21-cv-01222-MJP<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND MEMORANDUM IN SUPPORT<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ..............................................................................................................1

ARGUMENT ......................................................................................................................1

I.    Plaintiff Gave Mr. Osborn Actual Implied Authority To Bind Him To The Classmates.com TOS. ...........................................................................................1

    A.    The Engagement Letter Did Not Limit Counsel's Implied Actual Authority. ..................................................................................................3

    B.    The August 2023 "Opt Out" Is Irrelevant and Ineffective. ..........................5

II.    Plaintiff Ratified By Accepting The Benefits And Not Repudiating Mr. Osborn's Investigation. .........................................................................................7

III.    The Arbitrator Must Determine Conscionability, And In Any Event, Classmates.com's Terms of Service Are Not Unconscionable. ..............................9

CONCLUSION .................................................................................................................11

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - i
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berg v. Hudesman*,
  801 P.2d 222 (1990) ...................................................................................................6

*Bethune v. City of Washougal*,
  642 F. Supp. 3d 1246 (W.D. Wash. 2022) ..................................................................8

*Bonilla v. PeopleConnect*,
  No. 1:21-cv-00051 (N.D. Ill. Mar. 29, 2022) ............................................................10

*Boshears v. PeopleConnect, Inc.*,
  No. 22-35262, 2023 WL 4946630 (9th Cir. Aug. 3, 2023) .....................................4, 5

*Copeland v. Macy's, Inc.*,
  No. C19-6058, 2020 WL 4195079 (W.D. Wash. June 19, 2020) ...........................7, 8

*Harbers v. Eddie Bauer, LLC*,
  No. C19-1012, 2019 WL 6130822 (W.D. Wash. Nov. 19, 2019) .............................11

*Hauenstein v. Softwrap Ltd.*,
  No. C07-057, 2007 WL 2404624 (W.D. Wash. Aug. 17, 2007) ...............................11

*Henderson v. United Student Air Funds, Inc.*,
  918 F.3d 1068 (9th Cir. 2019) ....................................................................................9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524 (2019) ................................................................................................10

*Jin v. Parsons Corp.*,
  966 F.3d 821 (D.C. Cir. 2020) ................................................................................5, 9

*Kennewick Irrigation Distr. v. United States*,
  880 F.2d 1018 (9th Cir. 1989) ....................................................................................6

*Knapke v. PeopleConnect, Inc.*,
  38 F.4th 824 (9th Cir. 2022) ...................................................................................4, 7

*Lightbourne v. Printroom Inc.*,
  122 F. Supp. 3d 942 (C.D. Cal. 2015) ......................................................................11

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962) ....................................................................................................7

*Repwest Ins. Co. v. Praetorian Ins. Co.*,
  890 F. Supp. 2d 1168 (D. Ariz. 2012) ........................................................................3

*Smith v. Spizzirri*,
  ___ S. Ct. ___, 2024 WL 2193872 (2024) .................................................................1

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION - ii
No. 2:21-cv-01222-MJP

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*Walsh v. Microsoft Corp.*,
  No. C14-424, 2014 WL 4168479 (W.D. Wash. Aug. 20, 2014) ............................................10

*Williams v. PillPack LLC*,
  644 F. Supp. 3d 845 (W.D. Wash. 2022) ...................................................................................9

**Statutes**

9 U.S.C. § 4................................................................................................................................5, 9

**Other Authorities**

Restatement (Third) of Agency § 2.01 ...........................................................................................2

Restatement (Third) of Agency § 2.03 ...........................................................................................2

Restatement (Third) of Agency § 4.01 Comment b........................................................................9

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - iii
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

# INTRODUCTION

Plaintiff does not dispute the facts that are the basis for PeopleConnect, Inc.'s ("PeopleConnect") Motion to Compel Arbitration ("Motion") which establish that Mr. Osborn bound Plaintiff to the Terms of Service ("TOS"), including the agreement to arbitrate, and require the Motion be granted. In response, Plaintiff unsuccessfully tries to distract from his unambiguous deposition admissions that he authorized counsel to do whatever was necessary to investigate his claim, did not direct them to file in federal court, and never told them they could not agree to arbitrate on his behalf. While Plaintiff argues that through the engagement letter, he instructed counsel to pursue his claim in federal court, nothing in the letter says that, nor does the letter contradict his deposition admissions that he did *not* discuss where to pursue his claims with his attorneys. Opp. 11. As for his assertion that the Ninth Circuit found that the August 2023 purported opt out was timely and effective, the court made no such ruling, and Plaintiff's argument is premised on the wrong provision. Finally, in a last-ditch effort to avoid arbitration, Plaintiff argues that even if he is bound, the TOS are unenforceable. Because the TOS contain a delegation clause, however, any issue concerning enforceability must be decided by the arbitrator, not the Court. Moreover, the TOS are not unconscionable.

The proper resolution of the Motion is straightforward. Plaintiff's unambiguous deposition admissions confirm that Plaintiff is bound to the TOS, including the arbitration provision. The Motion, therefore, should be granted and this matter stayed pending resolution of the arbitration.[1]

# ARGUMENT

**I.    Plaintiff Gave Mr. Osborn Actual Implied Authority To Bind Him To The Classmates.com TOS.**

Plaintiff does not dispute that his counsel's assent to the TOS was a "usual and necessary act[] associated with the authorized services" or that he authorized his attorneys to access those services. Mot. 11. As Plaintiff admitted in his deposition, he gave his attorneys "authorization to

---

[1] After PeopleConnect filed the Motion, the Supreme Court decided *Smith v. Spizzirri*, ___ S. Ct. ___, 2024 WL 2193872 (2024), which held that the court must stay, rather than dismiss, a case after compelling arbitration. *Id.* at *4.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 1
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

do whatever steps that were necessary to make sure that this information [in the complaint] was accurate." Mot. Halbig Ex. 2, 71:18–24; 65:10–15; Mot. 4–7, 10–12. Based on his authorization, Plaintiff expected his attorneys would access Classmates.com to determine whether his name and images were there. Mot. 4–5. He understood "that you would have to have someone check the [Classmates.com] website." Mot. Halbig Ex. 2, 56:1–7. Even so, Plaintiff did not instruct his counsel not to use Classmates.com. *Id*. Nor did he instruct them not to agree to the TOS. *Id*. Nor did he instruct them to opt out of arbitration. *Id*.

Mr. Osborn acted within the implied authority Plaintiff gave him: he twice accessed Classmates.com after being authorized to take "whatever steps were necessary" to confirm Plaintiff appeared on Classmates.com; he gathered information from Classmates.com about Plaintiff available only to those who agree to the TOS, including the agreement to arbitrate; and he relied on the information he gathered on those occasions to bolster Plaintiff's claims and try to defeat PeopleConnect's motion to compel and dismiss. Mot. 7–8. Moreover, Mr. Osborn did not opt Plaintiff out of arbitration for either of the accounts he used for Plaintiff's benefit.[2]

Although Plaintiff now insists he "expressly instructed" his counsel only to pursue class litigation in federal court, Opp. 5–7, his testimony shows the opposite. In fact, Plaintiff did not know where his lawyers would proceed:

> Q. Did you – when you signed the agreement with Mr. Strauss that we were just looking at, did you have any understanding of where Mr. Strauss would be potentially pursuing any of your claims?
>
> A. I don't recall.

---

[2] Plaintiff suggests Mr. Osborn's opt out letter for the Osborn Account, even if ineffective, put PeopleConnect on notice of Plaintiff's intent not to be bound by Mr. Osborn's actions. Opp. 9–10. But that letter does not identify Plaintiff, let alone as an individual for whom Mr. Osborn was purporting to opt out. *See* Mot. McGuane Ex. 3. And, PeopleConnect's knowledge is irrelevant because this Motion turns on Plaintiff's conferral of *actual* authority to Mr. Osborn, not *apparent* authority Mr. Osborn offered to PeopleConnect. *Compare* Restatement (Third) of Agency § 2.01 ("An agent acts with actual authority when … the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act."), *with id.* § 2.03 ("Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal…").

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION - 2
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Mot. Halbig Ex. 2, 66:7–11. Moreover, Plaintiff agreed he did not instruct his attorneys where to bring this dispute:

> Q. But you didn't give him any direction as to where -- which court or, you know, what venue to bring that?
>
> A. No, I did not.

Mot. Halbig Ex. 2, at 66:19–22.

This is far from an "express" direction from Plaintiff to file suit in court.

### A.  The Engagement Letter Did Not Limit Counsel's Implied Actual Authority.

Hoping to avoid the import of his testimony, Plaintiff cites general language in his engagement letter to claim it required that his attorneys proceed in federal court. Opp. 4–5. But the letter says nothing of the sort. Plaintiff argues this is implicit in its statement that his attorneys would pursue "class action claims," *id.*, but there is nothing inconsistent about class actions and arbitration. Am. Arbitration Ass'n, *Supplementary Rules for Class Arbitrations* (Oct. 8, 2003), https://www.adr.org/sites/default/files/document_repository/Supplementary%20Rules%20for%20Class%20Arbitrations.pdf. Nor does the references to "litigation" an "court" in the letter matter because an "occasional reference to litigation" is not an "act[] inconsistent with the right to arbitration." *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1180 (D. Ariz. 2012). These words are broad enough to include all adversarial proceedings, including arbitration, and Plaintiff, a non-lawyer, clearly did not understand them to mean his claim had to be filed in federal court, as evident from his testimony. Moreover, it is Plaintiff's instructions, as opposed to lawyer argument in a brief, which control and Plaintiff testified he did not tell anyone they had to file in federal court. *See supra* at 2.

In any event, Plaintiff is wrong when he claims the Ninth Circuit held that the only fact relevant to determine the scope of counsel's implied authority is the engagement letter. Opp. 7–8. Plaintiff cites *Knapke*, but the Ninth Circuit there remanded for this Court to determine "when [the attorney] became [the plaintiff's] agent" and to factually resolve "the scope of both their agreement

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 3
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

and [the attorney's] corresponding authority." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 833–34 (9th Cir. 2022). The Court's analysis, therefore, is not limited to the engagement letter; rather the Court must examine holistically "the relationship between Boshears and any given member account created or used by Osborn on Boshears's behalf." *Boshears v. PeopleConnect, Inc.*, No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023). That holistic relationship is important here for two reasons.

*First*, even if the Court concludes that the engagement letter is at tension with Plaintiff's direction to do whatever was necessary to confirm Plaintiff's presence on Classmates.com, the sole question here is whether the latter act was impliedly authorized. The evidence shows it was, so the existence of another document purportedly inconsistent with it does not negate such implied authority. Plainly, a principal can issue instructions that appear inconsistent in hindsight. That does not mean individual acts taken pursuant to such instructions should be retroactively deemed unauthorized.

*Second*, even if the October 21, 2021 engagement letter could be read to limit the scope of his counsel's authority (although it plainly cannot), it cannot retroactively change the scope of his attorneys' implied authority on October 18, 2021, which included agreeing to the TOS and the agreement to arbitrate. As the Ninth Circuit noted in *Knapke*, Plaintiff "need not have formally retained [counsel's] law firm by that time for an agency relationship to have formed." *Knapke*, 38 F.4th at 832 n.3. Here, Plaintiff's admissions establish that Mr. Osborn became Plaintiff's agent on October 18, 2021, *before* Plaintiff signed the letter. Plaintiff provided a privilege log asserting attorney-client privilege regarding emails between Plaintiff and his counsel between October 18 and 21, 2021, Dkt. 71, Ex. 1 at Identifier No. 1, and Plaintiff argued in his opposition in the LCR 37 Joint Submission that these emails were privileged because there was an attorney-client relationship on October 18, 2021. *See* Dkt. 69 at 9–10. Thus, when Mr. Osborn first accessed Classmates.com to further Plaintiff's interest on October 18, 2021, he acted as Plaintiff's agent without the supposed limiting instruction in an agreement signed three days later. Mot. 6.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 4
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Also, while it is clear from Plaintiff's testimony that Plaintiff is bound to arbitrate, if the Court were to determine that Plaintiff created a disputed issue of material fact in his response, the Court cannot resolve that dispute on the papers and instead must hold a trial. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."); *Jin v. Parsons Corp.*, 966 F.3d 821, 828 (D.C. Cir. 2020) ("[T]he proper procedure for the district court to follow, upon finding that a genuine dispute of material fact exists, is to hold the motion to compel arbitration in abeyance pending a trial on the issue of arbitrability.").

### B.   The August 2023 "Opt Out" Is Irrelevant and Ineffective.

Plaintiff's contention that a purported opt out made nearly two years after his counsel bound him to the TOS lacks merit. Plaintiff admits Mr. Osborn never attempted to opt out of the Whipple Account, the account he used for Plaintiff's benefit on October 18, 2021. Opp. 3. He also acknowledges that the Ninth Circuit held that Mr. Osborn's attempt to opt Plaintiff out of arbitrating with respect to the Osborn Account was ineffectual. Opp. 6–7.

To avoid what follows—that he is bound to the TOS—Plaintiff now claims the Ninth Circuit held he *still* is not bound because of a different opt out provision in the TOS. *See* Opp. 3. But the Ninth Circuit did no such thing. All it did was identify the two opt out provisions in the TOS: (1) "[i]f opting out for *yourself*, this notice must be sent within thirty (30) days of your first use of the Services…" (the "First Clause") and (2) "[i]f opting out as an agent for another *user*, [the opt out] notice must be sent within (30) [days] of that other user's first use of the Services…" (the "Second Clause"). *Boshears*, 2023 WL 4946630, at *2. It did not, as Plaintiff argues, resolve that the Second Clause was the operative one. It explicitly stated it would not "address the proper interpretation of the [Second Clause] because the parties do not address it and because it is unnecessary to the disposition of this appeal." *Id.*

A plain reading of the TOS, however, demonstrates that the First Clause is the operative one. That provision applies when a user is opting out "for *yourself*" and tracks the notice date from

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 5
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

1  "thirty (30) days of *your* first use of the Services." Mot. McGuane Ex. 1, §12(D) (emphasis added).
2  Crucially, the TOS define "you" to include an individual who "access[es] and use[s]the Website
3  and Services *on behalf of or for the benefit of another*"—*i.e.*, an agent using Classmates.com for
4  a principal. *Id.*, Acceptance of Terms (emphasis added). Accordingly, the term "yourself" in the
5  First Clause includes **both** the user of Classmates.com and **also** any person for whom that user was
6  acting on their behalf while using Classmates.com.³ So, if an agent uses the website for a principal,
7  they together are "you." Thus, the plain meaning of the TOS is that the First Clause applies if an
8  agent agrees to the TOS while using Classmates.com to benefit a principal and then wants to opt
9  out of the arbitration provisions for that principal. In that case, as here, the agent must opt out
10 within 30 days of the agent's first use of Classmates.com on behalf of the principal.

   The Second Clause applies when a registered user directly uses the services ("that other
12 user's first use") and then has an agent opt out for him or her ("if opting out as an agent for another
13 user"). Plaintiff's reading of the Second Clause thus is inconsistent with the text of the TOS as a
14 whole and Washington principles of contract interpretation. *First*, it excludes consideration of the
15 language of the Acceptance of Terms section that define "you" to include an agent using the
16 website for a principal. *Berg v. Hudesman*, 801 P.2d 222, 228 (1990) ("Determination of the intent
17 of the contracting parties is to be accomplished by viewing the contract as a whole"). *Second*,
18 Plaintiff unreasonably creates an impermissible loophole that would defeat the opt-out
19 provisions. *Id.* at 668 ("[T]he reasonableness of the parties' respective interpretations may also be
20 a factor in interpreting a written contract"); *Kennewick Irrigation Distr. v. United States*, 880 F.2d
21 1018, 1032 (9th Cir. 1989) ("Preference must be given to reasonable interpretations as opposed to
22 those that are unreasonable"). In Plaintiff's view, he has unlimited time to opt out. So, an agent
23 could use the website on behalf of a principal for years but the 30-day deadline would never begin

---

³ While the Ninth Circuit states that the First Clause only applied to Mr. Osborn himself, it is dicta and was based solely on the Court's reference to the word "you" in the First Clause without reference to, let alone analysis of, the definition of "you" in the Acceptance of Terms section of the TOS that demonstrates "you" is broader than just the person who used Classmates.com.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 6
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1  to run. The Court should not entertain an interpretation that defeats the purpose of the opt out for
2  persons like Plaintiff and that directly conflicts with the TOS when read in its entirety.

3        The time for Mr. Osborn to opt out on Plaintiff's behalf from the Whipple Account
4  therefore would have been November 17, 2021—30 days after October 18, 2021, the day he first
5  investigated Plaintiff's claims—and the deadline for opting out of the Osborn Account would have
6  been November 27, 2021. That makes the August 2023 opt out over twenty-one months too late.

7        Plaintiff's argument that his counsel's purported opt-out demonstrates that Mr. Osborn did
8  not intend to bind him is irrelevant. As the Ninth Circuit explained in *Knapke*, what matters is
9  "whether [Mr. Osborn] acted on [Plaintiff'] behalf in agreeing to the Classmates.com Terms of
10 Service, not, as [Plaintiff] argues, whether [Mr. Osborn] intended to bind [him]." 38 F.4th at 836.
11 Moreover, Plaintiff cites no evidence, such as a declaration from Mr. Osborn, to support this claim.
12 Thus, it must be ignored *See Copeland v. Macy's, Inc.*, No. C19-6058, 2020 WL 4195079, at *3
13 (W.D. Wash. June 19, 2020), report and recommendation adopted, No. C19-6058-BHS, 2020 WL
14 4193140 (W.D. Wash. July 21, 2020). Indeed, the Ninth Circuit held that statements about Mr.
15 Osborn's intent made in a brief should not be accepted "at face value." *Knapke*, 38 F.4th at 834.
16 If anything, as explained in the Motion, Mr. Osborn's ineffective opt out is evidence he knew he
17 bound his client, but failed to opt out properly. *See* Mot. 11–12. Any consequences from Mr.
18 Osborn's failed opt out attempt do not affect the determination of this motion; if anything that is a
19 matter between Plaintiff and his counsel. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 634
20 n.10 (1962) (reasoning that a litigant cannot "avoid the consequences of the acts or omissions of
21 [their] freely selected agent," rather the "client's remedy is against the attorney in a suit for
22 malpractice").

23 **II.   Plaintiff Ratified By Accepting The Benefits And Not Repudiating Mr. Osborn's
24          Investigation.**

25       As for ratification, the evidence shows that Plaintiff accepted the benefits of Mr. Osborn's
26 access to Classmates.com—namely, his use of screenshots and other information gathered on

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION - 7
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Classmates.com available only after consenting to the TOS. Mot. 12–13. The record also establishes that Plaintiff never asked counsel to refrain from using the information and screenshots gathered from the members-only portions of Classmates.com, even after learning the TOS required Plaintiff to arbitrate his claims. *Id.* at 13–14. Instead, he continued to accept and to use in this case the benefits of his counsel's access.

Plaintiff now attempts to avoid ratification by asserting, without citation to any evidence, that he lacked knowledge of Mr. Osborn's conduct. Opp. 11–14. In deciding a motion to compel arbitration, however, "the nonmoving party [cannot] rely on allegations in the complaint or unsupported conjecture or conclusory statements." *Copeland*, 2020 WL 4195079, at *3; *see also Bethune v. City of Washougal*, 642 F. Supp. 3d 1246, 1258 (W.D. Wash. 2022) ("At summary judgment a court may not accept unsupported allegations in a party's briefing as valid evidence."). Even if the Court were to consider it, it is insufficient. Plaintiff's testimony establishes that: (1) Plaintiff *knew* his attorneys included the screenshots from Classmates.com in his complaint, which he reviewed both before and after it was filed; (2) Plaintiff reviewed PeopleConnect's motion to compel arbitration, in which PeopleConnect argued he was bound to arbitrate due to his attorney's agreement to the TOS; and (3) Plaintiff did nothing to stop his counsel from continuing to use those materials to attempt to defeat PeopleConnect's motion. Mot. 7–8. So, even assuming Plaintiff lacked knowledge when Mr. Osborn first used his accounts, Plaintiff acquired sufficient knowledge shortly thereafter and nonetheless failed to repudiate Mr. Osborn's conduct. *Id.* at 12–14.

Indeed, Plaintiff has not repudiated Mr. Osborn's conduct to this day. Although Plaintiff claims he repudiated the agreement the next day, that is incorrect. *See* Opp. 14. The purported opt-out was sent by Mr. Osborn, not Plaintiff, and did not reference Plaintiff, so no reading of that opt-out can be construed as Plaintiff's repudiation. This is especially true because Plaintiff's testimony contradicts this assertion—he testified he never discussed arbitration or the TOS with his attorneys. Mot. 7. So, there is no factual basis to suggest Plaintiff instructed his attorneys to opt out.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 8
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Plaintiff's sole evidence supposedly showing he lacked knowledge is a one-sentence footnote from an interrogatory response saying he lacked knowledge as to whether anyone created an account on his behalf. Opp. 10 n.4. But he did review PeopleConnect's motion to dismiss, which laid out the scope of Mr. Osborn's actions. *See* Mot. 6. Plaintiff also now claims he only was aware of PeopleConnect's original motion, attempting to suggest he did not actually see the motion, *see* Opp. 13, but that is incorrect. He testified he reviewed that filing, meaning he must have seen the argument in the motion that his attorneys had bound him to arbitrate. Mot. 8.

Finally, even if the Court were to credit Plaintiff's claimed lack of knowledge, that lack of knowledge could only be the product of his own willful ignorance, which precludes him from relying on his lack of knowledge as a defense to ratification. *See Henderson v. United Student Air Funds, Inc.*, 918 F.3d 1068, 1073–74 (9th Cir. 2019) (quoting Restatement (Third) of Agency § 4.01 cmt. b); *Williams v. PillPack LLC*, 644 F. Supp. 3d 845, 857 (W.D. Wash. 2022). Again, Plaintiff admitted to reviewing his complaint, which included screenshots from parts of Classmates.com requiring agreement to the TOS, and then to reviewing PeopleConnect's argument that in so doing, Mr. Osborn bound Plaintiff to arbitrate. Mot. 7–8. Yet despite learning of these facts, Plaintiff did nothing—he failed to instruct his attorneys "not to use any of these screenshots" nor did he ask his attorneys for more information. *Id.* at 14. By acquiescing and/or failing to repudiate Mr. Osborn's conduct "with awareness that [his] knowledge was lacking," Plaintiff buried his head in the sand, which the law does not allow him to do. Restatement (Third) of Agency § 4.01 cmt. b. So, he *still* would be bound to arbitrate as his ignorance would be of his own doing.[4]

**III.   The Arbitrator Must Determine Conscionability, And In Any Event, Classmates.com's Terms of Service Are Not Unconscionable.**

For his final pitch to avoid arbitration, Plaintiff claims the TOS are unconscionable because PeopleConnect's position is that a user is bound by the TOS simply by going on Classmates.com. Opp. 16. This argument is without merit, both factually and legally.

---

[4] Again, if the Court believes there are factual disputes, an evidentiary hearing is required. *See* 9 U.S.C. § 4; *Jin*, 966 F.3d at 828.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 9
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Factually, it has never been PeopleConnect's position that a user is bound merely by visiting Classmates.com. Rather, PeopleConnect has consistently argued that a visitor is bound to the TOS only if the visitor creates an account, which requires clicking to demonstrate acceptance to the TOS. Mot. 2–4. Also, contrary to Plaintiff's claim, Opp. 16, a visitor can review the TOS before accepting them—they are accessible "via a hyperlink in the website's persistent footer," which includes the "non-registered user homepage." Mot. McGuane Decl. ¶7. Thus, Plaintiff is not bound to arbitrate because his attorney simply visited Classmates.com; rather, he is bound to arbitrate because his attorney visited Classmates.com, registered for an account, assented to the TOS, used that account to gather and use information available only to registered users, and subsequently failed to timely or properly opt out of the arbitration provision.

Legally, any arguments Plaintiff makes regarding the enforceability of the TOS cannot be decided by the Court because the TOS contain a clear delegation clause requiring that an arbitrator resolve them. That delegation clause states: "ANY CONTROVERSY CONCERNING THE VALIDITY, ENFORCEABILITY, REVOCABILITY AND SCOPE OF THIS AGREEMENT TO ARBITRATE SHALL BE DETERMINED BY THE ARBITRATOR AND NOT BY THE COURT." Mot. McGuane Ex. 1 §12(b). Controlling precedent resolves that where there is such a delegation clause, the court may not resolve questions of arbitrability. *E.g.*, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). And as this Court has explained, the alleged unconscionability of an arbitration agreement as a whole is exactly the type of issue that under a delegation clause must be resolved by an arbitrator because the "delegation of arbitrability to the arbitrator includes…enforceability arguments." *Walsh v. Microsoft Corp.*, No. C14-424, 2014 WL 4168479, at *4 (W.D. Wash. Aug. 20, 2014) (refusing to consider unconscionability argument).

Courts have ordered other plaintiffs to arbitrate under these same TOS. *See, e.g.*, Order, Dkt. 64, *Bonilla v. PeopleConnect,* No. 1:21-cv-00051 (N.D. Ill. Mar. 29, 2022) (enforcing delegation clause under earlier version of Classmates.com TOS and compelling plaintiff to arbitrate). The same result should occur here because the TOS are neither procedurally nor

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 10
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

substantively unconscionable. *First*, the TOS are not procedurally unconscionable because they did not deprive Plaintiff of meaningful choice. *Hauenstein v. Softwrap Ltd.*, No. C07-057, 2007 WL 2404624, at *4 (W.D. Wash. Aug. 17, 2007) ("[T]he fact that a contract is an adhesion contract does not necessarily make it procedurally unconscionable."). The TOS are a clickwrap, not a browsewrap, agreement. *See, e.g.*, *Harbers v. Eddie Bauer, LLC*, No. C19-1012, 2019 WL 6130822, at *6 (W.D. Wash. Nov. 19, 2019) (compelling arbitration based on clickwrap agreement). *Second*, the TOS are not substantively unconscionable because they are not "overly harsh." *Hauenstein*, 2007 WL 2404624, at *5. Plaintiff claims the consent provision is overbroad, Opp. 16–17, but courts routinely uphold contractual consent provisions like this. *See, e.g.*, *Lightbourne v. Printroom Inc.*, 122 F. Supp. 3d 942, 945 (C.D. Cal. 2015) (dismissing right of publicity claim because, based on plain language of contract, plaintiff consented to use of identity).

Further, even if the Court were to find the consent clause unconscionable, the TOS are severable. Mot. McGuane Ex. 1, §13 ("The terms and conditions in these Terms of Service are severable. In the event that any provision is determined to be unenforceable or invalid, such provision shall still be enforced to the fullest extent permitted by applicable law, and **such determination shall not affect the validity and enforceability of any other provisions.**") (emphasis added). Indeed, Plaintiff does not contend that the arbitration provision is unconscionable. *See* Opp. 15–17. The consent provision does not render the TOS unconscionable, and even if it did, the Court must sever the consent provision and enforce the arbitration provision as written.

## CONCLUSION

For these reasons and those in the Motion, the Court should grant PeopleConnect's motion to compel arbitration and stay this case pending the outcome of the arbitration.

I certify that this memorandum contains 4,151 words, in compliance with the Local Civil Rules.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 11
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

DATED this 28th day of May, 2024.

**GORDON TILDEN THOMAS & CORDELL LLP**

 */s/ Michael Rosenberger*
Michael Rosenberger, WSBA #17730
Mark Wilner, WSBA #31550
600 University Street, 2915
Seattle, Washington 98101
Telephone: 206-467-6477
mrosenberger@gordontilden.com
mwilner@gordontilden.com

Brent Caslin, Washington State Bar No. 36145
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: 213-239-5100
bcaslin@jenner.com

Debbie L. Berman (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
Clifford W. Berlow (*pro hac vice*)
Hope H. Tone-O'Keefe (*pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: 312-222-9350
dberman@jenner.com
wthomson@jenner.com
cberlow@jenner.com
htoneokeefe@jenner.com

Benjamin T. Halbig (*pro hac vice*)
**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: 628 267-6800
bhalbig@jenner.com

Attorneys for Defendant PeopleConnect, Inc.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION - 12
No. 2:21-cv-01222-MJP

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477